## INDEX OF MATTERS BEING FILED

The following list includes all of the instruments filed in state court as of August 10, 2026 (28 U.S.C. § 1446(a)):

1. Docket sheet as of August 10, 2026

2. Hidalgo County Irrigation District No. 2's Original Petition and Application for Temporary Restraining Order with Exhibits A-C

3. Order Setting Hearing for Temporary Injunction

4. Citation as to Spencer Construction, LLC

5. Citation as to Royal Concrete, LLC

6. Spencer Construction, LLC's Plea to the Jurisdiction, Improper Party Named, Original Answer, and Counter Claim

7. Spencer Construction, LLC's Emergency Motion to Dissolve Temporary Restraining Order

8. Order Setting Hearing on Spencer Construction's Emergency Motion

## COUNSEL OF RECORD CONTACT INFORMATION

Attorneys for Plaintiff Hidalgo County Irrigation District No. 2:
Lance A. Kirby
Jose A. Villarreal
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Blvd., Suite 300
Weslaco, TX 78596
T: (956) 968-5402
E: lakirby@jgkl.com; lrodriguez@jgkl.com
jvillarreal@jgkl.com

Attorney for Defendant Spencer Construction, L.L.P.:
Ruben R. Peña
LAW OFFICES RUBEN R. PENA
5375 Camino de la Tierra
Brownsville, TX 78526
T: (956) 778-3930 (Cellular)
E: ruben@rubenpenalaw.com

4

# Register of Actions (DOCKET SHEET)

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-3626-26-M

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 VS. SPENCER CONSTRUCTION, LLC, ROYAL CONCRETE PRODUCTS, LLC | § § § § § | Case Type: **All Other Civil Cases (OCA)** |
| | | Date Filed: **07/30/2026** |
| | | Location: **476th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **ROYAL CONCRETE PRODUCTS, LLC** | |
| **Defendant** | **SPENCER CONSTRUCTION, LLC** | **RUBEN R. PENA**<br>*Retained*<br>956-496-2060(W) |
| **Plaintiff** | **HIDALGO COUNTY IRRIGATION DISTRICT NO. 2** | **LANCE A. KIRBY**<br>*Retained*<br>956-968-5402(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/30/2026 | **Original Petition (OCA)**<br>*WITH EXHIBITS ATTACHED* |
| 07/30/2026 | **Proposed Order**<br>*GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION* |
| 07/30/2026 | **Sent to Workflow Queue**<br>*PROPOSED ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION* |
| 07/30/2026 | **Temporary Orders Signed**<br>*& ORDER SETTING HEARING FOR TEMPORARY INJUCTION* |
| 07/30/2026 | **Notice Sent**<br>*ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUCTION* |
| 07/31/2026 | **Receipt**<br>*TRO BOND* |
| 07/31/2026 | **CIT/NSC/TRO**<br>SPENCER CONSTRUCTION, LLC      Unserved<br>ROYAL CONCRETE PRODUCTS, LLC      Unserved |
| 07/31/2026 | **Service Issued** |
| 07/31/2026 | **Cover Letter**<br>*REFERENCING THE BOND PAYMENT* |
| 08/05/2026 | **Original Answer and Counter Petition**<br>*PLEA TO THE JURIDSICTION, AND IMPROPER PARTY NAMED* |
| 08/06/2026 | **Motion**<br>*SPENCER CONSTRUCTION, LLC EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER* |
| 08/06/2026 | **Order Setting Hearing**<br>*ON SPENCER CONSTRUCTION, LLC EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER* |
| 08/06/2026 | **Sent to Workflow Queue**<br>*ORDER SETTING HEARING ON SPENCER CONSTRUCTION, LLC EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER* |
| 08/06/2026 | **Order Setting Hearing, Signed**<br>*ON SPENCER CONSTRUCTION, LLC EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER* |
| 08/07/2026 | **Notice Sent**<br>*ORDER SETTING HEARING ON SPENCER CONSTRUCTION, LLC EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER* |
| 08/13/2026 | **Temporary Injunction**  (11:00 AM) (Judicial Officer Lopez-Singleterry, Nereida)<br>*TRO Emergency Motion to Disolve TRO* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Defendant** SPENCER CONSTRUCTION, LLC | | | | |
| Total Financial Assessment | | | | 80.00 |
| Total Payments and Credits | | | | 80.00 |
| **Balance Due as of 08/10/2026** | | | | **0.00** |
| 08/06/2026 | Transaction Assessment | | | 80.00 |
| 08/06/2026 | EFile Payments from TexFile | Receipt # DC-2026-012634 | SPENCER CONSTRUCTION, LLC | (35.00) |
| 08/06/2026 | State Credit | | | (45.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 | | | |
| | Total Financial Assessment | | | 432.00 |
| | Total Payments and Credits | | | 432.00 |
| | **Balance Due as of 08/10/2026** | | | **0.00** |
| 07/30/2026 | Transaction Assessment | | | 432.00 |
| 07/30/2026 | EFile Payments from TexFile | Receipt # DC-2026-012220 | HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 | (295.00) |
| 07/30/2026 | State Credit | | | (137.00) |

# Original Petition and Application for Temporary Restraining Order with Exhibits A-C

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

CAUSE NO. _____

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 | § § § | IN THE DISTRICT COURT |
| vs. | § § | _____JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC AND ROYAL CONCRETE PRODUCTS, LLC | § § § | HIDALGO COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, files this Original Petition and Application for Temporary Restraining Order against Defendant, SPENCER CONSTRUCTION, LLC ("Spencer") and ROYAL CONCRETE PRODUCTS, LLC ("Royal"), and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because he seeks injunctive relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks equitable injunctive relief and monetary relief over $250,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(3).

### PARTIES

3. Plaintiff, HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, is an irrigation district organized and existing under the laws of the State of Texas.

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

4.    Defendant, SPENCER CONSTRUCTION, LLC, is a limited liability company organized under the laws of the State of Arizona and may be served through its registered agent for service of process, Northwest Registered Agent, LLC who has an address of 5900 Balcones Drive, Suite 100 Austin, Texas 78731.

5.    Defendant, ROYAL CONCRETE PRODUCTS, LLC, is a limited liability company organized under the laws of the State of Texas and may be served through its registered agent for service of process, Cesar Perez, who has an address of 5361 N. Abram Rd. Mission, Texas 78574.

## JURISDICTION

6.    This Court has subject matter jurisdiction because Plaintiff seeks monetary relief within the jurisdictional limits of this Court and seeks equitable relief, including temporary and permanent injunctive relief, arising from Defendants' unauthorized entry onto and interference with Plaintiff's property rights.

## VENUE

7.    Venue is proper in Hidalgo County, Texas because the acts and omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas, and the property that is the subject of this lawsuit is located in Hidalgo County, Texas.

## FACTS

8.    Plaintiff is an Irrigation District located in Hidalgo County that provides water to its customers through a network of canals, laterals, pump stations, and control structures that form the district infrastructure. Plaintiff is the owner of the Property at issue by virtue of various duly recorded Property interests as reflected in **Exhibit "A".** Plaintiff owns a 120 foot strip of land with Plaintiff's irrigation canal located on the centerline of the

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

120 foot strip "Property". Plaintiff owns 60 feet on either side of the canal measured from the centerline of its irrigation canal in the area of dispute. Plaintiff has continuously owned, maintained, and exercised exclusive control over the Property, including the canals, irrigation facilities, and related infrastructure located thereon.

9.      On or about July 20, 2026, Spencer began interfering and altering the Property, canals, and related irrigation infrastructure owned and managed by Plaintiff without Plaintiff's consent and without the legal right to do so. Spencer's unauthorized activities included entering upon Plaintiff's Property, performing construction related work including erection of border wall on Plaintiff's Property, storing and maintaining equipment and construction work and altering the condition of Plaintiff's Property. Furthermore, Spencer's construction activities recklessly allowed large amounts of dirt to fall into the irrigation canal thereby interfering with Plaintiff's canals and related irrigation infrastructure.

10.     Beginning on or about the same time, Royal also entered upon Plaintiff's Property without Plaintiff's consent or legal authority. Royal's unauthorized activities included driving concrete trucks across Plaintiff's Property, delivering concrete materials, pouring concrete on Plaintiff's Property in furtherance of the border wall construction, and remaining upon Plaintiff's Property while performing those activities. Royal's continued entry onto Plaintiff's Property constitutes an ongoing trespass and has interfered with Plaintiff's ability to operate, maintain, and protect its canals, easements, and irrigation infrastructure.

11.     On July 21, 2026, Plaintiff sent an email to Spencer notifying it that its entry upon and construction activities conducted on Plaintiff's Property were unauthorized and

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

demanding that Spencer immediately cease all unauthorized activities, including pouring and transporting concrete by Royal, removal of all construction materials, equipment, and personnel from Plaintiff's Property within twenty-four hours. Plaintiff further advised Spencer that, should it fail to comply, Plaintiff would undertake the removal of any remaining materials or equipment and seek recovery of all costs, damages, and expenses incurred as a result of Spencer's unlawful conduct.

12.    Despite Plaintiff's demand, Spencer failed to cease its unauthorized construction activities, remove all construction-related materials or communicate with Royal to stop their concrete related activities on the land. Instead, Spencer requested additional time to remove spoil material resulting from its construction activities and represented that it intended to meet with representatives regarding remediation efforts.

13.    Notwithstanding such representations, Plaintiff continued to receive updated photographs and information confirming that Spencer continued performing construction activities on the property. Plaintiff further received confirmation that Royal continued entering Plaintiff's Property by operating its concrete trucks, delivering concrete materials, and pouring concrete in furtherance of the border wall construction. The activities of Spencer and Royal are depicted in **Exhibit "B" (Photographs)** which show Royal vehicles on the property and Spencer working on the border wall**.**

14. Plaintiff attaches a Verification as **Exhibit "C"** verifying the factual allegations contained herein.

### COUNT ONE — TRESPASS TO REAL PROPERTY

15.    Defendant Spencer Construction, LLC intentionally entered upon Plaintiff's Property and performed unauthorized construction activities, including excavation,

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

installation of border wall components, storage of equipment and materials, and alteration of the condition of the Property, without Plaintiff's consent or legal right.

16.    Spencer's unauthorized entry and construction activities constitute trespass under Texas law. As a direct and proximate result of Spencer's trespass, Plaintiff has suffered damages, including damage to the Property surface, damages to irrigation infrastructure, interference with Plaintiff's operations, and other damages to be proven at trial.

17.    Defendant Royal Concrete Products, LLC intentionally entered upon Plaintiff's Property without Plaintiff's consent, authorization, or legal right by driving concrete trucks and vehicles onto the Property, delivering concrete materials, and pouring concrete in connection with construction activities being conducted by Spencer.

18.    Royal's unauthorized entry and concrete related activities constitute trespass under Texas law. As a direct and proximate result of Royal's trespass, Plaintiff has suffered damages, including interference with Plaintiff's use of the Property, impacts caused by vehicle traffic and concrete operations, and other damages to be proven at trial.

19.    Plaintiff seeks recovery of actual damages, costs, attorney's fees as permitted by law, and all other relief to which Plaintiff is entitled.

## COUNT TWO — REQUEST FOR INJUNCTIVE RELIEF

20.    To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

be measured by any certain pecuniary standard. Furthermore,  the potential loss of rights in real property is a probable, imminent, and irreparable injury that qualifies a party for a temporary injunction. Thus, where a trespass invades the possession of a person's land, or destroys the use and enjoyment of the land, an injunction is a proper remedy. *Savering v. City of Mansfield*, 505 S.W.3d 33 (Tex. App. 2016).

21.    Defendant's continued unauthorized entry and activities constitute an ongoing and continuing threat and trespass to Plaintiff's Property rights and the provision of water to its customers.

22.    Plaintiff has a probable right to relief against Spencer because they have trespassed upon Plaintiff's Property by conducting unauthorized construction activities, altering the condition of the Property, and interfering with Plaintiff's canals and related irrigation infrastructure. Plaintiff is likely to prevail on its trespass claim against Spencer.

23.    Plaintiff has a probable right to relief against Royal because they have trespassed upon Plaintiff's Property by unauthorized entry, operating concrete trucks and vehicles upon the Property, delivering concrete materials, and pouring concrete without Plaintiff's consent or legal authority. Plaintiff is likely to prevail on its trespass claim against Royal.

24.    If Defendants are not immediately restrained, Plaintiff will suffer imminent harm, including continued interference with Plaintiff's irrigation facilities, potential damage to infrastructure, further alteration of the Property and additional costs necessary to repair and restore affected Property.

25.    The harm Plaintiff will suffer is irreparable because damage to irrigation infrastructure, interference with public water management operations, and unauthorized

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

alteration of Plaintiff's Property cannot be adequately compensated solely through monetary damages. Furthermore, the potential disruption or loss of water service to Plaintiff's customers also cannot be fully compensated by damages.

26.     Plaintiff has no adequate remedy at law because Defendants' continued activities create an ongoing risk of additional trespass, damage, and interference that cannot be fully measured or prevented through monetary compensation after the fact. Further, this request involves Plaintiff's real Property rights and Defendants' ongoing physical alteration of Plaintiff's Property, which constitutes harm not adequately remedied through monetary damages alone.

## APPLICATION FOR EX- PARTE TEMPORARY RESTRAINING ORDER

27.     Defendants have not ceased their unauthorized activities or complied with Plaintiff's demands. No attorney for Defendants has corresponded with Plaintiff. Due to the urgency of this matter and the continuing nature of Defendants' conduct, there is not sufficient time to schedule a hearing before further damage occurs. Plaintiff requests that the Court immediately issue a Temporary Restraining Order prohibiting the Defendants, their agents, employees, representatives, contractors, and all persons acting in concert with Defendants from:

a. Entering upon Plaintiff's Property (defined as 60 feet on either side of the centerline of Plaintiff's irrigation canal) without Plaintiff's written authorization;

b. Spencer Construction, LLC, performing any construction, excavation, installation, alteration, modification, or other activities on Plaintiff's Property or conducting activities that cause damage to Plaintiff's Property, canals, ditches, irrigation facilities, or infrastructure;

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

c. Royal Concrete Products, LLC, entering upon Plaintiff's Property, operating concrete hauling vehicles, delivering concrete materials, pouring concrete, or performing any concrete related activities on Plaintiff's Property without Plaintiff's written authorization;

d. Interfering with Plaintiff's ownership, possession, control, management, and operation of its Property and irrigation facilities, including its irrigation canal; and

e. Taking any action that would further impair Plaintiff's Property rights.

28.      Plaintiff has a probable right to recovery because Spencer unlawfully entered upon Plaintiff's Property and conducted unauthorized construction activities affecting Plaintiff's Property and irrigation infrastructure. Plaintiff is likely to prevail on its claims for trespass, injunctive relief, and other relief to which it is entitled.

29.      Plaintiff has a probable right to recovery because Royal unlawfully entered upon Plaintiff's Property, operated vehicles upon the Property, delivered concrete materials, and poured concrete without Plaintiff's consent or authorization. Plaintiff is likely to prevail on its claims for trespass, injunctive relief, and other relief to which it is entitled.

30.      Defendants' activities are ongoing and may continue each day before a hearing can be held. If Spencer is permitted to continue construction activities, including excavation, placement of materials, and installation of border wall components, and if Royal is permitted to continue entering Plaintiff's Property, operating concrete trucks, and pouring concrete, the resulting interference and damage may become permanent and substantially impair Plaintiff's ability to operate and maintain its irrigation system. Accordingly, immediate and irreparable injury will occur before notice can be served and a hearing conducted.

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

31.     Plaintiff has no adequate remedy at law because Defendants' continued trespass, unauthorized entry, and threatened alteration of Plaintiff's real Property cannot be fully compensated through monetary damages alone. Further, Defendants ongoing activities create a continuing risk of damage to Plaintiff's irrigation facilities, Property rights, and operations.

## REQUEST FOR EX PARTE RELIEF

32.     Plaintiff requests that the Court grant temporary relief without prior notice to Defendants because there is insufficient time to provide notice and conduct a hearing before additional damage occurs.

33.     Defendants continued unauthorized activities create an immediate threat of additional damage and interference with Plaintiff's Property rights. Any delay in granting relief may allow Defendants to continue or expand their activities before the Court can conduct a hearing.

## REQUEST FOR TEMPORARY INJUNCTION

34.     After notice and hearing, Plaintiff requests that the Court issue a Temporary Injunction enjoining Defendants, its officers, agents, employees, contractors, representatives, and all persons acting in concert with Defendants from:

a.     entering upon Plaintiff's Property;

b.     conducting construction activities on Plaintiff's Property;

c.     depositing materials on Plaintiff's Property;

d.     altering canals or irrigation facilities;

e.     interfering with or causing damage to Plaintiff's Property;

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

f.      otherwise interfering with Plaintiff's possession, operation, maintenance, and management of its Property until final judgment.

## REQUEST FOR PERMANENT INJUNCTION

35.      Upon final trial of this cause, Plaintiff requests that the Court enter a Permanent Injunction prohibiting Defendants, its officers, agents, employees, representatives, contractors, and all persons acting in concert with Defendants from entering upon Plaintiff's Property, conducting construction activities, altering Plaintiff's irrigation facilities, interfering with Plaintiff's Property, or otherwise trespassing upon or interfering with Plaintiff's Property rights without Plaintiff's written authorization or further order of the Court.

## JURY DEMAND

36.      Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

37.      All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a.      Temporary restraining order.

b.      Temporary injunction.

c.      Permanent injunction.

Electronically Filed
7/30/2026 11:16 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3626-26-M**

d.    Actual damages.

e.    Prejudgment and post judgment interest.

f.    Court costs.

g.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Blvd., Suite 300
Weslaco, TX  78596
(956) 968-5402
(956) 969-9402 – Fax

By:    _____
       LANCE A. KIRBY
       State Bar No.: 00794096
       lakirby@jgkl.com; lrodriguez@jgkl.com
       JOSE A. VILLARREAL
       State Bar No.: 24152263
       jvillarreal@jgkl.com
*Attorneys for Plaintiff, Hidalgo County Irrigation District No .2*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Letty Rodriguez on behalf of Lance Kirby
Bar No. 00794096
lrodriguez@jgkl.com
Envelope ID: 118008724
Filing Code Description: Petition
Filing Description: WITH EXHIBITS ATTACHED
Status as of 7/30/2026 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose A.Villarreal | | jvillarreal@jgkl.com | 7/30/2026 11:16:10 AM | SENT |
| Lance A.Kirby | | lakirby@jgkl.com | 7/30/2026 11:16:10 AM | SENT |

#4 15

WARRANTY DEED CONVEYANCE, & BILL OF G-3626-26-M a RIO GRANDE CANAL COMPANY TO
HIDALGO COUNTY WATER IMPROVEMENT DISTRICT NO. TWO , CONVEYING LANDS, IRRIGATION SYSTEM
PERSONAL PROPERTY, ETC.

STATE OF TEXAS:

COUNTY OF HIDALGO: " KNOW ALL MEN BY THESE PRESENTS: THAT THE LOUISIANS-RIO GRANDE
CANAL COMPANY, A Private corporation, incorporated and existing under and by virtue
of the laws of the State of Texas, hereinafter, for convenience, sometimes designated
Grantor, for and in considerationof the sum of One Million Two Hundred and Fifty Thou-
said ($1,250,000)Dollars, to it paid by HIDALGO COUNTY WATER IMPROVEMENT DISTRICT No.
Two, the receipt whereof is hereby acknowledged, said amount being evidenced and
represented by Twelve hundred and fity (1250) Serial Gold Coupon Bonds of said Hidalgo
COUNTY WATER IMPROVEMENT DISTRICT NO TWO, for the principal sum of One Thousand ($1,000)
Dollars each, all dated December Ist A.D.1920, bearing interest from date, at the
rate of six percentum per annum, payable semi-annually on the first day of June and
the first day of December of each year , until the principal thereof is paid, numbered
respectively, the date of maturity thereof and the aggregate amount of such bonds ma
turing e ch respectively year, being as follows:

| NUMBERS | DATE OF MATURITY | | AMOUNT MATURING EACH year |
|---|---|---|---|
| 4 to 18 | December Ist, | 1921 | 15,000 |
| 22 " 37 | " | 1922 | 16,000 |
| 41 " 67 | " | 1923 | 17,000 |
| 62 " 78 | " | 1924 | 17,000 |
| 83 " 100 | " | 1925 | 18,000 |
| 105 " 124 | " | 1926 | 20,000 |
| 129 " 149 | " | 1927 | 21,000 |
| 155 " 176 | " | 1928 | 22,000 |
| 182 " 206 | " | 1929 | 25,000 |
| 212 " 237 | " | 1930 | 26,000 |
| 243 " 270 | " | 1931 | 28,000 |
| 277 " 305 | " | 1932 | 29,000 |
| 312 " 343 | " | 1933 | 32,000 |
| 351 " 383 | " | 1934 | 33,000 |
| 391 " 426 | " | 1935 | 36,000 |
| 435 " 472 | " | 1936 | 38,000 |
| 481 " 521 | " | 1937 | 41,000 |

PLAINTIFF'S
EXHIBIT

A

C-3626-26-M

DEED 120

532                    120/   532

| 53I | to | 573 | | | ■ | 1938 | | | 43,000 | |
| 583 | ■ | 628 | | | ■ | 1939 | | | 46,000 | |
| 639 | ■ | 686 | | | ■ | 1940 | | | 48,000 | |
| 697 | ■ | 748 | | | ■ | 194I | | | 52,000 | |
| 760 | ■ | 8I3 | | | ■ | 1942 | | | ·54,000 | |
| 825 | ■ | 882 | | | ■ | 1943 | | | 58,000 | |
| 895 | ■ | 956 | | | ■ | 1944 | | | 62,000 | |
| 970 | ■ | I034 | | | ■ | 1945 | | | 65,000 | |
| I049 | ■ | III7 | | | ■ | 1946 | | | 69,000 | |
| II33 | ■ | I205 | | | ■ | 1947 | | | 73,000 | |
| I22I | ■ | I298 | | | ■ | 1948 | | | 78,000 | |
| I3I6 | ■ | I397 | | | ■ | 1949 | | | 82,000 | |
| I4I5 | ■ | I500 | | | ■ | 1950 | | | 86,000 | |

Has GRANTED , BARGAINED, SOLD CONVEYED, TRANSFERRED, ASSIGNED, DELIVERED, SET OVER AND CONFIRMED, and by these Presents does GRANT, BARGAIN, SELL, CONVEY, TRANSFER, ASSIGN DELIVER, SET OVER AND CONFIRM unto said Hidalgo County Water Improvement District NO. TWO. a duly and legally formed, organized, defined, created, established and existing Water Improvement District, under and by virtue of the Constitution and laws of the State of Texas, all properties, real, personal and mixed, the entire irrigation system pumping plants, canals, laterals, flumes, syphons, gates, checks, bridges, telephone lines, houses, buildings and structures, all water rights, and all other rights whatsoever, titles, interests, estates, equities, easements, franchises, privileges, notes, accounts, books, records, furniture, equipment, suits, demands, claims, choses@in-action all personal property, automobiles, wagons, machinery, tools, implements, horses, mules supplies of every kind, character, nature and description whatsoever, and whereever si-. tuated and from whatever source acquired, now owned by said LOUISIANA-RIO GRANDE CANAL COMPANY, or to cwhich it may be in any manner entitled, and, without at all limiting, restricting or affecting the generality or comprehensiveness of the foregoing, the following property is intended to be and shall be included, to@wit:

FIRST LANDS.

ALL Lands of whatever description and from whatever source acquired, now owned by Grantor, or to which it may be in any manner entitled, situated in the County of Hidalgo State of Texas, and in, out of and forming part of any or all of the several larger tracts, porciones or Grants of land in said County, hereinafter mentioned, and also all rights, titles, interests, estate, equities, easements of whatever kind and charac ter and from whatever source acquired, now owned by Grantor, or to which it may be in any manner entitled, in and to the following described lands or any part thereof, to wit:

Porcion Sixty-four (64), Juan Antonio Villareal, original Grantee, Porcion Sixty-six (66) Jose Felix Hinojosa, original Grantee, Porcion Sixty-seven (67), Domingo Fonseca, original Grantee, Porcion Sixty-eight (68), Gregorio Camacho, Original Grantee Porcion Sixty-nine (69) Juan Jose. Hinojosa, original Grantee, Porcion Seventy (70) Antonio Velasco, original Grantee, Porcion Seventy-one (7I), Narciso Cavazos, Original Grantee, Porcion Seventy-two (72) Jose Maria Balli, original Grantee, the Los Torritos Grant, Maximo Dominguez, original Grantee, the Santa Ana Grant, Benigno Leal, original Grantee, and the El Gato Grant, Juan Jose Trevino, Original Grantee, reference being now here made to the Deed to Surveyors Records of Hidalgo County, for a more particular description of said Porcioners or Grants, and Reference is/now made to the several

C-3626-26-M

DEED 120

533

120/ 533

deeds and conveyances from sundry parties to the LOUISIANA-RIO GRANDE CANAL COMPANY, and the record thereof, in the Deed or other records of Hidalgo County, all of which are made part hereof, for a more particular description of said lands, but this conveyance is not limited thereto, but shall convey all lands, rights, titles, interests, and easements now owned or held by Grantor, whether acquired by deed, limitation, or otherwise, and without regard as to whether Grantor holds deed or conveyance to such land, or whether or not the same is recorded.

SECOND- TOWN LOTS.

All those certain tracts, pieces or parcels of land or town lots lying and being situated in and forming part of the town of Pharr, in said County of Hidalgo, State of Texas, and more particularly described as being lots number One (I), two (2), three (3), four (4), five (5) in and of Block number Twenty (20), and lots numbers- twenty-one (21) and Twenty-two (22) in and of Block fifty (50), of said town of Pharr, as shown by official map and plat of said town made by E.M. Card, Civil Engineer and Surveyor, in September 1911, and the record thereof, in Volume____at pages____ of the Map Records of said Hidalgo County, now here referred to and made a part hereof.

THIRD- FARM LANDS.

All those certain tracts, pieces or parcels of land lying and being situated in said County and forming part of one or the other as the fact may be, of Porcion seventy-one (71) Narciso Cavazos, original Grantee, and Porcion Seventy-two (72), Jose Maria Balli, original Grantee, and respectively described on a certain map and plat of the Resubdivision of lands in said Porciones, of record in Volume II, pages 64-65, of the Map Records of Hidalgo County, now here referred to and made a part hereof, as follows:

1st. Tract; All that certain tract, piece or parcel of land containing fourteen (14) acres out of and forming part of lot one (I) in and of Block Fifteen (15); said fourteen acre tract being bounded on the north by a certain other tract, containing eleven (11) acres of said lot One (I), Block Fifteen (15) and on the south by another tract containing eleven (11) acres of said lot and Block.

2nd Tract: All that certain piece, parcel or tract of land containing Twenty (20) acres in, out of and forming part of said Porcion Seventy-two (72) known as, called and being the South Twenty (20) acres of Lot Eleven (11) Block One (I) of said Subdivision of said Porcion Seventy-two (72) as shown on said map and plat of the Resubdivision of lands in said Porciones, and its record as aforesaid, now here referred to and made a part hereof.

3rd. Tract: All that certain piece, parcel or tract of land containing Five and nine hundredths (5.09) acres, in, out of and forming part of said Porcion Seventy-one (71) known as, called and being the five and nine hundredths (5.09) acres out of the South Half of Lot Five (5), Block Five (5), of said Subdivision of said Porcion Seventy-one (71), and being more particularly described in the Deed from the Sheriff of Hidalgo County to the Louisiana -RioGrande Canal Company dated day____day of____A.D.19__,recorded in Volume____on page____in the Deed records of Hidalgo County, now referred to and made a part hereof.

4th. Tract: All those certain tracts, pieces or parcels of land containing the aggregate Twenty (20) acres, more or less, in, out of and forming part of said Porcion Seventy-one (71), known as, called and being the North one and thirty-six hundredths (1.36) acres of Lot Three (3), Block Seventeen (17), all of Lot Eight (8), containing

C-3626-26-M

[ DEED 120 ]

534

534    120

Four and and sixty-six hundredths (4.66) acres Block Seventeen (17), all of Lot Nine

(9), containing four and sixty-six hundredths (4.66) acres of said Block Seventeen (17),

all of Lot Twelve (12), containing Four and sixty-six hundredths (4.66) acres of said
all of lot Thirteen (13), containing Four and fifty-six hundredths (4.66) acres of said Block Seventeen (17)
Block Seventeen (17) of the subdivision of said Porcion Seventy-one (71). Said Block be

Seventeen (17) being generally known as and called the Langley Subdivision of said Por_

cion Seventy-one (71), reference being now here made to the Subdivision and maps of said

Porcion for a greater  certainty of description of said property.

FOURTH-PUMPING SITES.

Ist. Tract.

All that certain tract, piece  or parcel of land lying and being situated in the

County of Hidalgo, State of  Texas, out of and forming part  of Porcion Sixty-four(64)

and more particularly described as follows, to-wit:

Beginning at a hub Bor the Northwest  corner  of this survey from which the S.W.

corner of the Hidalgo Public School yards bears N. 68 degrees 26' E 275.5 feet, and the

S.E. corner of the Protestant Church bears  N 68 degrees 05' E. 55.1 feet, and running .

thence S. 64 degrees 06' W..at 384 feet the Military Road, at 452 feet a hub on the

bank of the  Rio Grande for the S.W. corner of this survey. Thence down the RioGrande

with its meanders  S. 18 degrees  45' E. 235.2  feet S. 33 degrees 05' 255.2 feet to a
at 230 feet the Military Road 452 feet a hub for the n.e. corner
hub for the S.E. Corner of this survey. Thence N. 64 degrees 05' $\theta$n corner of this sur

vey. Thence along  the N. line of this survey N. 25 degrees 55' W 466.7 feet to the

place of beginning, estimated to contain Five  (5) acres, more or less. Variation 8 de

grees 27'.,

2nd. Tract.

All those  certain tracts, pieces or parcels of land in said County, out of and

forming part of one or the  other or both, as the  case  may be, of Porcion sixty-

six  (66), Jose Felix de Hinojosa, original Grantee, and Porcion sixty-seven (67) Domingo

Fonseca, original Grantee, and more particularly described as  follows:

(1) All that certain tract, piece  or parcel of land containing nine and seventy-

three hundredths (9.73) acres out of and  forming part  of Lot Three (3) Block Seven-

teen (17), of the  Steele and Pershing Subdivision of Porcion sixty-six (66) and es

sixty-seven (67); as shown by the map and plat thereof and the record thereof. in Volume

8, on page 109 of the Deed Records of Hidalgo County, Texas, and  more particularly meted

bound and described as follows:

-Beginning at a stake in the line common to Blocks 16 and 17, of Steele and Pershing

Subdivision of Porcion 66 and 67; South 81 degrees 25' minutes east 150 feet from

a post in the West line of said Subdivision, marked 16/17, said stake being also at the

intersection of the East right-of-way line of the Main Canal of Louisiana Rio Grande

Canal Company and said line common to Blocks 16 and 17; Thence with the East right-of-

-way line of said Louisiana-Rio Grande Canal Company's Main Canal South 8 degrees 35 mi

nutes West 537.2 feet to the  Northwest corner of a five acre tract of land  purchased

by Louisiana-Rio Grande Canal Company; Thence with the North line of said tract south

81 degrees 25 minutes East  467.4 feet to  the Northeast corner  of said tract; Thence
Corner of said tract Thence South 81 degrees 25 minutes east
south 8 degrees 35 minutes West 466 feet to the SouthEast, 172.6 feet to a stake; Thence

North 8 degrees 35 minutes East  1003.2 feet to the North line of Lot 3, Block 17;

Thence with said line North 81 degrees 25 minutes West 640 feet to the place of begin-

ning, containing nine and seventy-three one hundredths (9.73) acres, being all out of

the West half of Lot 3, Block 17, of Steele and Pershing subdivision of Porciones    66

and 67.

C-3626-26-M

{ DEED  120 }

535.

535

(2) All that certain tract, piece or parcel of land containing five (5) acres, more or less, out of and forming part of Lot Three (3) Block Seventeen (17), of the said Steele and Pershing subdivision of Porciones sixty-six (66) and sixty-seven (67) as shown by said map, and more particularly meted, bound and described as follows:

Beginning at a stake in the line common to Block 16 and 17 of said Steele and Pershing Subdivision of Porciones 66 and 67, said point in stake being south 81 degrees 25 minutes East 150 feet from a post in the West line of said Subdivision, originally marked 16/17; said stake being also at the intersection of the East right-of-way line of the Main Canal of the Louisiana-Rio Grande Canal Company as there now located and constructed, and said line common to said blocks 16 and 17, and said point being also the Northwest corner of a certain other tract of land containing 9.73 acres herein before described; thence with the East right-of-way line of said Louisiana-Rio Grande Canal Company's Main Canal South 8 degrees 35 minutes West 537.2 feet to a point and a stake set for and being the northwest corner of the five-acre tract of land now herein described and generally known as and called the Louisiana-Rio Grande Canal Company's original Five-Acre Second Lift Pumping Site Tract and said point and stake being also a southwest corner of said five-acre tract herein before described; thence South 81 degrees 25 minutes East 467.4 feet to a point and stake set for and being the Northeast corner of said five-acre tract; thence South 81 degrees 35 minutes West 466 feet to a point and/stake set for and being the Southeast corner of said Five-acre tract, and being also the Southwest corner of said 9.73 acre tract; thence North 81 degrees 25 minutes West 467.4 feet to a point and stake in the East right-of-way line of said Louisiana-Rio Grande Canal Company for and being the of said Main Canal Southwest corner of said five-acre tract of land; thence North 8 degrees 35 minutes East with and along the right-of-way of the Main Canal of the Louisiana-Rio Grande Canal Company as there now located and constructed, 466 feet to said Northwest corner of said five-acre tract.

(3) All that certain tract, piece or parcel of land containing twenty (20) acres out of and forming part of Lot Four (4), Block Seventeen (17) of the said Steele and Pershing Subdivision of Porciones 66 and 67, as shown by said map and more particularly meted, bound and described as follows:

Beginning at a post, said post being a common corner of Lots 4 and 5, Block 17, and Lots 2 and 3, Block 18, of said Steele and Pershing Subdivision and running thence along the common boundary line of lots 4 and 5, Block 17, of said Steele and Pershing Subdivision North 8 degrees 35 minutes East 660 feet to a point and stake set for the Northeast corner of this twenty-acre tract. Thence, North 81 degrees 25 minutes West 1320 feet to a point and stake set on the West line of said Lot 4, Block 17 of said Steele and Pershing subdivision same being the North West corner of this twenty-acre tract. Thence, along the West line of said Lot 4, Block 17, of said Steele and Pershing subdivision South 8 degrees 35 minutes West 660 feet to a point and stake same being the south west corner of Lot 4, Block 17 and the North West corner of Lot 3, Block 18 of said Steele and Pershing Subdivision. Thence, along the south line of said Lot 4, Block 17 of said Steele and Pershing Subdivision south 81 degrees 25 minutes East 1320 feet to the place of beginning, containing twenty acres more or less.

FIFTH-MAIN CANAL.

All those certain tracts, pieces or parcels of land in said County, out of and forming part of one or the other, or all, as the case may be, of said Porciones Sixty-four (64), sixty-five (65), and sixty-six (66), and respectively and more particularly

## C-3626-26-M

DEED  120

536..                        ≈o    5-3 6

meted, bounded and described as follows, to-wit:

Ist Tract; All that certain tract, piece or parcel of land containing fifteen and
eighty-five (I5.85) acres more or less, out of said Porciones 64 and 65;

Beginning at a hub in the West line of the Hidalgo Canal Company land and the East
line of the McAllen and Young lands, and running thence north 58 degrees 07 minutes
West 2858.I feet to a corner of this survey; thence North 70 degrees 53 minutes West
777.4 feet to a point on the East line of a five-acre tract North 64 degrees 05
minuted East I06 feet to the Northeast corner of the five-acre tract and an inside
corner of this survey; thence along the North line of said tract North 25 degrees 55
minutes West I06 feet to a point for the Northwest corner of this survey; thence south
70 degrees 53 minutes East 794.2 feet to a corner of this survey; thence souuth 58
degrees 07 minutes East 3800.3 feet to a point on the Hidalgo Canal Company and (Mc-
allen and Young) division line for the Northeast corner of this survey; thence along
said division line south 8 degrees 35 minutes West I63.2 feet to the place of begin-
ning; variation 8 degrees 27 minutes East. Estimated to contain I5.85 acres, more or
less.

2nd. Tract; All that certain tract, piece or parcel of land containing fourteen and
twenty hundredths (I4.20) acres, more or less, lying and being situated in and forming
part of Porciones sixty-five (65) and sixty-six (66) in said County,and more parti-
cularly meted, bounded and described as follows, to-wit:

Beginning at a point in the line between Jas and Jno. McAllen and Trotti, 75
feet south of the center line produced of a canal of the Louisiana Rio Grande Canal
Company constructed on the land of said McAllen, and being at or near the North side
of the Military Road; thence south 57 degrees 59 minutes 88.9 feet; thence following
a circular curve to the left having a radius of I985.08 feet through 52 degrees 06
minutes of Arc; thence North 69 degrees 55 minutes East 2.8 feet; thence follow-
ing a circular curve to the left having a radius of I865.73 feet through 38 degrees I3
minutes of Arc to the line between said Trotti and the assigns of G.Bedell Moore;
thence with the line of said Moore and Trotti North 8 degrees 35 minutes East 732.27
feet; thence with a circular curve to the right tangent to the last described land and
running with a southern extension of said curve, said curve having a radius of I7I5.73
feet through 6I degrees 20 minutes of Arc; thence south 69 degrees 55 minutes West
2.8 feet; thence with a circular curve to the right having a radius of I835.08 feet through
52 degrees 06 minutes of Arc; thence North 57 degrees 59 minutes West I53.9 feet to
the line of said Trotti and McAllen; thence with their line south 8 degrees 35 minutes
West I63.5 feet to the beginning containing II.3 acres, 4.8 acres being in Porciones
and also all of the triangular shaped tract to the left-line
65, and 6.5 acres being in Porcion 66, Hidalgo County, between the North side of the
Military Road and the Canal of the Louisiana Rio Grande Canal Company to be constructed
as above described, containing two acres of land more or less, of which the following
is a description; Beginning at the intersection of the Southeast line of right-of-way
of Louisiana Rio Grande Canal Company's Canal and the middle line of Porcion 66; thence
South 8 degrees 35 minutes West 553 feet to the Military Road; thence on the North
side of said Road South 79 degrees 20 minutes West 629 feet to the south line of the
right-of-way of said canal; thence with the said right-of-way(being a circular curve
to the left with a radius of I865.73 feet) to the beginning, containing 2.90 acres,
the same being a part of Porcion 66, Hidalgo County,Texas.

3rd. Tract; All that certain tract, piece or parcel of land containing Twenty-
two and ninety-three hundredths acres, more or less, in, out of and forming part of

C-3626-26-M

DEED  120

537٠

said Porciones sixty-four (64), sixty-five (65) and sixty-six (66), more particularly meted, bounded and described as follows:

100 feet off East side of Lot number 16, Section 6, containing 3 acres / of land and a strip of land 75 feet wide off of the East side of lot number 8, Section 4, lots numbers 9 and 16, Section 2, and lots numbers 1,4 and 5, and 8, Section 1, containing 2.27 acres off of each lot or/total of 15.89 acres. Also a 75 foot strip off of the East and southtside of lots number 9, 12 and 1$^1$ of Section 1, Hidalgo Canal Company's land; being a strip of land extending westward and northward to a line parallel with, and 75 feet distance from the following described land; Beginning at the original Northeast corner of lot number 9, Section 1, Hidalgo Canal Company's subdivision on the West Line of the Louisiana Rio Grande Main Canal right-of-way; thence with said West line of right-of-way as follows: South no degrees 49 minutes East (Magnetic) 6 500 feet to point of curve of said canal right-of-way; thence curving to the said right-of-way Westward and Northward cross the South line of Lot number 9, Section II, approximately 1050 feet East of its Southwest corner, crossing the East line of lot number II, 715 feet more or less, from the Northeast corner of same, at 4090 feet more or less, to the West line of Lot II, section I, Hidalgo Canal Company's slands 502 feet, more or less, from the Northwest corner of same, containing 7.4 acres more or less. All of the land herein conveyed being the Hidalgo Canal Company's subdivision of their lands in Porciones 64,65 and 66, Hidalgo County,Texas.

4th: Tract All that certain piece, tract or parcel of land containing nine and nine one-hundredths (9.09) acres, in, out of and forming part of said Porciones Sixty-four (64),sixty-five (65) and sixty-six (66) and more particularly meted, bounded and described as ffollows:

Nine and Nine one-hundredths(9.09)acres being a strip of land occupied by the Louisiana Rio Grande Canal Company's new Main Canal on the East side of the south Half (S½) of Section Four (4) and the North half (N½) of Section Three (3), being a portion of a certain tract of land containing 709 acres situated near McAllen, Hidalgo County Texas, and known as the Brasted Plantation, being out of the Ha. U. de los Rios, J.A Villareal and J.F. Hinojosa surveys, out of the Hidalgo Canal Company's subdivision of lands in Porciones 64-65-66, a plat of said lands being recorded in the Real Estate Records of Hidalgo County,Texas ; said 9.09 acres hereby conveyed being described by metes and bounds as follows, to-wit: Beginning at the original Northeast corner of Lot Nine (9), Section Four (4), of the Hidalgo Canal Company's subdivision for the ~~Section Four (4) of the Hidalgo Canal Company's subdivision for the~~ Northeast corner of this survey; thence Magnetic W.with the North line of said lot, a distance of 75 feet, for the Northwest corner of this tract; thence Magnetic South a distance of 5280 feet to the southwest corner of Lot no. 8, Section 3, of the Hidalgo Canal Company's lands for the Southwest corner of ~~said Lot 8, Section 3, for the Southeast corner hereof;~~ thence Magnetic North 5280 feet to the place of beginning, containing 9.09 acres.

5th Tract All that certain tract, piece or parcel of land containing one hundred and forty-three and five one-hundredths (143.05) acres, in, out of and forming part of Porcion sixty-six (66), more particularly meted, bounded and described as follows:

Beginning at a point south 8 degrees 35 minutes West 1680.3 feet and South 81 degrees 25 minutes East 40 feet from a post marked 27-27, being the corner of lots 3 and 4 of Steele and Pershing's Subdivision of Porciones 66 and 67; thence south 81 degrees 25 minutes East 130 feet; thence North 8 degrees 35 minutes East 26760.3 feet

C-3626-26-M

DEED 120

538

to the North line of Block 18 of said subdivision; thence North 8I degrees 25 minutes West 20 feet; thence north 8 degrees 35 minutes East (passing the north line of Block 9 at 24544 feet) 250I8 feet; thence North 8I degrees 25 minutes West II0 feet to a point on the West side of a 40 foot road on the East side of the middle line of Porcion 66; thence with the said road south 8 degrees 35 minutes West 5I778.3 feet to the beginning containing I43.05 acres in Porcion 66.

6th Tract; all that certain tract, piece or parcel of land containing Eight and seventy-three hundred (8.73) acres out of and forming part of Porcion sixty-six (66), more particularly meted, bounded and described as follows;

A strip of land 96 feet wide bounded on the West by the right-ow-way of Main Canal as reserved by the Estate of G. Bedell Moore and being off the Western side of the following described lots of Steele and Pershing's subdivision of Porciones 66 and 67 to-wit: Lot 3 Block 22, Lot 4, Block 20, Lot 3, Block I9, containing in all 8.73 acres being a part of Porcion 66.

7th Tract: All that certain tract, piece or parcel of land containing fourteen and fifty-six one-hundredths (14.56) acres, in, out of and forming part of said Porcion Sixty-six (66), more particularly meted, bounded and described as follows:

A strip of land 96 feet wide bounded on the West by the Main Canal Right-of way, as reserved by the Estate of G.Bedell Moore, said strip being off the Western side of the following described lots of Steele and Pershing's subdivision of Porciones 66 and 67, to-wit: Lots 3 and 4, Block 24, Lot 4, Block 2I, Lot 3, Block 20 and Lot 4, Block I8 containing I4.56 acres being part of Porcion 66.

8th Tract All that certain tract, piece or parcel of land containing Twenty-three and twenty-seven one-hundredths (23.27) acres, in, out of and forming part of said Porcion Sixty-six (66), more particularly meted, bounded and described as follows:

A Strip of land 96 feet wide off the Western side of the following described lots of Steele and Pershing's subdivision of Porciones 66 and 67, said strip being bounded on the West by the right-of-way so reserved by the Estate of G.Bedell Moore, to-wit: Lots 3 and 4 Block 25; Lots 3 and 4, Block 23; Lot 4, Block 22; Lot 3, Block 2I; Lot 4, Block I9 and Lot 3, Block I8, containing in all 23.27 acres, being a part of Porcion 66.

SIXTH LATERAL "A".

Ist Tract: All that certain tract, piece or parcel of land containing three and eighty-six one hundredths (3.86) acres in, out of and forming part of said Porcion sixty-six (66), more particularly meted, bounded and described as follows,

Beginning at a point on the Main Canal, 65.75 feet S. 8 degrees 35 minutes W. from the intersection of said right-of-way and the middle line of Lateral "A" of the Louisiana-Rio Grande Canal Company's irrigation system, now constructed, and being I3I2 feet S 8 degrees 35 minutes west from the intersection of the line between lots three (3) and four (4), Block Twenty-seven (27) of the Steele and Pershing Subdivision of Porciones sixty-seven and the east half of sixty-six (66); thence east I294.5 feet to the line of lots four (4) and five (5), Block Twenty-seven (27); thence with said line N. 8 degrees 35 minutes E. I3I.5 feet thence west I294.5 feet to said Main Canal right-of-way; thence south 8 degrees 35 minutes W I3I.5 feet to the beginning, containing 3.86 acres in Porcion 66.

2nd. Tract; All that certain tract, piece or parcel of land containing Eight and eighty one hundredths acres (8.80) in, out of and forming part of said Porciones sixty six (66) and sixty-seven (67), more particularly meted, bounded and described as

C-3626-26-M

DEED · 120

539·

follows:

Beginning at a point in   the line of lots four (4) and Five (5), Block Twenty
seven (27), of Steele & Pershing's subdivision of Porcion Sixty-seven And East one-half
of Porcion sixty-six, south 8 degrees 35  minutes West, 65.75 feet from the  · intersec
tion of said line with the middle line of Lateral "A" of the Louisiana-Rio Grande Canal
Company's irrigation system now constructed; thence  East 1824 feet; thence south 85 ·
degrees 04 minutes East, 1330.7 feet; thence south 63 degrees 24 minutes East, 85.1
feet to the line  of Porciones 67 and 68; thence with said  line North 8 degrees thirty-
five (35) minutes East 136.8 feet; thence North 63 degrees  24 minutes West, 69.3 feet
thence North 85 degrees 04 minutes East 1359.1 feet; thence west 1529.6 feet to the line
of Lots Four (4) and five (5) Block Twenty-seven (27) of said subdivision; thence
with said line south 8 degrees 35  minutes West, 131.5 feet to the beginning, contain-
ing 8.80 acres, 0.02 acres being in Porcion 66 and 8.78 acres in   Porcion 67.

3rd. Tract; All that  certain tract, piece or·parcel of land containing Four  and
fifty-eight  one hundredths (4.58) acres in, out of and  forming part of said Porcion
Sixty-eight (68), more particularly meted, bounded and described as follows:

Beginning at a point on  the North side of the Military Road and  in the line
of Porciones sixty-seven  (67) and sixty-eight (68); thence south 63 degrees, 25 min-· ·
utes East 1535.8 feet; thence North 8 degrees 35 minutes East 136.7 feet; thence North
63 degrees 25 minutes West 1535.8 feet; thence south 8 degrees 35 minutes East 136.7
feet to the beginning, containing 4.58 acres.

4th Tract; All that certain tract, piece or parcel of land containing Four and
fifty-two one hundredths  (4.52) acres in, out of and forming part  of said Porcion
sixty-eight (68), more particularly meted, bounded and described as follows:

Beginning at a  point in the line of Porcion sixty-eight (68) and sixty-nine
(69), North 8 degrees 35 minutes East  61 feet  from the corner fence post on the
North side of the Military Road; thence  North 8 degrees 35 minutes East 130 feet, thence
with a curve to the   right, tangent to a line  bearing North 81 degrees 29 minutes with
the curve, having a radius of 1845.08 feet through 18 degrees 4 minutes of arc; thence
North 63 degrees  25 minutes West 936.2 feet, thence south 62 degrees  25 minutes East
894.3 feet; thence with a circular curve to the   left, having a radius of 1975.08 feet
·through 18 degrees of arc to the beginning, containing 4.52 acres.

5th Tract; All that  certain tract, piece or parcel of land containing Four and
thirty-two one hundredthes (4.32) acres in, out of and  forming part  of said Por-
cion sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at a point in the line between  Porciones 68 and  69,  and which is
south 8 deg. 25' West 1560.3 feet from a post  the S.W.  corner  of Lot 404 of  Pharr
Bros. and Associates, subdivision of Porciones 69 and  70, thence with the North edge
of the New Military Road south 81 degrees  25 minutes East 1446.2 feet to the southwest
corner of Lot 403 of said subdivision, being also the East line of the  Cantu Home-
stead  tract; thence with said line and said Lot 403 North  8 degrees 25 minutes East ·
130 feet; thence North 81 degrees 25  minutes West 1446.2 feet; thence south 8 degrees
25 minutes West 130 feet to the beginning, containing 4.32 acres, in·Porcion 69, Hidalgo ·
County, Tex s.

6th Tract. All that certain  tract, piece or  parcel of land containing Eleven ·
and forty-four one hundredths  (11.44) acres  in, out of and forming part of said
Porcion sixty-nine (69), more particularly meted,  bounded and described as follows:

**C-3626-26-M**

DEED  120

540

540

Beginning at a    point in East line of B.K. Michael, which is N. 8 degrees 25 minutes E 6I feet  and S. 8I degrees 35 minutes E I446.2 feet from a post in the   line of Porciones 68 and 69 on the North side of the Military Road; thence S. 8I degrees 35 minutes E. 3833.8 feet to the middle of a road one mile east  from and parallel with the West line of Porcion 69; thence  with   said road N. 8 degrees 25 minutes E I30 feet; thence N 8I degrees 35· minutes West 3833.8 feet to the   E line of said Michael; thence S 8 degrees 25 minutes W I30 feet to the beginning containing II.44 acres in Porcion  69.

7th Tract; All that certain tract, piece or parcel of land containing Ten and eighty-eight one hundredths (I0.88) acres in, out of and forming part of said Porcion sixty-nine (69), more particularly meted,  bounded and described as follows:

Beginning at the intersection of a road one mile to the eastwart from and parallel with the west line of  Porcion 69, and the north line of the New Military Road1 thence S 8I degrees 35 minutes, East 897.9 feet ; thence following a curve to the left having a radius of 5795 feet through I6 degrees  22 minutes of   arc; thence North 82 degrees 03 minutes East I093.4 feet to the   line of Jno. Closner; thence with his line North 8 degrees 29 minutes East I35.5 Feet; thence  south 82 degrees 03 minutes West II3I.6 feet; thence with a curve to the  right having a radius of 5665 feet through I6 degrees 22 minutes  of arc; thence North 8I degrees 35 minutes East 897.9 feet, to the middle of said road; thence with said road South 8 degrees 25 minutes West I30 feet to the beginning, containing I0.88.

, 8th Tract: All that certain tract, piece  or parcel of  land containing Five and Seventy-three one hundredths (5.73) acres in, out of and forming part of said Porcion Seventy (70), more particularly meted, bounded and   described as follows: Beginning

Beginning at a   point in the east line of J. C. Kelley, and  S. 8 degrees  25 minutes West  67.75 feet  from the intersection of the middle of lateral "A" now construc ted, and said Kelly's lines thence N 82 degrees 03 minutes, E I9I9.5 feet to the line of   Porcion 70 and 7I about 600 feet North  of the Military Road; thence  with said line N 8 degrees 29 minutes E I35.5 feet; thence S 82 degrees   03 minutes W I9I9.5 feet to said Kelly's line; thence with his line S. 8 degrees 25 minutes W.   I35.5 feet to the beginning  containing 5.73 acres in Porcion 70. .

9th Tract; All that certain tract, piece   or parcel of land containing Thirty-seven one hundredths (0.37) acres in, out of and forming part of said Porcion Seventy-one (7I),  more particularly meted, bounded and  described as follows:

Beginning at the N.E. corner  of the lands of Pedro Garza, being  I25 varas N 8 degrees 25 minutes E. from the said Garza's S.E. corner on the Military Road, also being N. 8 degrees 25 minutes E. 45  feet from the intersection of the East line of said Garza with the middle line of Lateral "A" of the Canal System of the La Rio Grande Canal Company; thence with Garza's north line (being parallel to the Military Road) S. 82 degrees 4I minutes W. I50 feet, to the said Garza's N.W. corner; thence with said Garza's west line S. 8 degrees 25 minutes W. II4.I feet; thence N 82 degrees 09 minutes E I50 feet to said Garza's East line; thence N. 8 degrees 25 minutes E. II2.7 feet to the beginning, containing 0.37 acres in Porcion Seventy-one (7I).

(I0th Tract: All that certain tract, piece   or parcel of land containing Two and Forty-five one hundredths (2.45) acres in, out of and forming part of said Porcion Seventy-five one hundredths (2.45) acres in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows1

## C-3626-26-M

( DEED   120 )

541

Begin  Beginning at that point where the center  line produced of Lateral "A" of the Louisiana-Rio Grande Canal Company's Irrigation System, as  now constructed, would intersect the west line of the tract of land in said Porcion 70, now owned and occupied by the Grantors, and  known as  the William Brewster land, of which the land hereby conveyed forms a  part; thence with said Brewster west  line  N 8 degrees 29 minutes East 88 feet to the Northwest  corner of said Brewster Tract; thence north 86 degrees E. 907.5 feet to the Northeast corner of said Brewster tract; thence south 8 degrees 29 minutes West 89.2 feet; thence south 82 degrees 03 minutes W. 909.7 feet to the west line of said Brewster Tract; thence North 8 degrees 29 minutes E. 66.6 feet to the place of beginning, containing 2.45 acres of land/ .

SEVENTH LATERAL "B".

1st Tract; All that certain tract, piece or parcel of land containing four and six one hundredths (4.06) acres in, out of and forming part  of said Porcion sixty six (66), more particularly meted, bounded and described as follows;

Beginning  at a point in the E line of  the right of way of the Main Canal of the Louisiana Rio Grande Canal Company  and being  1.7 feet northward from  the S. line of Lot  8, Block 20, of Steele and Pershing's subdivision Porciones 66 and  67; thence N 68 degrees 35 minutes E 883.9 feet; thence with a curve to the right having a radius of 2800 feet through 9 degrees 51' of arc to the line between lots 4 and 5, Block 20 of said subdivision; thence with said line N 8 degrees 35 min. E 137.3 feet thence with a curve to the left and westward tangent at its initial point to a line bearing S 80 degrees 12.5' W through 10 degrees 45' of arc, thence S 68 degrees 35' W 808.9 feet to the line of said right-of-way; thence with said Right-of-way S 8 degrees 35 ' W 150.1 feet to the beginning containing  4.06 acres, being in Porcion 66.

2nd Tract: All that certain tract, piece or  parcel of land containing nine and twenty-five hundredths (.9.25) acres. in, out of and forming part of said Porciones 66 and 67,  more particularly meted, bounded and described as follows:

Beginning at a  point  in the line between Lots four and Five, Block Twenty of Steele and Pershing's subdivision of Porciones 66 and 67; thence with a a  curve to the right  and eastward  tangent in its  initial point to a line bearing North 79 degrees 21.5' east, having a radius of 2800 feet through 23 degrees  09 minutes of arc; thence  south  78 degrees 25' east 1332.4 feet; thence south 78 degrees  25'. East; 1332.4 feet thence following a curve to the right  having a radius of 2800 feet through  10 degrees 20' of arc to a   point  in the line of Porciones 67 and 68 which is south 8 degrees 35  minutes West; 460, feet from a post the corner of Lots 1 and 8, Block 20 of said subdivision;  thence  following a curve to the left and Westward having a radius of 2950 feet, and  being tangent  at its initial point to a  line bearing  North 69 degrees 33 minutes West through 8 degrees 52 minutes  of arc; thence North  78 degrees  25 minutes East, 1332.4 feet; thence with a curve to the left having a radius of 2950 feet through  22 degrees 15  minutes  of arc; to the  line between said  lots 4 and 5, Block 20; thence with the line of said  lots; south 8 degrees 35  minutes West, 137.3 feet to the beginning containing 9.25 acres, 9.22 acres in Porcion 67  and 0.03 acres  in Porcion 66. This being a strip of land 150 feet wide, the middle line of which is the middle line of Lateral "B" across lots 4 and 5, Block 20 of Steele and Pershing's subsivision of Porciones 66 and 67.

3rd. Tract; All that certain tract, piece  or parcel of land containing  four and seventy-one hundredths (4.71) acres  in, out of and forming part of said Porcion sixty-eight (68) more particularly meted, bounded and described as follows:

**C-3626-26-M**

DEED 120

Beginning at a point in the line of Porciones 67 and 68 south 8 degrees 35 minutes 460 feet from a post the corner of lots I and 6, Block 20 of Steele and Pershing's subdivision of the Santa Cruz Plantation; which point is on a circular curve having a radius of 2799.9 feet, being tangent to a line bearing south 67 degrees 5 minutes East; thence following to the East and to the right through I4 degrees 40 minutes of arc; thence south 53 degrees 25 minutes East 657 feet; thence following a circular curve to the left, having a radius of 70I.6 feet through I5 degrees I2 minutes of arc; thence North 8 degrees 35 minutes East I35.2 feet; thence following a circular curve to the right having a radius of 57I,6 feet, being tangent to a line bearing North 65 degrees 28 minutes West through I2 degrees 3 minutes of arc; thence N 530 degrees 25' west 657 feet; thence with a circular curve to the left, having a radius of 2929.9 feet through I6 degrees 8 minutes to the line of Porciones 67 and 68 thence South 8 degrees 25 minutes West I33.2 feet to the beginning, containing 4.7I. ac.

4th Tract; All that certain tract, piece or parcel of land containing four and fifty-three hundredths (4.53) acres in, out of and forming part of said Porcion sixty eight (68), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Porciones 68 and 69, 65I feet south 8 degrees 35 minutes West from a post marked "A" 33 at the corner of lots 28I and 296 of Pharr Brothers and Associates Subdivision of Porciones 69 and 70; thence south 74 degrees 35 minutes West III6.3 feet; thence with a circular curve to the right, having a radius of 57I.6 feet; through 39 degrees 57 minutes of arc; thence south 8 degrees 35 minutes West I35.2 feet; thence with a circular curve to the left, having a radius of 70I.6 feet, being tangent to a line bearing S 68 degrees through 37 minutes West through 36 degrees 48 minutes of arc; thence North 74 degrees 35 minutes East I085 feet to the West line of Porcion 69; thence with that line North 8 degrees 35 minutes East I3I feet to the beginning, containing 4.53 acres of land;

5th Tract; All that certain tract, piece or parcel of land containing Eight and twenty-three (8.23) acres in, out of and forming part of said Porcion sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Porciones 68 and 69, south 8 degrees 25 minutes West 585.2 feet from a post at the corner of lots 28I and 296 of Pharr Bros. and Associates subdivision of Porciones 69 and 70, said corner being in said Porcion line and is marked A-33; thence north 74 degrees 35 minutes E II93.4 feet thence with a curve to the right having a radius of I975.I feet through 23 degrees 47 min. of arc; thence S 8I degrees 38 minutes E 289.4 feet; thence with a curve to the right having a radius of I975.I feet through I3 degrees 26 minutes of arc; thence S 8 degrees 25 min. W I34 feet; thence following a curve to the left having a radius of I845.I feet, tangent at its initial point to a line bearing N 67 degrees I4 minutes W through degrees 24 min. of arc; thence N 8I degrees 26 min. W 289.4 feet; thence with a curve to the left having a radius of I845.I feet through 23 deg. 47' of arc; thence south 74 deg. 35' W I255.6 ft. to said Porcion line; thence with said line N 8 deg. 25' E I42.I ft. to the beginning, containing 8.23 acres.

6th Tract: All certain tract, piece or parcel of land containing thirteen and eighty-nine hundredths (I3,89) acres in, out of and forming part of said Porcion sixty-nine (69), more particularly meted, bounded and described as follows;

Beginning in the line of lots two hundred ninety-four (294) and 295, Pharr Brothers and Associates subdivision of Porciones 69 and 70, at a point 65.2 feet S. 8 degrees 25 minutes W. from the intersection of lateral "B" now constructed, of

C-3626-26-M

DEED · 120

the Louisiana-Rio Grande Canal Chmpany's irrigation system, and said lot line; thence following a curve to the right and eastward tangent at its initial point to a line bearing S 76 degrees 42 minutes E having a radius of 1845 feet through 22 degrees 04 minutes of arc; thence S 54 degrees 38 minutes E 2533.8 feet; thence S 60 degrees 38 minutes E. 1411.5 feet, to the line of lots 301 and 302; thence with said line N 8 degrees 25 minutes E. 138.1 feet; thence N 60 degrees 38 minutes W. 1361.7 feet; thence N 54 degrees 30 minutes W. 2526.8 feet; thence with a curve to the legt having a radius of 1975.1 feet through 22 degrees 24 minutes of arc to the line of lots 294 and 295 ; thence S 8 degrees 25 minutes W. 130.4 feet to the beginning containing 13.89 acres in Porcion 69.

7th Tract: All that certain tract piece or parcel of land containing Twelve and eighty-two hundredths (12.82) acres in, out of and forming part of said Porciones Sixty-nine (69) and seventy(70) more particularly meted, bounded and described as follows;

Beginning at a point in the W line of Lots 301 and 302 of Pharr Bros. and Associates subdivision of Porciones 69 and 70, 69.05 8 degrees 25 minutes W. from the intersection of said line with the middle of Lateral "B" of the Louisiana-Rio Grande Canal Company's irbigation system now contructed; thence S. 60 degrees 38 minutes E 770.1 feet; thence with a curve to the left having a radius of 2930 feet through 14 degrees of arc; thence S 74 degrees 38 min. E 2267.5 feet; thence with a curve to the right having a radius of 2800 feet through 9 degrees 29 min. W of pard to line of Porciones 70 and 71, 34.7 feet S 8 degrees 29 min. W of post marked 1431; thence Nn8 degrees 29 min. E. 135 feet with the middle of the Chapin Road and said Parcion line; thence with a curve to the left and Westward having a radius of 2930 feet being tangent at its initial point to a line bearing N 66 degrees 09 min. W through 8 degrees 28 min. of arc; thence N 74 degrees 38 min. West 2267.5 feet; thence with a curve to the right having a radius of 2800 feet through 14 degrees of arc; thence N 60 degrees 38 minutes West 813.1 feet, to line of lots 301 and 302; thence S 8 degrees 25 minutes West 132.1 feet, to the beginning, containing 12.52 acres,

8th Tract: All that certain tract, piece or parcel of land containing Nine and seventeen hundredths (9.17) acres, in out of and forming part of said Porcion Seventy- one (71), more particularly meted, bounded, and described as follows:

Beginning in the line of Porciones 80 and 71, S 8 degrees 29' W 34.7 feet from the corner of Lot 304 and Lot 305, of Pharr Bros. and Associates Subdivision of Porciones 69 and 70; thence following a curve to the right and eastward, tangent at its initial point to a line bearing S 65 degrees 24' E, having a radius of 2800 feet through 8 degrees 06' of arc; thence S 57 degrees 18' E 2504 feet, to the line between Lot 28, Block 15, and Lot 1, Block 16, thence with said line S 81 degrees 31' e 317.1 feet thence N 57 degrees 18' W 2793.4 feet; thence with a curve to the left having a radius of 2930 feet through 8 degrees 51' of arc to the line of Porciones 70 and 71; thence with said Porcion line S 8 degrees 29( W 135 feet, to the beginning, containing 9.17 acres, being a part of Porcion 71, Hidalgo County, Texas.

EIGHTH LATERAL "C".

1st Tract: All that certain tract, piece or parcel of land containing Three and fifty-seven hundredths (3.57) acres in, out of and forming part of said Porcion Sixty-six (66), more particularly meted, bounded and described as follows:

Beginning at a point in the east line of the right-of-way of the main canal of the Louisiana-Rio Grande Canal Company which is N 8 degrees 35 minutes E 186.3 feet

C-3626-26-M

DEED 120

Beginning at a    point in  the  West line of Porcion 68, Hidalgo County,C33    feet North, 8 degrees 35 minutes East, from a post or corner of lots I and 3, Block 20 of the Santa Cruz Plantation subdivision, as made by Steele & Pershing; thence south 89 d   west 23 minutes East 1669 feet; thence North 8 degrees 35 minutes East 130.9 feet; thence North 89    ees 22 minutes Just 1449 feet; thence south 8 degrees 35 minutes   West 130.9 feet, to the  beginning containing 4.32 acres.

and S 89 degrees 22 minutes  E 208.6 feet from a post in the  middle of the west line

of Block 20 of the Steele & Pershing Subdivision of  Porcion sixty-six and sixty-seven

thence S 89 degrees 22  minutes E 1195.5 feet to a  point in the line between Lots  2

and  3of Block 20 of said subdivision; /thence with the line of said   lots N 8 degrees

35 minutes E 131.4 feet; thence  N 89 degrees 22 minutes W 1195.5 feet to said right

of-way; thence S 8 degrees 35 minutes W 131.4 feet to the  beginning, containing 3.57

acres, being a    part  of Porcion sixty-six (66)

        2nd Tract; All that certain tract, piece or parcel of land  containing Eight and

eighty-two hundredths (.8.82) acres in, out of and forming part  of  said Porcion sixty-

six (66), more particularly meted, bounded and described as follows:

        Beginning at a    point in the line of Lots 2 and 3,Block 20 of Steele & Pershing's

Subdivision  of Porciones Sixty-six (66) and Sixty-seven (67), North 8 degrees 35 minu

tes East, 370.6 feet from the corner of Lots 2 and 3, 4 and  5; thence south 89 degrees

22 minutes East, 2955.2 feet to the line of Porciones 67 and 68 which is 797 feet North

8 degrees 35 minutes East from a post at the middle of the  East line of  Block Twenty

of said subdivision; thence with said Porcion line North 8 degrees 35 minutes East, 131.4

feet; thence North 89 degrees 22  minutes West 2955.2 feet to the line of said Lots 2 n

and33 ; thence with their line south 8 degrees 35 minutes West, 131.4 feet to the begin

ning containing 8.82 acres, being 8.79 acres in  Porciones 67 and 0.03 acres in Por-

cion 66.

        3rd Tract:   All that certain tract, piece or parcel of land containing Four

and  thirty-two hundredths (.4.32) acres in, out of and   forming part  of said Por-

cion sixty-eight (68), more particularly meted, bounded and   described as follows:

        4th Tract; All that certain tract, piece or parcel of land containing four

and Twenty-eight hundredths (.4.28) acres in, out of and  forming part of said Porcion

sixty-eight (68), more particularly meted, bounded and  described as follows:

        Beginning at a point south 8 degrees 35 minutes West 1.6 feet  from a post,

being the corner of Lots 280 and 281 of Pharr Brothers and associates subdivision of

Porciones sixty-nine (69) and seventy (70); thence with a circular  curve to the  left

tangent at its  initial point to a  line bearing North 87 degrees 17 minutes West a

having a radius of 2930 feet through 2 degrees 5 minutes of arc; thence  North 89 de-

grees  29 minutes West 1342.5 feet; thence  south 8 degrees 35 minutes West 13  degrees

9 feet; thence south 89 degrees 22  minutes East 1360 feet; thence following a circular

curve to the  right, having a radius  of 2800 feet, through 1 degree 48 minutes of arc

to the West  line of Porcion 69; thence with said Porcion line North 8 degrees 35 mi-

nutes East 130.8 feet, to the  beginning, containing 4.28 acres.

        5th Tract; All that certain tract, piece or parcel of land containing Seven

and eighty-nine hundredths (7.89) acres in, out of and forming part  of said Porcion

sixty-nine (69),  more particularly meted, bounded and described as  follows:

        Beginning at a point  in the lands   of Porciones 68 and 69 S 8 degrees 25

min. W 1.7 feet  from a  post marked A-40 at the N.W. corner of Lot 281 of Pharr Bros

& Associates subdivision of Porciones 69 and 70; thence following a curve to the  right

tangent at its initial point to a  line  bearing S 87 degrees 17 min. E having a radius

of 2930 feet  through 9 deg. 55  min of arc; thence a 77 deg. 22 min E  1839.9 feet

thence with a curve to the right having a radius of  2930 feet through 5 degrees  49

min. of arc; thence S 8 deg. 25 min. W 131.8 feet, thence with a curve to the left, ta

ent at its initial point to a line  bearing  N 71 degrees 04 min. W having a radius

9 feet  through 6 degrees 18 min. of arc; thence N 77 degrees 22 min. W 1839.9

C-3626-26-M

{ DEED · 120 }

545

II min. of arc; to the line of Porciones 68 and 69; thence N 8 degrees 25 min. E 130.7 feet to the beginning containing 7.89 acres of land.

6th Tract: All that certain tract, piece or parcel of land containing Eleven and eighty-nine hundredths (II,99) acres in, out of and forming part of said Porcion sixty-nine (69), more particularly meted, bounded and described asfollows:

Beginning at a point in the line of lots 282 and 283 of Pharr Brothers and Asso ciates Subdivision of Porciones 69 and 70, S 8 degrees 25 minutes W 66.05 feet from the intersection of said line and the middle line of Lateral "C" now constructed, of the Louisiana-Rio Grande Canal Company's irrigation system; thence with a curve to the right and eastward, having a radius of 2800 feet and being tangent at its initial point to a line bearing S. 70 degrees 45 minutes E through 5 degrees 32 minutes of arc; thence S 65 degrees 22 minutes E 3738.8 feet to the line of 291 and 292 of said sub-division; thence with said line and the line of lots 285 and 286 135.4 feet; thence N 65 degrees 22 minutes W 3701.0 feet; thence with a curve to the left having a ra-dius of 2930 feet through 6 degrees 12 minutes of arc; thence S 8 degrees 25 minutes W 132.1 feet to the beginning containing II.99 acres being in Porcion 69.

7th Tract; All that certain tract, piece or parcel of land containing Twelve and eighty-two hundredths (I2.82) acres in, out of and forming part of said Por-ciones Sixty-nine (69) and seventy-(70), more particularly meted, bounded and d es - cribed as follows:

Beginning at a point in the line between lots 291 and 292 of Pharr Bros. and Associates subdivision of Porciones sixty-nine and seventy S 8 degrees 25 min. W 67.7 feet from the intersection of said line and the middle line of Lateral "C", now cons tructed, of the Louisiana-Rio Grande Canal Company's irrigation system; thence S 65 de grees 22 min. E 26.1 feet; thence with a curve to the left having a radius of 1975.1 feet; through 29 degrees of arc; thence N 86 degrees 38 min. E 3305.7 feet to the line of Porciones 70 and 71 in the Middle of the Chapin and San Juan Road; thence with said line N 8 degrees 29 min. E 132 9 feet; thence with said line N, 8 degrees 29 min. E 132.9 feet; thence S 86 degrees 38 min. E 3333.1 feet; thence with a curve to the right having a radius of 1845.1 feet through 28 degrees of arc; thence N 65 degrees 22 min. W 63.9 feet; thence with the line of lots 285 and 286 and lots 291 and 292, S 8 degrees 25 min. W 135.4 feet to the beginning, containing I2.82 acres.

NINTH- LATERAL "E".

1st Tract. All that certain tract, piece or parcel of land containing Three and eighty-eight hundredths (3.88) acres in, out of and forming part of said Porcion sixty-six (66), more particularly meted, bounded and described as follows:

Beginning at a point in the East side of the right-of-way for the Main Canal of the Louisiana-Rio Grande Canal Company, which is south 8 degrees 35 min utes West 725 feet and south 81 degrees, 25 minutes East, 150 feet from the NW corner of Block 16 of Steele & Pershing's Subdivision of the East half of Porcion 66 and all of Porcion 66 of Hidalgo County, Texas; thence south 81 degrees 25 minutes East 1300 feet; to the line between lots 2 and 3, block 16; thence with line of said Lots North 8 degrees 35 minutes East 130 feet; thence North 81 degrees 25 minutes West 1300 feet to said right-of-way; thence with said right-of-way south 8 degrees 35 minutes West 130 feet to the beginning, containing 3.88 acres in Porcion 66.

2nd Tract; All that certain tract, piece or parcel of land containing Ten and Twelve hundredths (I0.12) acres in, out of and forming part of said Porciones

**C-3626-26-M**

DEED 120

546

Sixty-six (66) and sixty-seven (67), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Lots 2 and 3, Block I6, Steele and Pershing's subdivision of Porcion 66 and 67, North 8 degrees 35 minutes East, 595 feet from the corner of lots 2 and 3, 4 and 5, Block I6, thence south 8I degrees 25 minutes East, 550 feet, thence with a curve to the left; thence following a curve to the left having a radius of I020.37 feet through 36 degrees of arc; thence North 62 degrees 35 minutes East 2,I94.6 feet to the East line of Porcion 67; thence with said Porcion line North 8 degrees 35 minutes East, I60.7 feet to a point in said line south 8 degrees 35 minutes West, 399.7 feet from a post the East corner of Lots I and 6, Block I5 of said subdivision; thence south 62 degrees 35 minutes West, 2289 feet; thence foll ofwing a circular curve to the right having a radius of 890.37 feet through 36 degrees of arc; thence North 8I degrees 25 minutes West 550 feet to the line of Lots 2 and 3, Block I6; thence south 8 degrees 35 minutes West, I30 feet to the beginning containing I0.I2 acres, 0.02, acres being in Porcion 66 and I0.I in Porcion 67.

3rd Tract; All that certain tract, piece or parcel of land containing Five and twenty-five hundredths (5.25) acres in, out of and forming part of said Porcion sixty-eight (68), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Porciones 67 and 68, 84842 feet North 8 degrees 35 minutes from a post, the corner of Blocks I5 and I6 of the Steele & Pershing Subdivision of the Santa Cruz Plantation; thence North 62 degrees 40 minutes East I758.7 feet; thence North 8 degrees 35 minutes East I60.8 feet; thence south 62 degrees 40 minutes West I758.7 feet; thence south 8 degrees 35 minutes I60.8 feet, to the beginning, containing 5.25 acres.

4th Tract; All that certain tract, piece or parcel of land containing Five and nineteen hundredths (5.I9) acres in, out and forming part of said Porcion Sixty eight (68), more particularly meted, bounded and described as follows:

Beginning at a point 275.6 feet north 8 degrees 38 minutes East from a post the corner of lots 200 and 20I of the Pharr Brothers and Associates subdivision of Porciones sixty-nine (69) and seventy (70), and being in the line of Porciones 68 and 69; thence with a circular curve to the left tangent to a line bearing south 7I degrees 47 minutes West with a radius of 2930 feet through 9 degrees 45 minutes of arc; thence south 62 degrees 40 minutesWest I229 feet; thence south 8 degrees 35 minutes West I60.8 feet; thence North 62 degrees 40 minutes East I323.6 feet; thence following a circular curve to the right, having a radius of 2800 feet through 8 degrees 29 minutes of arc; thence North 8 degrees 35 minutes East I45.6 feet to the beginning, containing 5.I9 acres.

5th Tract; All that certain tract, piece or parcel of land containing Eight and twenty eight hundredths (8.28) acres in, out of and forming part of said Porcion sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Porciones 68 and 69 and in the West line of Lot 200 of Pharr Bros. and Associates subdivision of Porciones 69 and 70, being N 8 degrees 25 min. E 73 feet from the intersection of the middle line of Lateral "E" and said Porcion line; thence following a curve to the right and eastward a tangent at its initial point to a line bearing N 7I degrees 59 min. E having a radius of 2930 feet through 9 degrees 03 minutes of arc; thence N 8I degrees 04 minutes E 2322.4 feet to the east line of Lot I99 of said subdivision; thence with said line S 8 degrees 25 minutes W I37.3 feet; thence S 8I degrees 02 minutes W 228I.8 feet; thence

**C-3626-26-M**

DEED · 120

547

following a curve to left having a radius of 2800 feet  through 9 degrees 53 minutes of arc to the line of Porciones 68 and  69; thence N 8 degrees 25 minutes E I45.9 feet to the beginning, containing 8.28 acres.

6th Tract; All that  certain tract, piece or parcel of land containing eight and thirteen hundredths (8.I3) acres in,out of and forming part of said Porcion sixty nine (69), more particularly meted, bounded and described as follows:

Beginning at a point in the line of lots I98 and  I99 of Pharr Brothers and Associates  subdivision of Porciones 69 and 70, which is S 8 degrees  25 minutes W 68.I feet  from   the  intersection of said line  with the middle line of Lateral "E" now  constructed, and  of the Louisiana-Rio Grande Canal Company's irrigation system thence N 8I degress 02 minutes E I479.4 feet; thence with a circular curve to the right having a radius of I845.I feet through 38 degrees 50 minutes of arc to middle of middle road; thence with said road N 8 degrees  25 minutes E I39.0 feet; thence with a curve to the left and westward  tangent to a line bearing N 6I degrees 36 minutes W, having a radius of I975.I feet through 37 degrees 22  minutes of arc; thence S 8I degrees 02 minutes W. I445.0 feet to line of George E.Thomas, thence with said Thomas line S 8 degrees 25 minutes W I36.2 feet to the  beginning containing 8.I3 acres  out of  Porcion 69.

7th Tract; All that  certain tract, piece or parcel of land containing Nine and sixty-six  hundredths (9.66) acres in, out of  and forming  part  of said Porciones sixty-nine (69) and Seventy (70), more particularly meted, bounded and described as follows:

Beginning at a post in the middle of the "Middle Road" S 8 degrees 25  min. W 69.5 feet  from where  it intersects the middle of lateral "E", now constructed, of Louisiana-Rio Grande Canal Company's inbigation system; thence with a curve to the right and eastward tangent at its initial point to a line bearing S 60 degrees 8 min. E having a radius of I845.I feet  through I5 degrees 03 min. of arc; thence S 45 degrees 05  min. E 2758.4 feet to line of lots 206 and 207 with said line  N 8 degrees 25 min. E I6I.7; thence N 45 degrees 05 min. W 2662.2 feet; thence with a curve to the left having a radius  of I975.I feet through I6 degrees 3I min. of arc; to the  middle of said "Middle Road"  thence  S 8 degrees 25 min. W I39.0 feet to the beginning con taining 9.66 acres.

8th Tract; All  that certain tract, piece or  parcel of land containing Nine and seventy-nine hundredths (9.79) acres in, out  of and forming part  of said Porcion Seventy (70), more particularly meted, bounded and described as follows:

Beginning at a  point in the line of lots 206  and 207 of Pharr Brothers and Associates subdivision of Porciones 69 and 70, S 8 degrees 25 minutes W 80.85 feet from the  intersection of said  line with the middle of Lateral "E" now cons- tructed; thence S 45 degrees 05 minutes E. 838.5 feet; thence with a curve to the left having a  radius of 2930. feet  through 8 degrees 50 minutes of arc; thence S 53 degrees 55 minutes E I986.7 feet to the  middle of the San Juan and Chapin Road, being the E line of Porcion 70; thence with said  line N 8 degrees 29 minutes  E I46.6 feet; thence  N 53 degrees 55 minutes W I9I8.7 feet; thence with a curve to the   right having a radius of 2800 feet through 8 degrees  50 minutes of arc; thence N. 45 degrees 05 minutes W 934.7 feet to the line of J.C.Kelly; thence with his line S 8 degrees 25 minutes W I6I.7 feet to  the beginning containing 9.79 acres, being a   part of Porcion 70.

C-3626-26-M

DEED 120

548

9th Tract;   All that certain tract, piece or parcel of land containing one and sixty-two hundredths (I.62) acres in, out of and forming part  of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at a point in the West line of Lot 7 Block IO of the San Juan Plantation lands as subdivided by Parks and   Card, 574.8 feet; North 8 degrees 29 minutes E. from the S.W. corner of said lot and block; thence S. 8 degrees 29 minutes W. I46.7 feet;   thence S 53 degrees 55 minutes   E.  542.8 feet; thence with the line of lot 8 block 9 of said subdivision N 8 degrees 29'E I46.7 feet; thence N 53 degrees 55 minutes W.  542.8 feet to the beginning  containing I.62 acres of land  in  Porcion· 7I.

IOth Tract: All that  certain tract, piece or parcel of land containing Forty one hundredths (0.40) acres in,out  of and forming part of said Porcion Seventy-two (72), more particularly meted, bounded·and described as follows:

. Beginning at a  point S. 8 degrees 29 minutes E 459 feet from   the N.E. corner of said lot; thence S 8 degrees 29 minutes W I34.6 feet; thence N 53 degrees 55 minutes W 290.5  feet;   thence  S 8I degrees 3I minutes E 258.4 feet·to the beginning containing .40 acres in Porcion 72,. Said lot being, Lot #4 Block I3 of San Juan Subdivision,

IIth Tract; .. All that  certain tract, piece or parcel of land containing Three and twenty-three   hundredths acres (3323)in, out of and  forming part  of said Porciones Seventy-one and seventy-two (72)', more particularly meted, bounded and   · described as follows:

Beginning at a   point in the west line of Lot 8 block 9 of San Juan Plantation lands as subdivided by Parks and Card 4I0.8 degrees 29 minutes E. from the S.W . corner of said Lot and Block; thence S 53 degrees 55  minutes E 924.2 feet to the south line of said Lot 8 block 9; thence with said S. 8I degrees 3I minutes E. 280.6 feet; thence N 53 degrees 55 minutes West I240.8 feet to the west line of said Lot 8 Block 9, thence with said line S. 8 degrees 29 minutes W. I56.7 feet to the beginning containing 3.23 acres, 3.II acres being in Porcion 7I and  0.12 acres   in .Porcion 72.

I2th Tract; All that. certain tract, piece or parcel of land containing Three and eighty-nine hundredths (3.89) acres in, out of and forming part of.said Porcion Seventy-one (7I), more particularly meted, bounded and described  as follows.

Beginning at a point in the  line of Porciones 70 and 7I, N 8 degrees 29 minutes E 534.7 feet  from  the east corner  of Lots 209 and 224 of Pharr Bros. And Associates subdivision of Porciones  69 and 70,; thence S 53 degrees   55 minutes E II54 feet to the North line of Lot 7, Block I2, San Juan Plantation lands, as subdivided by Parks and Card; thence with said  line S 8I degrees 3I minutes  E 209.5 feet to corner of lots five (5) and six (6),  Block Twelve (I2) of said San Juan Plantation subdivision; thence with the line  between Blocks eleven (II) and Twelve (I2) of said subdivision N 8 degrees 29 minutes E 37.2 feet; thence N. 53 degrees 55  minutes W I390.4 feet to the middle of said Chapin and San Juan Road and  the line of Porciones Seventy (70) and seventy-one (7I);. thence with said line S 8 degrees 29 minutes W I46.7 feet to the  beginning, containing 3.89 acres in Porcion Seventy-one (7I).

I3th Tract; All that certain tract, piece  or  parcel of land containing Two and Seventy-six one-hundredths (2.76) acres, in, out of and forming part of  Porcion .

## C-3626-26-M

{ DEED · 120 }

549

Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at a point Win the West line of Lot six (6); Block Eleven (II), 37.2 feet North 8 degrees 29 minutes East from the southwest corner of said lot; thence south 8 degrees 29 minutes West, I46.7 feet, thence south 53 degrees 55 minutes East 924.66 feet to line of Lot Seven (7), Block Ten (IO)1 thence with said line North 8 degrees 29 minutes East, I46.7 feet; thence North 53 degrees 55 minutes West, 924.66 feet to the beginning, containing 2.76 acres, in Porcion 7I.

I4th Tract; All that certain tract, piece or parcel of land containing Fifty-two one hundredths (.52) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at the N.E corner of Lot Seven (7), Block Twelve (I2) of San Juan Plantation Company's lands, as subdivided by Parks and Card; thence with the north line of said lot, North 8I degrees 3I minutes West, 209;5 feet; thence south 53 degrees 55 minutes East, 232.5 feet to the East line of said Lot; thence with said East line North 8 degrees 29 minutes East, I07.7 feet to the beginning, containing 0.52 acres of land in Porcion Seventy-one (7I)

I5th Tract; All that certain tract, piece or parcel of land containing Three and three one-hundredths (3.03) acres in, out of and forming part of said Porciones Seventy-one '7I) and Seventy-two (72), more particularly meted, bounded and described as follows:

Beginning at a point in the East line of Lot Four (4), Block Thirteen (I3)., of said Parks subdivision, 459 feet south 8 degrees 29 minutes West from the Northeast corner of said lot; thence North 8 degrees 29 minutes East, I2 feet; thence North 53 degrees 55 minutes West, 990,7 feet to the North line of said lot; thence north 8I degrees 3I minutes West, 280.6 feet; thence south 53 degrees 55 minutes East, I,OI6.6 feet; thence south 8I degrees 3I minutes East, 257.4 feet to the place of beginning, containing 3.03 acres,. 0.09 acres being in Porcion Seventy-one (7I) and 2.94 acres in Porcion Seventy-two (72)

I6th Tract; All that certain tract, piece or parcel of land containing Three and eighty-nine one-hundredths (3.89) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Porciones Seventy and Seventy-one, N 8 degrees 29 minutes E. 534.7 feet from the East corner of Lots Two Hundred Nine (209) and Two Hundred Twenty-four (224) of Pharr Bros. and Associates' subdivision of Porciones sixty Nine and Seventy; thence S 53 degrees 55 minutes E II54 feet to the North line of Lot Seven, Block Twelve of San Juan Plantation lands, as subdivided by Parks and Card; thence with said line S 8I degrees 3I minutes E. 209.5 feet to corner of Lots five and six Block Twelve (I2) of said San Juan Plantation subdivision; thence with the line between blocks Eleven (II) and Twelve (I2) of said subdivision N. 8 degrees 29 minutes E 37.2 feet thence N 53 degrees 55 minutes W. I390.4 feet to the middle of said Chapin and San Juan Road and the line of Porcion Seventy (70) and Seventyone (7I); thence with said line S. 8 degrees 29 minutes W. I46.7 feet to the beginning, containing 3.89 acres in Porcion Seventyone (7I).

I7th Tract; All that certain tract, piece or parcel of land containing Three and Twenty-three one-hundredths (3.23) acres, in, out of and forming part of said Porciones Seventy-one (7I) and Seventy-two (72), more particularly meted, and described as follows;

C-3626-26-M

DEED 120

550

.· S-S 0

Beginning at a point in the west line of Lot Eight (8) Block Nine (9) of San Juan Plantation Lands as subdivided by Parks and Card 4I0.8 feet N. 8 degrees 29 minutes E from the S.W.corner of said Lot andd Block; thence S 53 degrees 55 minutes E. 924.2 feet to the south line of said Lot eight (8) Block Nine (9); thence with said line S. 8I degrees 3I minutes E. 280.6 feet; thence N. 53 degrees 55 minutes West. I240.80 feet to the West line of said Lot Eight (8), Block Nine (9); thence with said line S. eight (8) degrees 29 minutes W. I46.7 feet to the beginning, containing 3.23 acres. 3.II acres being in Porcion seventy-one (7I) and 0.I2 acres in Porcion Seventy-two (72). .

I8th Tract; All that certain tract, piece or parcel of land containing One and fifty-one one-hundredths (I.5I) acres, in, out of and forming part of said Porciones sixty-six (66) and sixty-seven (67), more particularly meted, bounded and described as follows;

Beginning at a point in the West line of said Lot No. 2, Block No. I6, North 8 degrees 35 minutes East 545 feet from the Southwest corner of said Lot; thence South 8I degrees 25 minutes east 858.3 feet; thence North 7I degrees 07 minutes 576.9 feet to the East line of said Lot; thence North 8 degrees 35 East 37 feet to the present south right-of-way line of Lateral "E" of said Louisiana-Rio Grande Canal Company's System; thence with said right-of-way line in a westerly direction I430 feet to the West line of said Lot 2 Block I6; thence south 9 deg. 35 minnutes West 50 feet to the place of beginning, containing I.5I acres more or less.

I9th Tract; All that certain tract, piece or parcel of land containing One and Seven hundredths-(I.07) acres, in, out of and forming part of said Porciones Sixty-six (66) and sixty-seven (67), more particularly meted, bounded and described as follows:

Beginning at a stake in the South line of Lot 6, Block I5, Steele & Pershing Subdivision of Porciones 66 and 67 south 8I degrees, 25 minutes East 553.9 feet from the south west corner of said Lot; thence North 62 degrees, twenty-three minutes East I2I degrees, five feet to stake in the east line of said lot; thence south 8 degrees, twenty-five minutes West 6I.8 feet; thence south 62 degrees, twenty-three minutes West II26.8 feet to a stake in the south line of said lot; thence North 8I degrees, twenty-five minutes West 67.7 feet to the place of beginning, containing I.07 acres.

20th Tract; All that certain tract, piece or parcel of land containing Two and Four-hundred (2.04) acres, in, out of and forming part of said porciones seventy-one (GI) and seventy-two (72) ; more particularly meted, bounded and described as follows:

Beginning at a point 235.2 feet south from the Northwest corner of said Lot Seven (7), Block Ten (I0); thence south 52 degrees, 46 minutes East along the present third levee of Louisiana Rio Grande Canal Company's Lateral "E", 582.3 feet ; thence south 8 degrees, 45 minutes East, I83.7 feet; thence North 52 degrees, 46 minutes West, 542.3 feet along south line of said Lateral "E", thence North 8 degrees 45 minutes W. I83.7 feet to the place of beginning, containing 2.04 acres, more or less.

2Ist Tract; All that certain tract, piece or parcel of land containing Two Hundred Eighty-seven Thousands (287/I000) of an acre, in, out of and forming part of said Porcion Sixty-nine (69), more patticularly meted bounded and described ase follows:

287/I000 of an acre off the North side of said lot above described as Lot I96

## C-3626-26-M

DEED  120

551

of Porcion 69 and 70, subdivision, and being a strip of land ten feet wide adjacent and contiguous to the south right of way line of a certain parcel of land purchased by the grantor herein for the righty of way of its lateral across said land, the South boundary line of said 287/1000 of an acre being parallel to and one hundred feet (100) distant from the North right of way line of Grantor's Lateral "E" throughout said lateral's course across said Lot No. 196 as the same now lies thereupon.

22nd Tract; All that certain tract, piece or parcel of land containing Two and four one-hundredths (2.04) acres, in, out of and forming part of said Porcion Sixty-eight (68), more particularly meted, bounded and described as follows: out of Lot 2, Block 8.

Beginning at the point of intersection in the south right-of-way line of Lateral "E" and East line of said lot; thence with said line south 8 degrees 35 minutes West 62 feet; thence South 62 degrees 25 minutes West 1798.7 feet to a stake in the West line of said lot; thence North 8 degrees 25 minutes East 62 feet to the south right-of-way line of Lateral "E", thence with said right-of-way, line North 62 degrees 25 minutes East 1798.7 feet to the place of beginning, containing 2.04 acres of land.

23rd Tract; All that certain tract, piece or parcel of land containing six and Seventy-seven hundredths (6.77) acres, out of Lot six (6) Block Nine (9) in, out of and forming part of said Porciones Seventy-one (71) and Seventy-two (72) more particularly meted, bounded and described as follows:

Beginning at a point 35 feet East of the Northwest corner of Lot No. six (6) in Block No. Nine (9); thence south 8 degrees forty-five minutes West 430 feet; thence south 81 degrees forty-five minutes West 430 feet; thence south 81 degrees fifteen minutes East along the third levy of Lateral "E" of the grantor herein 1511.2 feet; thence south eight degrees forty-five minutes East 165 feet; thence North eighty-one degrees fifteen minutes West along the south line of Lateral "E" of the grantor herein 1511.2 feet; thence south eight degrees forty-five minutes East 705 feet; thence North eighty-one degrees fifteen minutes West 35 feet; being the southwest corner ton North side of Road; thence North eight degrees forty-five minutes West 1300 feet to the point of beginning and containing 6.77 acres.

24th Tract; All that certain tract, piece or parcel of land containing sixty-four Hundredths (.64) acres out of Lot Eight (8), Block Eight (8), in, out of and forming part of said Porcion Sixty-eight (68), more particularly meted, bounded and described as follows:

Starting at the southeast corner of said Lot; thence North 8 deg. 29 min East 660 feet to a point on the East line of said lot; thence North 81 deg. 45 min. West 1080.3 feet to a point for the place of beginning; thence North 62 deg. 35 min. East 1127 feet around a 2 deg. 18 min. curve to a point on the East line of said Lot; thence North 8 deg. 29 min. East 27 feet to the south boundary line of the present lateral canal of the Grantee, as the same is physically situated and known as and being Lateral "E" Thence with said Lat. as follows Around a 2 deg. 18 min curve to the P.C. of the curve; thence south 62 deg. 35 min. West 1127 feet; south 81 deg. 45 min. East 34.1 feet to the point of beginning and containing .64 acres, more or less.

25th Tract; All that certain tract, piece or parcel of land containing Thirty four Hundredths (.34) acres out of Lot Eight, Block Eight, in, out of and forming

**C-3626-26-M**

DEED 120

552

55-2

a part of said Porcion sixty-eight (68), more particularly meted, bounded and described as follows;

Beginning at a point 1443 feet North 8 deg. 49 min. West from the Southeast *deg. 49 min. west 198 feet; thence northwesterly around a 2 deg 18* corner of said Lot; thence South 8 deg. 49 min. East 143 feet; thence North 81 min. Curve to the point of beginning and containing .34 acres, more or less.

26th Tract; All that certain tract, piece or parcel of land containing

Nineteen Hundredths (.19) acres out of Lot Eight (8), Block Eight (8) in, out of and forming part of said Porcion Sixty-eight (68), more particularly meted bounded and described as follows:

Beginning at a point on the West line of said Lot No. eight (8), Block Nol eight (8), 442 feet north from the southwest corner thereof; thence North 62 deg. 35 min. East along the south right-of-way line of the present lateral canal of the Grantor known as and being Lateral "E" , as the same is now physically situated 386.4 feet to the North line of the south One-half of said Lot; thence south 81 deg. 25 min. East 34.1 feet; thence south 62 deg. 35 min. West 414.4 feet to the West line of said Lot No. eight (8) Block No. eight (8); thence North 8 deg. 25 min. East to the place of beginning, containing .19 acres, more or less.

27th Tract; All that certain tract, piece or parcel of land containing Twenty-three hundredths (.23) acres out of Lot 210, in, out of and forming part of said Porciones Sixty-nine (69) and Seventy (70), more particularly meted, bounded and described as follows:

Beginning at a stake in the Northeast corner of said Lot 210; thence South 8 deg. 29 min. West, 120 feet to a stake; thence North 53 deg. 51 min. 258.4 feet to a stake in the North line of said lot; thence with said North line South 81 deg. 31 min. East, 228.8 feet to the place of beginning; save and except that part of said Lot already owned by the Louisiana Rio Grande Canal Company, and occupiedby Lateral "E" of said Canal Company's system, the land hereby conveyed containing .23 acres of land, more orcless.

28th Tract: All that certain tract, piece or parcel of land containing Seventy-one Hundredths (.71) acres out of Lot 206, in, out of and forming part of said Porciones Sixty-nien (69) and Seventy (70), more particularly meted, bounded and described as followss.

Beginning at a point of intersection of said right-of-way line of Lateral "E" and east line of Lot 206; thence south 8 deg. 25 min. West 49.7 feet at a stake thence north 45 deg. 40 min. West, 813.6 feet to a stake in the North line of said lot; thence with said North line south 81 deg. 35 min. East, 176.5 feet to the said South right-of-way line of Lateral "E"; thence with said right-of-way line of Lateral "E"; thence with said right-of-way line south 45 deg. 45 min. East 730 feet to place of beginning; containing .71 acres of land.

29th Tract: All that certain tract, piece or parcel of land containing Seventy-four Hundredths (.74) acres out of Lot 195; in, out of and forming part of said Porciones Sixty-nine (69) and Seventy (70), more particularly meted, bounded and described as follows:

Beginning at the intersection of said South right-of-way line of Lateral "E" and South line of said lot; thence with said south line North 81 deg. 35 min. West, 176.5 feet; thence North 45 deg. 5 min. West 760.8 feet to a stake in the west line of said lot; thence with said West line North 8 deg. 25 min. East, 49.7 feet to the right-of-way line of Lateral "E" thence with said right-of-way line south 45 deg, 5

C-3626-26-M

[ DEED · 120 ]

*5-5-3*                                                                              553

min. West 840.4 feet to the beginning; containing .74 acres  of land.

    30th Tract; All that certain tract, piece or parcel of land containing One and Seventy-two Hundredths (I.72) acres   out of Lot No. 207, in, out of and forming part of said Porcion Seventy-(70), more particularly meted, bounded and described as follows:

    Beginning at a point I62 feet North 8I degrees  35 minutes West form the Southeast corner of  said Lot No. 207; thence  North 53 degrees 59 minutes West, 4I8 feet; thence  North 45  degrees 05 minutes West I042 feet the West line of said lot; thence North 8 degrees 28 min. East 67.6 feet,  the S levee of Grantee's Lateral "E"; thence south 45 degrees, 05 minutes East I075 feet; thence south 53 degrees 59 minutes west 505 feet; thence north 8I degrees  35 minutes West II8 feet, the  place of beginning, the land  embraced within said  lines containing I.72 acres,  more  or less.

    3Ist Tract; All that certain tract, piece  or parcel of land containing One and Forty-three one-hundredths (I.43) acres out of Lot  No. One Hundred and Ninety-nine (I99) in, out of and  forming part of said Porcion sixty-nine (69), more  or particularly meted, bounded and described as follows.

    Beginning a t a point and stake on the Western boundary line of Lot One Hundred Ninety-nine (I99), of the Kelly & Pharr Subdivision, of Porciones 69 and 7 0, as shown by the  map and plat, and the record thereof, in Volume 3, on pages I33-I34 of the the  Deed Records  of Hidalgo County, Texas, and at the point of  intersection therewith, of the Southern boundary line of the  present right of way of Lateral "E" of the Louisiana Rio Grande Canal Company's  Irrigation System, as at present located and constructed, which said point of  intersection is South Eight (8) degrees Twenty-five (25) minutes West one hundred  Thirty-six and three  thenths (I36.3) feet, from the intersection of  the North right of way line of said Lateral "E", with said  west line of said Lot One Hundred Ninety-nine (I99), thence with the said  West line of said Lot One Hundred Ninety-nine (I99), south eight (8)degrees twenty-five  (25)  minutes, West forty seven and ten hundredths (47.I0) feet; thence  North Eighty-one (8I) degrees Two (2) minutes East, Thirteen Hundred eighty three and  ten hundredths (I383.I0) feet to the East line of said  Lot One Hundred Ninety-nine (I99); thence North eight (8) degrees,  twenty-five (25) minutes East Forty seven and ten hundredths (47.I0) feet fo the right of way line of  said Lateral "E",  as at present located and contructed; thence with  the South  line of said right of  way of said Lateral "E", south eighty-one (8I) degrees, Two (2) minutes, West, Thirteen Hundred eighty-three  and ten hundredths (I383.I0) feet into the  place of beginning, containing by these metes and bounds, one and forty-three hundredths (I.43) acres of land, out of, and forming part of said Lot One Hundred ninety-nine (I99).

    32nd Tract; All that certain tract, piece  or parcel of land containing six and forty-one Hundredths (6.4I) acres out of Lot Eight (8), Block No. Nine (9), in, out of and forming part of said Porciones Seventy-one (7I) and Seventy-two (72), more particularly meted, bounded  and described as  follows:

    Three and 6/I00 (3.06) acres  of land out of North one-half of Lot Number  Eight (8), in Block Number Nine (9), according to the recorded plat thereof, said  land now being occupied and used by the said Louisiana Rio Grande Canal Company, and  known as the north branch of Lateral "E",. Also three and 35/I00 (3.35) acres of land taken out of the south  half of Lot Number Eight (8), in Block Number Nine (9), according to the  recorded plat  thereof, which said land is now being used and occupied by the

C-3626-26-M

DEED  120

554

Louisiana Rio Grande Canal Company, as a part of Main Lateral "E", both parts or parcels of land containing in the aggregate six and forty-one one-hundredths (6.4I) acres.

33rd. Tract. All that certain tract, piece or parcel of land containing One and thirteen one-hundredths (I.I3) acres, out of Lot No. Fifteen (I5), Stewart's Addition, in, out of and forming part of said Porcion Seventy-two (72), more particularly meted, bounded and described as follows:

Beginning at a point on the East line of said Lot No. Fifteen (I5) 86 feet North from the Southeast corner thereof; thence south 8I degrees 45 minutes 30 seconds East I2 feet; thence south 3I degrees 2I minutes 30 seconds East 345 feet; thence south 6I degrees 39 minutes 30 seconds East 325 feet; thence North 62 degrees 46 minutes 30 seconds East 70.5 feet; thence North Degrees 52 minutes 30 seconds West 279.5 feet; thence North 3I Degrees 55 minutes 30 seconds West 392 feet; thence North 8I Degrees I5 minutes 30 seconds West 43 feet; thence south 8 deg. 44 minutes 30 seconds West 80 feet; to the place of beginning.

34th Tract; All that certain tract, piece or parcel of land containing one and Twenty-eight one-hundredths (I.28) acres out of Lot 200, in, out of and forming part of said Porcion Sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at the intersection of the south right-of-way line of Lateral "E" of the Louisiana Rio Grande Canal Company's Canal system and the east line of said Lot No. 200. Said intersection being North 8 degrees, 25 minutes East 675.2 feet from the Southeast corner of said Lot No. 200; thence South 8I degrees 2 minutes West I383.I feet to the West line of said Lot No. 200; thence south 8 degrees255 minutes West 4I.8 feet; to a stake; thence North 8I/degrees 2 minutes East I383.I feet; thence North 8 degrees 25 minutes East 4I.8 feet to the place of beginning, containing I.28 acres of land. Said parcel of land being adjacent to and parallel with the south Right-of-way oline of said Lateral "E" throughout its course across said Lot No. 200/

35th Tract; All that certain tract, piece or parcel of land containing Eighty-seven one-hundredths (.87) acres out of Lot No. One Hundred ninety-eight (I98) in, out of and forming part of said Porcion Sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at a point on the West line of Lot No. One Hundred Ninety-eight (I98), K.P. 409 feet S. 8 deg. 25 min. West from the Northwest corner of Lot No. I98, thence in a northeasterly direction along the South boundary line of Lateral "E", 899.6 feet to a point on the North line of Lot I98, thence S 8I deg. 35 min. E 90 feet to a point; thence in a southwesterly direction along the south boundary line of the Third Levee, I00&2 feet to a point on the west line of Lot I98, thence N. 8 deg. 25 minutes 47.4 feet to the point of beginning.

36th Tract; All that certain tract, piece or parcel of land containing One Hundred and four one-hundredths (I04/I000) acres out of Lot I89, in, out of and forming part of said Porciones sixty-nine (69) and seventy(70), more particularly meted, bounded and described as follows:

Being a strip of land out of Lot I89, Kelly & Pharr subdivision of Porciones 69 and 70, said strip of land being 20 feet in width and lying adjacent to the south right-of-way line of Lateral "E" of the Louisiana Rio Grande Canal Company's

C-3626-26-M

DEED    120

555 ?

5 55      12 .

Laterals; containing I04/I000)acres.

37th Tract; All that certain tract, piece or parcel of land containing nine-
ty one-hundredths (.92) acres out of Lot I96, in, out of and forming part of
Porciones sixty-nine (69) and Seventy (70), more particularly meted, bounded and
described as follows:                                         N.B.:

Beginning at a point in the east line of said Lot I96, south 8 deg 35 min-
utes West, 80-80/I00 feet from the intersection of the center line of Lateral "E"
and said East line; thence in a northwesterly direction parallel to and 80 feet
distant from the center line of Lateral "E", I340-69/I00 feet to a point in the
north line of said lot, containing 92/I00 acres.

/ TENTH LATERAL "E".

Ist, Tract All that certain tract, piece or parcel of land containing
Three and eighty-eight one-hundredths (3.88) acres, in out of and forming part of
said Porcion sixty-six (66), more particularly meted, bounded and described as
follows;

Beginning at a point 20 ft. N. 8 degrees 35' E from the line between
Blocks II and I2 of Steele & Pershinging's subdivision of Porciones 66 and 67 and
I50 feet south 8 degrees 25 minutes E from the W line of Steele & Pershing's tract
of land; thence south 8I degrees 25' E I300 feet to the line of Lots 4 and 5, Block
II; thence with the line of said Lots N 8 degrees 35 minutes E I30 feet; thence North
8I degrees 25 minutes W I300 feet to the said right-of-way, thence south 8 degrees
35' W I30 feet to the beginning, containing 3.88 acres in Porcion 66.

2nd Tract; All that certain tract, piece or parcel of land contain eighty
and Seventy-three one hundredths (8.73) acres, in, out of and forming part of said
Porcion sixty-seven (67), more particularly meted, bounded and described as follows:

Beginning at a point in the line of Lots four (4) and five (5), block
Eleven (II), North 8 degrees 35 minutes East, 20 feet from the corner of said lots with
lots Two (2) and three (3), Block Twelve (I2); thence south 8I degrees Twenty-five
(25) minutes East 2925 feet to the line of Porciones Sixty-seven (67) and sixty-
eight (68); thence with said line North 8 degrees 35 minutes East, I30 feet; thence
North 8I degrees 25 minutes West, 2925 feet to line of Lots four (4) and five (5)
Block Eleven (II); thence south 8 degrees 35 minutes West, I30 feet to the beginning
containing 8.73 acres, 0.02 acres being in Porcion Sixty-six (66); 8.7I acres being
in Porcion sixty-seven (67).

3rd Tract; all that certain tract, piece or parcel of land containing four
and two tenths (4.2) acres, in, out of and forming part of said Porcion sixty-eight
(68), more particularly meted, bounded add described as follows:

Beginning at a point in the line between Porciones 67 and 68, 20 feet
North, 8 degrees 35 minutes East from a post, the Northeast corner of Lot I, Block I2
Steele & Pershing subdivision of the Santa Cruz Plantation; thence south 8I degrees
25 minutes East I408.8 feet; thence North 8 degrees 35 minutes East I30 feet; thence
North 8I degrees 25 minutes West I408.8 feet; thence south 8 degrees 35 minutes
West I30 feet, to the beginning, containing 4.2 acres.

4th Tract. All that certain tract, piece or parcel of land containing
Four and two tenths (4.2) acres, in, out of and forming part of said Porcion Six-
ty-eight (68), more particularly meted, bounded and described as follows:

Beginning at a point on the West line of Porcion sixty-nine (69) 20
feet North of post, the corner of Lots I68 and I69, of the Pharr Brothers and

## C-3626-26-M

DEED 120

556

Associates subdivision of Porciones sixty-nine (69) and Seventy (70); thence North 8 degrees 35 minutes East I30 feet, thence north 8I degrees 25 minutes West I408.8 feet; thence south 8 degrees 35 minutes West I30 feet; thence south 8I degrees 25 minutes East I408.8 feet to the beginning, containing 4.2 acres.

5th Tract; All that certain tract, piece or parcel of land containing Seventeen and four one-hundredths (I7.04) acres, in, out of and forming part of said Porcion Sixty-nine (69), more particularly meted, bounded and described as follows;

Beginning at a point in the West line of Porcion 69, 20 feet N. 8 degrees 25 minutes E. from a post, the West end of the line between Lots I68 and I69 of Pharr Brothers and Associates subdivision of Porciones 69 and 70; thence S 8I degrees 35 minutes E. I708.8 feet; thence with a curve to the right having a radius of I08I.3 through 39 degrees 30 minutes of arc; thence S. 42 degrees 05 minutes E I377.9 feet; thence with a circular curve to the left having a radius of I2II.3 feet through 39 degrees 30 minutes of arc; thence S 8I degrees 35 minutes E I048.6 feet to the Pharr and Chapin road; thence with said road N 8 degrees 25' east I30 feet; thence N 8I degrees 35 minutes W I048.6 feet ; thence with a circular curve to the right having a radius of I08I.3 feet through 39 degrees 30 minutes of arc; thence N 42 degrees 05 minutes W. I377.9 feet; thence with a circular curve to the left having a radius of I2II.3 feet through 39 degrees 30 minutes of arc; thence N. 8I degrees 35 minutes W I704.8 feet to the west line of Porcion 69; thence with said line S 8 degrees 25 minutes W I30 feet to the beginning, containing I7.04 acres out of Porcion 69.

6th Tract; All that certain tract; piece or parcel of land containing Eighteen and eighty-five one hundredths (I8.85) acres, in, out of and forming part of said Porciones sixty-nine (69) and Seventy(70), more particularly meted, bounded and described as follows:

Beginning at a point 65 feet s 8 degrees 25 min. W from a post the corner of Lot 3, Block B. and lot 4 Block C, at the North side of the Pharr Townsite thence S 8I degrees 35 minutes E. I357.9 feet; thence with a circular curve to the right having a radius of I08I.3 feet through 50 degrees 30 minutes of arc; thence S 3I degrees 05 minutes E. I8I5.9 feet; thence with a circular curve to the left having a radius of I2II.3) feet through 47 degrees 35 minutes of arc; to the Rail Road right way thence with railroad right of way S 78 degrees 40 min. E. I2I2.9 feet to the line of Porciones 70 and 7I in the middle of the Chapin Road; thence with said line N 8 degrees 20 minutes E I30.2 feet; thence N 78 degrees 40 min. W I2I2.9 feet; thence with a circular curve to the right having a radius of I08I.3 feet through 47 degrees 35 min. of arc; thence N 3I degrees 05 min. W I8I5.9 feet; thence with a circular curve to the left having a radius of I2II.3 feet through 50 degrees 30 min. of arc; thence N 8I degrees 35 min. W I357.9 feet to Pharr-Chapin road; thence with said road S 8 degrees 25 min. W. I30 feet to the beginning containing I8.85 acres.

7th Tract; All that certain tract, piece or parcel of land containing Four and Thirty-two one-hundredths (4.32) acres, in, out of and forming part of said Porcion Seventy one, more particularly meted, bounded and described as follows:

Beginning at the intersection of the line between Porciones 70 and 7I and the N line of the right -of-way of the St. L B.& M.R.R.; thence S 78 degrees 40 minutes E 29.5 feet; thence with a curve to the left having a radius of 638.I feet through 38 degrees 30 minutes of arc; thence N 62 degrees 50 minutes E 987 feet to the W line of Lot I5 of Block 6 of San Juan Plantation lands as subdivided by Parks

## C-3626-26-M

( DEED · 120 )

557

and  Card; thence N 8 degrees 29 minutes East I60 feet thence S 62 degrees 50

minutes W I080.2 feet; thence with a curve to the   right having a radius of 508.I

feet, through  38 degrees  30 minutes of  arc; thence N 78 degrees 40 minutes W 29.5

feet to the   line of Porciones 70 and 7I; thence  with said line S. 8 degrees 29

minutes W. I30 feet to the beginning containing 4.32 acres being a  part  of  Porcion·

7I.

    8th Tract; All that certain tract, piece or  parcel of land   containing One

and eighteen one-hundredths   (I.I8) acres, in, out of and   forming part of said

Porcion Seventy-one (7I), more particularly meted, bounded and  described as follows:

    Beginning in the west line of  the   right-of-way of the S.A. & R.G.R.R., S 8 deg

rees 28 minutes W, I059.2 feet from   the No. E/corner of Lot fifteen (I5), Block

Seven (7) of   the  San Juan Plantation Land, as subdivided by Parks and  Card; thence

N 8I degrees  24 minutes W I6.7 feet; thence with a curve to the  left having a ra-

dius of I020.4 feet through 2I degrees 02 minutes of arc to   the west line of

said lot; thence with said  line S 8 degrees 29 minutes W I40.6 feet; thence with a

curve to  the  right and  northeastward  tangent at its initial point to a line

bearing N 74 degrees I9 min. E Having a  radius of  890.4 feet through 24 degrees

I7 minutes  of arc; thence S 8I degrees 24 minutes E I6.7 feet to said railroad right

of-way; thence with said right-of-way N 8 degrees N 28 minutes E I30 feet to the

beginning, containing I.I8 acres, being in Porcion 7I.

        9th Tract: All that certain tract, piece   or parcel of land   containing

Two and  ninety-five one-hundredths (2.95) acres, in, out of and   forming part   of

said Porcion Seventy-one (7I), more particularly meted, bounded and described as

follows:

    · Beginning in the west line of Lot Fifteen (I5), Block six (6), of the

San Juan Plantation Company's lands, as subdivided by Parks and  Card, south 8 degrees

29 minutes West, I733.4 feet  from the northwest corner of said   lot; thence  North

62 degrees 50 minutes East, 8I8 feet; thence with a curve to the right, having a

radius of  890.4 feet through II degrees 29 minutes of arc, to the west line of Lot

Fifteen (I5), Block Seven (7); thence  with said line N 8 degrees 29 minutes E

I40 feet; thence with a curve to the left and westward, tangent to a  line bearing

North 76 degrees 34 minutes East having a radius  of I020.4 feet; through I4 degrees

44 minutes  of arc; thence south 62 degrees 50 minutes west, 724.8 feet; thence

south 8 degrees 29 minutes west, I60 feet to the beginning, containing 2.95 acres,

being a part  of Porcion 7I?

    I0th Tract; All that certain tract, piece or parcel of land containing Five  and

eighty-six one-hundredths(5.86) acres, in, out of and  forming part of  said Porcion

Seventy-one (7I), more particularly meted, bounded and described as follows:.

    Later "F" San Juan property West of  S.A. & R.G.R.R., beginning at the inter-

section of the  line between Porciones 70 and 7I and the N. line of the right  of

way of the St. L.B.& Mex R.R; thence S 78 degrees 40 minutes E 29.5 feet; thence

with a curve to the  left having a radius of 638.I feet  through 38 degrees 30

minutes of arc; thence N 62 degrees 50' E 987.I feet; thence N 8 degrees 29' E I60.5

feet; thence S 62 degrees  50' W I080.3 feet; thence with a curve to the  right having

a radius of 508.I feet; thence N 78 degrees 40' W 29.5 feet to  the line  of Por-

ciones 70 and 7I, thence  with said  line S. 8 degrees 29' W I30 feet to the begin-

ning containing 4.32 acres being a part  of  Porcion 7I. Also another tract 73

feet in width extending along the St. L.B. & M.R.R. right of way from the right of way

C-3626-26-M

DEED 120

558    5-58

of Lateral "F" to the W. line of Lot I5,  Block 6, containing I.54 acres out of
Block, 5 Lot I5, Porcion 7I.

IIth Tract: All that certain tract, piece  or  parcel of land containing Seven
and nine  one-hundredths (7.09) acres, in,  out of and forming part of said Porcion
Seventy-two (72),more particularly meted, bounded and described as follows;

Beginning at the N.W. corner  of the San Juan Townsite and  the  S.W corner
of Lot 29, Block 8, of Parks & Card's subdivision of the San Juan Plantation Company
lands; thence with the north line of said  Townsite S 8I degrees 3¹ minutes E 3092.4
feet to the S.E corner of Lot 34, Block 8, of said subdivision; thence N 8 degrees  29
minutes E I00 feet; thence N 8I degrees 3I min. W 3092.4 feet, to the  right-of-way
of the San Antonio Rio Grande R.R., thence with said right-of-way S 8 degrees 29 min-
utes E I00 feet, to the beginning, containing 7.09 acres, in Porcion 72.

ELEVENTH.-LATERAL "G".

Ist Tract; All that certain tract , piece or parcel of land  containing Four
and thirty-seven one-hundredths (4.37) acres,- in, out of and  forming part of said
Porcion Sixty-six (66), more particularly meted, bounded and described as follows:

Beginning at a  point in the E line of the   right-of-way of the Main canal
near the corner of Block eight (8) and Nine (9) of Steele - Pershing's subdivision of
said Porciones sixty-six (66) and sixty-seven (67) 73.2 feet s 8 degrees 35 minutes
W from the  intersection of the middle  line  of Later "G" now contructed and said
East line of right-of-way; thence N 7I degrees I6 min. E I463.2 feet to line of Lots
Four (4) and five (5), Block eight (8); thence with their line N 8 degrees 35 minutes
E I46.4 feet; thence S 7I degrees   I6 minutes W I463.2 feet to said right-of-way;
thence with said right-of-way S 8 degrees 35 minutes W I46.4 feet to the beginning, con
taining 4.37 acres in Porcion sixty-six (66).

2nd Tract; All that certain tract, piece or- parcel of  land containing Nine
and eighty-four one hundredths (9.84) acres, in,  out of and forming part  of said
Porciones   sixty-six and sixty-seven (67), more particularly meted, bounded and des-
cribed as  follows:

Beginning at  a point in the  line of Lots  Four (4) and five (5) Block eight .
(8) of Steele & Pershing's subdivision of Porciones sixty-six (66) and  sixty-seven
(67), 73.2 feet south 8 degrees 25 minutes West from the  intersection of said line of
Lots Four (4) and  Five (5), Block eight (8) and  the middle of Lateral "G", now
contructed; thence North 8I degrees I6 minutes East, 2864.6 feet; thence with a circular
curve to the  left  having a radius of 3930 feet through 8 degrees 27 minutes    of arc
thence North 8  degrees 35 minutes East, I45.7 feet; thence with a circular curve to
the right tangent to a line bearing south 60 degrees 52 minutes West  following said
curve to the Westward, having a radius of 2,800 feet through I0 degrees  I4 minutes of
arc; thence south 7I degrees I6 minutes West, 2,797.4 feet to the line of said lots
four (4) and  five (5)1 Block eight (8) thence south 8 degrees 35 minutes West I46.4
feet to the beginning, containing 9.84 acres, 0.03 acres being in Porcion Sixty-six
and 9.8I acres being in Porcion sixty-seven (67).

3rd Tract: All that certain tract, piece  or parcel of  land containing
Five and eight one-hundredths (5.08) acres, in, out of and  forming part of said
Porcion sixty-eight (68),_more particularly meted, bounded and described as follows:

BEGINNING at a point south, 8 degrees 35 minutes West I.6 feet from a post, the
corner of Blocks 7 and 8 on the Santa  Cruz Plantation as subdividdd by Steele &

C-3626-26-M

( DEED · 120 )

*5-59* 559

Pershing; thence with a circular curve to the left, tangent to a line bearing North 62 degrees 49 minutes East with a radius of 2730 feet, through 9 degrees 16 minutes of arc; thence North 53 degrees 35 minutes East 1468.7 feet; thence North 8 degrees 35 minutes East 183.9 feet; thence south 53 degrees 33 minutes West 1598.7 feet; thence with a circular curve to the right having a radius of 2800 feet through 7 degrees 19 minutes of arc; thence south 8 degrees 35 minutes West 145.7 feet to the beginning, containing 5.08 acres.

4th Tract; All that certain tract, piece or parcel of land containing Five and nine tenths (5.9) acres, in out of and forming part of said Porcion Sixty-eight (68), more particularly meted, bounded and described as follows;

Beginning at a point on the West line of Porcion Sixty-nine (69) 81 feet North 8 degrees 35 minutes East from a post the corner of Lots 88 and 89 of the Pharr Brothers and associates subdivision of Porciones sixty-nine (69) and Seventy (90); 53 degrees 35 min, west 1978.8 feet; thence South 8 degrees thence North 8 degrees 35 minutes East 183.9 feet thence south 8 degrees 35 minutes West 183.9 feet thence north 53 degrees 33 minutes East 1978.8 feet to the beginning, containing 5.9 acres.

5th Tract; All that certain tract, piece or parcel of land containing Twenty and sixty-seven one-hundredths (20.67) acres, in, out of and forming part of said Porcion Sixty-nine (69), more particularly meted, bounded and described as follows:

Beginning at a point N. 8 degrees 25 minutes E 89.54 feet from a post corner of lots eighty-eight (88) and eighty-nine (89) Pharr Brothers and Associates subdivision of Porciones 69 and 70, being in the West line of Porcion 69; thence N 53 degrees 28 minutes E 5667.7 feet; thence following a curve to the right having a radius of 1845.1 feet through 39 degrees 34 minutes of arc to Pharr and Chapin road; thence N 8 degrees 25 minutes W. 130.5 feet; thence following a curve to the left and westward, tangent to a line bearing N 86 degrees 38 minutes W having a radius of 1975.1 feet through 39 degrees 54 minutes of arc; thence S 53 degrees 28 minutes W 5538.3 feet to the line of Porciones 68 and 69; thence with said line S 8 degrees 25 minutes W 166.9 feet to the beginning, containing 20.67 acres in Porcion 69.

6th Tract; All that certain tract, piece or parcel of land containing Twenty and Seventy-four one-hundredths (20.74) acres, in, out of and forming part of said Porciones Sixty-nine (69) and seventy (70), more particularly meted, bounded and described as follows;

Beginning at a point in the Pharr and Chapin Road S. 8 degrees 25 min W 65.75 feet from the intersection of said road and the middle of Lateral "G" now constructed; thence following a curve to the right having a radius of 1845.1 feet through 43 degrees 06 min. of arc; thence S 43 degrees 53 min. E. 5378.7 feet to the west side of the Chapin road; thence S 81 degrees 10 min. E 20 feet to the line of Porciones 70 and 71 in the middle of the Chapin road; thence with said line N 8 degrees 29 minutes E 130 feet to a point in said line; thence N 81 degrees 10 min. W 20 feet to a point in the west side of said Chapin road S 8 degrees 29 min. W 255.25 feet from a post, the east end of the line between lots 80 and 81, Pharr Bros. and Associates' subdivision of Porciones 69 and 70; thence N. 43 degrees 52 minutes W 5270.3 feet; thence following a curve to the left having a radius of 1975.1 feet through 42 degrees 46 min. of arc to the middle of said Pharr & Chapin Road; thence with said road S 8 degrees 25 min. W 130.5 feet

C-3626-26-M

{ DEED  120 }

560

to t he beginning, containing 20.74, acres.

7th Tract. All that certain tract, piece or parcel of land containing One and Twelve one-hundredths (I.I2) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning in the East line of Lot three    (3), Block   six (6) of the San Juan Plantation Company lands as subdivided by Parks and . Card, 65 feet S 8 degrees 29 minutes W from its intersection with the middle line of Lateral "C" now constructed; thence S 8I degrees I0 minutes E 375 feet to the  west line  of the right-of-way of the S.A & R.G.M.R., thence with said right-of-way of the ~~S.A.R.G.R.R., thence with said right-of-way~~ N 8 degrees 28 minutes E I30 feet; thence N 8I degrees I0 minutes W 375 feet to the line of Lots Three (3) Block six (6) of said subdivision; thence with said  line S 8 degree (W) being, Laipart ofrt Porcion 7I, Hidalgo County, Texas.

8th Tract; All that certain  tract, piece or parcel of  land  containing Two and  Forty-five one-hundredths (2.45) acres, in,out of and forming part  of said Porcion Seventy-one (7I), more particularly meted, bounded and described  as follows:

Beginning  at  a  point in the East  line of Lot Three (3), Block Five . (5), of  the San Juan Plantation Company's land as subdivided by Parks and  Card, 65 feet south 8 degrees 29 minutes  West from its intersection with the  middle of La- teral "C" now constructed; thence south 8I degrees  I0 minutes  East 8I9.44 feet to the line of Lot Three (3), block six (6), and  Lot Three (3), block seven (7), of   said subdivision; thence north 8 degrees 29 minutes I30 feet; thence North 8I degrees I0 minutes west 8I9.44 feet to  the east line of Lot Three (3), Block Five (5) of said subdivision; thence with said line south 8 degrees 29 minutes West I30 feet to the  beginning, containing 2.45 acres, being a  part of  Porcion 7I, Hidalgo County, Texas/

9th Tract; All that certain Tract, piece  or parcel of  land containing Three and  sixty-eight one hundredths  (3.68) acres, in, out of and  forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and  described as follows:

Beginning at a  point  in the  middle of the Chapin and  San Juan road, (being the  line of Porciones  70 and 7I), which is south  8 degrees 29 minutes West 385.25 feet  from the corner of Lots Eighty (80) and eighty one (8I) of  Pharr Brothers and Associates Subdivision of Porciones Sixty-nine (69) and  seventy (70); thence wouth 8I  degrees I0 minutes East, I,232.I6 feet to  the line of  Lot Three (3) Block five    (5), and  Lot Three (3), Block six (6), as subdivided by Parks and Card; thence north 8 degrees 29 minutes East, I30 feet; thence North 8I degrees I0 minutes west, I I,232.I6 feet to the  middle of said  Chapin and San Juan road and said Porcion line; thence with said  Porcion line south 8 degrees 29 minutes West, I30 feet to  the beginning, containing 3.68 acres, being a  part of  Porcion seventy-one (7I), Hidalgo County, Texas.

I                 TWELFTH- LATERAL "H".

Ist Tract; All that certain tract, piece or parcel of land containing Forty- five and  fifty-two one-hundredths (45.52) acres, in, out of and  forming part of said Porcion sixty-six (66), more   particularly meted, bounded and describ ed as follows:

Beginning at a point 40 feet S 8I degrees  25 minutes east  from the east line of the lands of the Hidalgo Canal Company III955 feet N 8 degrees 35 minutes E from the middle line of  the St. L.B. and M.R.R., thence S 8I degrees 25  minutes E

**C-3626-26-M**

DEED  120

,581

IIO feet; thence N 8 degrees  35 minutes E I8026 feet to a point 20 feet northward of the line between blocks one (I) and Two (2) of  Steele  and  Pershing's subdivision of  Porciones 66 and  67; thence with said  line N 8I degrees 25 minutes W IIO feet to the east line  of a    #0 foot road as/reserved by the  Estate of G. Bedell Moore; thence with said road S 8 degrees 35  min. W I8026 feet to the beginning containing 45.5 acres, being in Porcion 66, Hidalgo County Texas.

2nd Tract; All that certain tract, piece  or parcel of  land containing Four and  Seventy-eight One-hundredths (4.78) acres, in, out of  and  forming part of  said Porciones sixty-six and  sixty-seven (67), more particularly meted, bounded and described as follows; a tract  of  land 40 ft. wide on each side of the following described line;

Beginning at a  point in the East right-of-way line of Lateral "H" of said Louisiana  Rio Grande Canal Company and N. 8 degrees  35 minutes E 320 feet from the southwest corner  of Lot 4, Block 3 of said Steele & Pershing subdivision; thence S 8I degrees 25 minutes  East I300 feet to the  east  line of said Lot; thence with the center  line of the Canal flow constructed by  said  Louisiana Rio Grande Canal Company, N 8I degrees 34  min. East I333.4 feet to the East  line of Lot 5, Block 3 of said subdivision, the  said strip of land herein  described containing four and 78/I00 (4.78) acres, more or less.

THIRTEENTH-MISCELLANEOUS CANALS & LATERALS

Ist Tract; All that certain tract, piece or parcel of land containing One and twenty-two one-hundredths (I.22) acres, in, out of and  forming part of  Porcion seventy-one (7I) more particularly meted, bounded and described as follows:

A Strip of land I30 feet  wide 65 feet on either side of a line more parti cularly described as follows: Beginning where the center line of Lateral "A" now con structed, intersects the  line  between Porciones  70 and 7I, and running thence N 82 degrees 03 minutes E 4II.2 feet, containing I.22 acres, in Porcion 7I.

2nd Tract; All that  certain tract, piece or parcel of land  containing Three and  eighty-eight one-hundredths (3.88) acres , in, out of and  forming part of Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at the N.W corner  of Lot I, Block 8 (Card Subdivision) thence S 8 degrees 28 minutes W along the east  edge of the S.A & R.G. R. Co(s right-of-way I690.3 feet ; thence  S 8I degrees 3I minutes  E-I00 feet; thence N 8 degrees 28 minutes E I690.3 feet; thence N 8I degrees 3I minutes  W I00 feet to the place of beginning containing 3.88 acres, all out of Porcion 7I.

3rd Tract; All that  certain tract, piece or  parcel of land containing Two and  forty-nine one-hundredths (2.49) acres, in, out of and  forming part of said Porciones Seventy-one and Seventy-two (7I & 72), more particularly meted, bounded and described as follows: A strip of land 35 ft. wide on either side of a  center line described as follows:

Beginning at a  point in the East line  of Lot I3, Block I (Park's and Card's subdivision of San Juan Tract, said  point bears S 8 degrees 29 minutes  W 208 feet  from the N.E. corner of  Lot I3, Block I, of the  above mentioned subdivision; thence  N 8I degrees 32 minutes W 483 feet; thence S 74 degrees  26 minutes W I06I feet to a  point in the east boundary line of the  right-of-way of the Canal along the east side of the S.A. and  R.G.R.R., containing 2.49 acres, I.49 acres in Por- cion 7I, and I.00 acre in Porcion 72.

C-3626-26-M

DEED 120

562

4th Tract: All that certain tract, piece or parcel of land containing Nine Hundredths (.09) acres, in, out of and forming part of said Porcion Seventy-one (71) more particularly meted, bounded and described as follows.

Beginning at a point in the West line of Lot 6, Block 2,(Park and Card's Subdivision of San Juan Tract), said point bears N 8 degrees 29 minutes E 15 feet from the S.W. corner of the above mentioned Lot 6; thence N 8 degrees 29 minutes E 80 feet; thence S 81 degrees 31 minutes E 50 feet; thence S 8 degrees 29 minutes W 80 feet; thence N 81 degrees 31 minutes W 50 feet to the place of beginning, containing .09 acres, out of Porcion 71.

5th Tract; All that certain tract, piece or parcel of land containing Thirty and five-hundredths (30.05) acres, in, out of and forming part of said Porcion Seventy-one (71) more particularly meted, bounded and described as follows:

Beginning at a point in the south line of Lot 8, Block 4, (Park's and Card's subdivision of San Juan Tract), said point bears S 81 degrees 31 minutes E 125 feet from the southwest corner of Lot 8, block 4, of the above mentioned sub-division; thence N 8 degrees 29 minutes E 1602 feet; thence S 81 degrees 31 minutes E 1107/16 feet; thence N 8 degrees 29 minutes E 80 feet; thence N 81 degrees 31 minutes W 1107.16 feet; thence N 8 deg. 29 minutes E 4560.55 feet; thence S 60 degrees 41 minutes E 1184.6 feet; thence N 8 degrees 29 minutes E 74.9 feet; thence N 60 degrees 41 minutes W 1184.6 feet; thence N 8 degrees 29 minutes E 1824.55 feet; thence S 81 degrees 31 minutes E 1107.16 feet; thence N 8 degrees 29 minutes E 90 feet; thence N 81 deg. 31 minutes W 1107.16 feet; thence N 8 degrees 29 minutes E 1290 feet thence S 81 degrees 31 minutes E 1107.16 feet; thence N 8 degrees 29 minutes E 80 feet; thence N 81 degrees 31 minutes W 1207.16 feet thence S 8 degrees 29 minutes W 9602 feet; thence S 81 degrees 31 minutes W 100 feet to the place of beginning, containing 30.05 acres, all in Porcion 71.

6th Tract: All that certain tract, piece or parcel of land containing Thirty one Hundredths (.31) acres, in, out of and forming part of said Porcion Seventy one (71), more particularly meted, bounded and described as follows:

Beginning at a point in the East line of Lot 4, Block 10, (Park's and Card's subdivision of San Juan Tract); said point bears N 8 degrees 29 minutes E 329 feet from the S.E. corner of the aforesaid Lot 4, Block 10; thence S 88 degrees 29 minutes W 344 feet; thence N 81 degrees 31 minutes W 40 feet; thence N 8 degrees 29 minutes E 344 feet; thence S 81 degrees 31 minutes E 40 feet to the place of beginning, containing .31 acres, out of Porcion 71.

7th Tract; All that certain tract, piece or parcel of land containing Twenty two and two one-hundredths (22.02) acres, in, out of and forming part of said Porcion Seventy-one (71), more particularly meted, bounded and described as follows; A strip of land 50 ft. in width on each side of the following described line;

Beginning at a point in the South line of Lot 16, Block 1, of the above mentioned subdivision, said point bears S 81 degrees 31 minutes E 50 feet from the S.W. corner of the aforesaid Lot 16, thence N 8 degrees 28 minutes W 7990.6 feet on a line 100 feet east of and parallel to the center line of the San Antonio Rio Grande R.R., thence on a circular curve to the left, the radius of which is 2964.9 feet, 1602.4 feet through 30 degrees 58 minutes of arc to a point on the north line of Lot 4, Block 1, of the San Juan Subdivision, said point bears S 81 degrees 31 minutes E 58.4 feet from the N.W. corner of the said Lot 4, containing 22.02 acres, out of porcion 71.

C-3626-26-M

{ DEED · 120 }

563

S-63

8th Tract; All that certain tract, piece or parcel of land containing Eighty-eight one-hundredths (.88) acres out of Lot 4, Block 10, in, out of and forming part of said Porciones Seventy-one (71) and Seventy-two (72), more particularly meted, bounded and described as follows: A strip of land 40 ft. wide on each side of the following described line;

Beginning at a point 923.8 feet S 8 degrees 29 minutes W from the N.W. corner of Lot 4, Block 10, and running thence S 80 degrees 47 minutes E 481 feet to the east line of said Lot 4, Block 10, ~~and running thence S 80 degrees 47 min-utes E 481 feet to the east line of said Lot 4, Block 10;~~ estimated to contain, 88 acres.

9th Tract: All that certain tract, piece or parcel of land containing One and forty-one one-hundredths (1.41) acres out of Lot Four (4), Block Three (3), in, out of and forming part of said Porcion Seventy-one (71), more particularly meted, bounded and described as follows:

Beginning at the S.E. corner of Lot 4, Block 3, (Park's and Card's Subdivision of San Juan Tract); thence N. 8 degrees 29 minutes E 37:45 feet; thence N 60 degrees 41 minutes W 877.7 feet; thence S 8 degrees 29 minutes W 74.9 feet; thence S 60 degrees 41 minutes E 877.7 feet; thence N 8 degrees 29 min. E 37.45 feet to the place of beginning, containing 1.41 acres out of Porcion 71.

10th Tract; All that certain tract, piece or parcel of land containing One and fifty one-hundredths 1.50) acres, in out of and forming part of said Porcion Seventy-one (71), more particularly meted, bounded and described as follows:

A parcel of land 80 feet in width being 40 feet on each side of a center line, said center line being more particularly described as being the dividing line between lots 2 and 3, Block 3, (Park'and Card's subdivision of the San Juan Tract) containing 1.50 acres, out of Porcion 71.

11th Tract; All that certain tract, piece or parcel of land containing one and fifty one-hundredths (1.50) acres, in, out of and forming part of said Porcion Seventy-one (71), more particularly meted, bounded and described as follows:

A parcel of land 80 feet in width and 819.44 feet in length through lot 7, Block 3, (Park's and Card's subdivision of the San Juan Tract), the south line of which is 15 feet north of (measured perpendicular) and parallel with the south line of Lot 7, Block 3, (Park's and Card's Subdivision of San Juan Tract), containing (1.50) acres, out of Porcion 71.

12th Tract; All that certain tract, piece or parcel of land containing one and fifty-one one-hundredths (1.51) acres k out of Lot Two (2), Block Eleven (11), in out of and forming part of said Porciones Seventy-one (71) and Seventy-two, more particularly meted, bounded and described as follow;

Beginning at a point N 8 degrees 29 minutes E 20 feet from the S.W. corner of said Lot 2, Block 11; thence S 81 degrees 31 minutes E 819.44 feet; thence N 8 degrees 29 minutes E 80 feet; thence N 81 degrees 31 minutes W 819.44 feet; thence S 8 degrees 29 minutes W 80 feet to the beginning, containing 1.51.

13th Tract; All that certain tract, piece or parcel of land containing One and five tenths (1.5) acres out of Lot 4, Block 11, in, out of and forming part of said Porciones Seventy-one (71) and Seventy-two (72), more particularly meted, and described as follows; A strip of land 40 ft. wide on each side of the following described line,

C-3626-26-M

DEED  120

·564       ↗↗o      5-6 ✗

Beginning at a  point in the W line of Lot 4, Block II, and East line of Lot 4, Block I2,  9I3.2 feet, S 8 degrees 29 min. W from the N.W corner of Lot 4, Block II, and running thence S 80· degrees 47 minutes   B 8I9.4 feet to the   East line of Lot 4, Block II; estaimated to ccontain I.5 acres.

14th  Tract; All that certain tract, piece or parcel of  land containing Seven and seventy-five one-hundredths    (7.75) acres, in out of   and  forming part of said Porciones Seventy-one (7I) and Seventy-two (72),  more particularly meted, bounded and described as follows:

Beginning at a  point in the east  edge of the right-of-way of Canal along S.A. & R. G.R.R. said point bears  S 8I degrees 3I minutes E I00 feet; and N 8 Degree 28 minutes  ₩ I5 feet from the S.W. corner of Lot I7, Block 8, Porciones 7I and 72; thence S 8I degrees  3I minutes E 2995 feet; thence N 8 degrees 29 minutes  E I305 feet thence N 8I degrees 3I minutes  W 80 feet; thence S 8 degrees 29 minutes   W I225 feet thence N 8I degrees 3I minutes ·W 29I5 feet; thence S 8 degrees 28 minutes W 80 feet to place of beginning, contai ning 7.75 acres, I.55 acres  in Porcion 7I, and  6.20 acres in Porcion 72.

I5th Tract; All that  certain tract, piece or parcel of land containing Five and twenty-four one hundredths (5.24) acres, in, out of and forming part of said Por- ciones Seventy-one (7I) and Seventy-two (74), more particularly meted, bounded and des cribed as follows:

Beginning at a point in the east  line of  the right-of-way of a canal along the east side of the S.A. R.G. R.R. said point bears S 8 degrees 28 minutes W 40 · feet and S 8I degrees 3I minutes E 80 feet from the S.W. corner of Lot 8, Block 8, (Park's and Card's subdivision of San Juan Tract); thence S 8I  degrees 3I minutes E I57I.8 feet; thence N 8 degrees 29 minutes East  I360 feet; thence N 8I degrees 3I minutes W 80 feet; thence S 8 degrees 29 minutes W I280 feet; thence N 8I degrees 3I minutes W I49I.8 feet; thence S 8 degrees 28 min. W 80 feet to the  place of beginn- ing, containing 5.24 acres; I.59 acres in Porcion 7I, and 3.65 acres in Porcion 72.

16th Tract: All that certain tract, piece or parcel of land containing Nine . and one-hundredths(9.0I) acres, in, out of and  forming part of said Porciones Seventy- on (7I) and Seventy-two (72), more particularly meted,  bounded and described as . follows:

Beginning at the   S.W. corner of Lot 9, Block 8 (Parks and Card's Subdivision of San Juan Tract);  thence N 8 degrees 28 minutes East  along the East line of  the right-of-way of S.A.& R.G. R.R. 4642.7 feet; thence S 8I degrees 3I minutes E I00 feet; thence S 8 degrees 28 minutes W I053.2 feet; thence N 8I degrees 3I minutes W 20 feet; thence S 8 degrees 28 minutes  W 3589.5 feet thence N 8I degrees 3I minutes W 80 feet to the place of  beginning, containing 9.0I acres all in Porcion 7I.

I7th Tract; All that certain tract, piece or parcel of land containing Five and twenty-four one hundredths (5.24) acres, in, out of and  forming part of said Porciones Seventy-one (7I) and Seventy-two(72,), more particularly meted, bounded and described  as follows:

Beginning at a  point in the east edge of the right-of-way of a  canal along the east side of the S.A.& R.G.R.R., said  point bears N 8 degrees 28 minutes E 95 feet and  ·S 8I degrees 3I minutes E I00 feet  from the   S.W. corner of Lot 2I, Block 8, (Park's and Card's subdivision of the San Juan Tract); thence S 8I d egrees 3I minutes E I467.8 feet; thence N 8 degrees 29 minutes E I225 feet; thence S 8I degrees 3I minutes E 85 feet; thence S 8 degrees 29 minutes  W I305 feet; thence N 8I

## C-3626-26-M

## DEED · 120

565

degrees 3I minutes W I552.8 feet; thence N 8 degrees 29 minutes E 80 feet to place of beginning, containing 5.24 acres; I.54 acres in Porcion 7I, and 3.70, acres in Porcion 72.

18th Tract: All that certain tract, piece or parcel of land containing Thirty-two and seventeen one-hundredths (32.I7) acres, in, out of and forming part of said Porciones Seventy-one (7I) and Seventy-two (72), more particularly meted bounded and described as follows:

Beginning at the S.W. corner of Lot 29, Block 8, (Park's and Card's Sub division of San Juan Tract); thence N 8 degrees 28 minutes E along the East edge of te S.A. & R.G.R.R. company's right-of-way, II6I6.2 feet; thence S 8I degrees 3I min. E 3096.5 feet; thence S 8 degrees 29 minutes W 80 feet; thence N 8I degrees 3I minutes W 2996.5 feet; thence S 8 degrees 28 minutes W II536.2 feet; thence N 8I degrees 3I minutes W I00 feet; to the beginning, containing 32.I7 acres, 28.22 acres in Porcion 7I and 3.95 acres in Porcion 72.

19th Tract; All that certain tract, piece or parcel of land containing One and Seventy-five one-hundredths (I.75) acres in, out of and. forming part of said Porciones Seventy-one (7I) and Seventy-two (72), more particularly meted, bounded and described as follows:

Beginning at a point which is N 8 degrees 29 minutes E 209 feet and S 8I degrees 3I minutes E I25 feet E of the S.W. corner of Lot I, Block 5; thence S 8I degrees 3I minutes E 953.6 feet to the "Langley Strip"; thence with said strip N. 8 degrees 29 minutes E 80 feet; thence N 8I degrees 3I minutes W 953.6 feet; thence S 8 degrees 29 minutes W 80 feet to the beginning, containing I.75 acres.

20th Tract! All that certain tract; piece or parcel of land containing Nine and sixty-eight one-hundredths (.9.68) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning at a point in the North line of Lot I4, Block 5, (Park's and Card's Subdivision of San Juan Tract) said point bears S 8I degrees 3I minutes E 25 feet from the N.W. corner of Lot I4 of the Above mentioned subdivision; thence S 8 deg. 29 minutes W 355I feet; thence S 87 degrees 42 minutes E 7.7 feet to a/curve; thence on a curve to the left, the radius which is 508. I4 feet through South I0 degrees 29 minutes of arc; thence N 8 degrees 29 minutes E 2I92.5 feet; thence S 8I degrees 3I minutes E 953.76 feet; thence N 8 degrees 29 minutes E I285 feet; thence N 8I degrees 3I min. W I00 feet to the place of beginning; containing 9.68 acres out of Porcion 7I.

2Ist Tract; All that certain tract, piece or parcel of land containing One and Fifty-two one-hundredths (I.52) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as follows:

Beginning, at a point in the north edge of the St. Louis Brownsville & Mexico R.R. right-of-way, said point bears S 78 degrees 42 minutes E 26.2 feet from the S.W. corner of Lot I5, Block 5, (Park and Card's subdivision of San Juan Tract) thence S 78 degrees 42 minutes E I053.9 feet along the north right-of-way boundary of the St. L.B.& M. R.R.; thence N 8 degrees 29 minutes E 73 feet; thence N 78 degrees 42 minutes W 754 feet/to a point in the south boundary line of Lateral "F" right-of way; thence on a curve to the right the radius of which is 638.I4 feet, through 27 degrees 4I minutes of arc, and tangent at its initial point to a line bearing S 73 deg. 37 minutes W to the place of beginning, containing I.52 acres out of Porcion

## C-3626-26-M

DEED  120

536

71.

22nd Tract; All  that certain tract, piece or parcel of land containing Fourteen and twenty-seven one-hundredths (I4.27) acres, in, our of and  forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and  described as follows:

A strip of land I25 feet wide off the west side of that Portion of Lot 3, Block 5, south of Lateral "G" and Lots 6,7,I0 and II, Block 5, of the lands of the San  Juan Plantation Co., as subdivided by Park and Gard, save and except a strip of land 25 feet wide off the west side of the aforesaid strip or strips and aforesaid lots appropriated for road purposes, containing I4.27 acres  out of Porcion 7I, Hidalgo County, Texas.

23rd Tract; All that  certain tract, piece or parcel of land containing six and four one-hundredths (6.04) acres, in, out of and forming part  of said por cion Seventy-one (7I),  more particularly meted, bounded and  described as follows:

Beginning at a  point in the east line of the  public road along line between Porciones 70 and 7I, said point bears  S 8 degrees 29 minutes W 255.25 feet and S 8I degrees IO minutes E 25 feet from the N.W. corner of Lot 3, Block 5,(Park's and Card's subdivision of San Juan Tract); thence N 8 degrees 29 minutes  E along east line of said  public  road 2628.4 feet; thence S 8I deg. 3I minutes E I00 feet, thence S 8 deg. 29 min. W 2629 feet; thence N 8I degrees I0 minutes W I00 feet to place of beginning, containing 6.04 acres, all out of Porcion 7I.

24th Tract; All that certain tract, piece or parcel of land containing Two and twenty-nine one-hundredths (2.29) acres, in, out of and forming part of said Por- ciones Seventy-one (7I) and Seventy-two (72), more particularly meted, bounded as fo ll- ows; A strip of land 40 ft. in width on each side of the following described line;

Beginning at a  point 498 feet S 8 degrees 29 minutes W and I00 feet S 8I degrees 3I minutes E from the  N W. corner of Lot 4, Block I2, of the San Juan Sub- division and running thence S 52 degrees  23 minutes E 70I.I feet to a  point of curve thence following a curve with a radius of 573.I4 feet to the left through 28 degrees 24 minutes of arc; thence S 80 degrees  47 minutes E 28I feet to the  E line of Lot 4, Block I2,  estimated to contain 2.29 acres.

25th  Tract; All that certain tract, piece or pa rcel of land containing Six and six  one-hundredths (6.06) acres, in, out of and forming part of said Porcion Seventy-one (7I), more particularly meted, bounded and described as  follows:

Beginning at a point in  the  north side of the right-of-way of Lateral "E" and the  east  side of a  40 ft. road whose center  line is  the line between Por- ciones 70 and 7I; thence  paralleling said Porcion line and following the east side of said road N. 8 degrees 29 minutes E 3278.6 feet to the north line of Lot 4, Blk. I2, of Parks & Card's Subdivision of the San  Juan Plantation Co's lands, thence with said line S 8I degrees 3I minutes E 80 feet;  thence S 8 degrees 29 minutes East 3320.3 feet to the right-of-way of Lat. "E", thence N 53 degrees 55 minutes W 90.3 feet to the  beginning, containing 6.06 acres, in Porcion 7I.

26th Tract; All that certain tract, piece or parcel of land containing Thirty-nine hundredths (.39) acres, in, out of and forming part of said Porcion Seventy- onee(7I), more particularly meted, bounded and described as follows;

Beginning at a point in the west line of Lot I, Block 9 (Park's and Card's subdivision of San Juan Tract) said point bears N 8 degrees 29 minutes E 409 feet from  the S.W. corner of the aforesaid Lot I; thence S 8 degrees 29 minutes W

C-3626-26-M

DEED 120

424 feet; thence S 8I degrees 3I minutes E 40 feet; thence N 8 degrees 29 minutes E 424 feet; thence N 8I degrees 3I minutes W 40 feet to the place of beginning, containing .39 acres out of Porcion 7I.

27th Tract: All that certain tract, piece or parcel of land containing Seventeen and eight one-hundredths (I7.08) acres, in, out of and forming part of said Porcion Seventy- one (7I), more particularly meted, bounded and described as follows:

A strip of land I25 feet wide off the west side of Lots 54, 5,9,I2 and I3, Block 5, of San Juan Plantation Company's land, as subdivided by Parks and Card, save and except a strip 25 feet wide off the west side of this strip, or strips, and said lots, appropriated for road purposes containing I5.I5 acres out of Porcion 7I. Also a strip off the south side of Lot 2, Blk. I2, of said subdivision, more particularly described as follows; Beginning at a point N 8 degrees 29 minutes E 20 feet and S 8I deg. 3I minutes E 25 feet from the S.W. corner of Lot 2, Blk. I2; thence with the north side of a 40 ft. road I053.4 feet to the west side of the "Langley Strip" purchased from Brewster by K.R. Langley; thence with said strip N 8 degrees 29 minutes E 80 feet; thence N 8I degrees 3I minutes W I053.4 feet to the east side of county road, whose center line is the line between Porciones 70 and 7I; thence with said road S 8 degrees 29 minutes West 80 feet to the beginning, containing I.93 acres in Porcion 7I.

28th Tract; All that certain tract, piece or parcel of land containing Three and eighty-seven hundredths (.3.87) acres, in, out of and forming part of said Porcion Seventy (70), more particularly meted, bounded and described as follows:

Being a strip of land off the west side of Lot I8I, of the subdivision of Porciones 69 and 70, as subdivided by Pharr Bros. and Associates, 40 feet wide, and a strip of land 80 feet wide, lying adjacent to and on the north side of a road on the south side of said lot I8I , containing in all three and eighty-seven one-hundredths (3.87) acres in Porcion 70.

29th Tract; All that certain tract, piece or parcel of land containing Two and thirty-nine one-hundredths (2.39) acres, in, out of and forming part of said Porcion Seventy(70) more particularly meted, bounded and described as follows:

A strip of land off the south side of Lot I9I, of the subdivision of Porciones 69 and 70, as subdivided by Pharr Bros. and Associates, 40 feet wide, and a strip of land off the east side of said lot, containing in all two and thirty-nine one-hundredths (2.39) acres, in porcion 70.

30th Tract: All that certain tract, piece or parcel of land containing One and twenty-one one-hundredths (I.2I)acres, in, out of and forming part of said Porcion Seventy (70), more particularly meted, bounded and described as follows:

Being a strip of land, 40 feet wide off the west side of Lot I92, of the subdivision of Porciones 69 and 70, as subdivided by Pharr Bros. and Associates, containing one and twenty-one one-hundredths (I.2I) acres, in Porcion 70.

3Ist Tract: All that certain tract, piece or parcel of land containing Two and fifty-four one-hundredths (2.54) acres, in out of and forming part of said Porciones sixty-six (66) and sixty-seven (67), more particularly meted, bounded and described as follows, out of Lot NO. Two (2), Block No.2.

Beginning at a point on the West line of said Lot No. 2, Block No. 2, Porciones 66 and 67, 302.8 feet N 8 deg. 35 min. E of the S.W. corner of said lot, thence N. 8 deg. 35 min. E with said W. line 99.3 feet, thence N 62 deg. I5 min. E435.5 feet, thence S 8I deg. 25 min. E 2I6.3 feet, thence S. 5I deg. I5 min. E 845.2 feet,

**C-3626-26-M**

DEED  120

568

5-68

thence S 8 deg. 35 min. W 92.5 feet, thence 51 deg. 15 min W 970 feet, thence S 62 deg. 15 min. W 571.5 feet to the place of beginning, containing two and 54/100 (2.54) acres of land, more or less.

32nd Tract; All that certain tract, piece or parcel of land containing Two and Forty-two Ninety-ninths (2.42/99) acres, in, out of and forming part of said Porciones sixty-six (66) and sixty-seven (67), more particularly meted, bounded and described as follows:

Two and forty-two Ninety-ninths (2.42/99) acres, being a strip of land forty (40) feet wide along the east line of Lots Three (3) and four (4), in Block Fifteen (15), of the subdivision of said Porciones.

33rd Tract; All that certain tract, piece or parcel of land containing Seventy-three one-hundredths (.73) acres, in, out of and forming part of said Porcion Sixty-nine (69), more particularly meted, bounded and described as follows:

Being a strip of land sixty (60) feet wide off the East side of Lot "A" of Card's subdivision of the Townsite of Pharr containing Seventy-three one-hundredths (.73) acres out of Porcion sixty-nine (69).

34th Tract; All that certain tract, piece or parcel of land containing Two and eighty-two one-hundredths (.282) acres, in, out of and forming part of said Porcion sixty-nine (69) more particularly meted, bounded and described as follows.

A strip of land eighty (80) feet wide, the center line of which is more particularly described as follows: Beginning at a point which is S 81 degrees 35 minutes E 40 feet and S 8 Degrees 25 minutes W 234.2 feet from the North west corner of Lot "H" of the Pharr Townsite Co., acreage tracts and running thence S 8 degrees 25 minutes West 1536. feet, containing 2.82 acres in Porcion 69.

25th Tract; All that certain tract, piece or parcel of land containing Four and Eighty-two hundredths (4.82) acres, in out of and forming part of said Porcion Seventy-two (72), more particularly meted, bounded and described as follows: and part of in Los Torritos Grant.

Beginning in the south line of the Military road at the Northwest corner of tract of land known as the F.W. Lyons Tract, of which the land hereby conveyed forms a part; thence South 54 deg. 29' East 104 feet to a point in the South line of the Military road ; thence South 7 deg. 57' West 528. feet; thence south 81 deg. 00' East 1800 feet to a point in the East line of the F.W.Lyons tract 575 feet south 8 deg. 30' west from the Northeast corner of the said F.W.Lyons tract; thence south 8 deg 30' West 84 feet along the East line of the said F.W.Lyons tract to a point in the South line of the canal right of way; thence North 81 deg. 00' West 1892 feet to a point in the West line of the said F.W. Lyons tract; thence North 7 deg. 57' East 660 feet to a point in the south line of the Military road and the point of beginning and containing Four and Eighty-two Hundredths (4.82) acres, more or less.

26th Tract; All those certain eight (8) tracts, pieces or parcels of land containing in the aggregate Two and sixty-four Hundredths (2.64) acres, in out of and forming part of said Porcion Seventy-one (71), more particularly meted, bounded and described as follows:

(a) Beginning at a point S 8 degrees 29 minutes W 73.5 feet from that point where the middle line of Lateral "E" now constructed, intersects the east line of Block 12, of Parks and Card's Subdivision of the San Juan Plantation Company's lands: thence with said line N 8 degrees 29 minutes E 146.7 feet; thence N 53 degrees 55 minutes W 173.3 feet; thence S 8 degrees 29 minutes W 146.7 feet thence S 53 degrees

C-3626-26-M

{ DEED  120 }

569

55 minutes E I73.3 feet, to the beginning, containing 0.52 acres in Porcion 7I.

(b) A strip of land 80 feet wide, extending westward from  the east line of Lot 4, Block I2, of said Subdivision , and I53.6 feet long, the  middle line of which is the middle line of a lateral now constructed, through Lot 4, Block I2, Lot 4, Block II, and   Lot 4, Block IO, of said subdivision, containing 0.28 acres, in Porcion 7I.

(c) Beginning at a point N 8 degrees 29 minutes E 20 feet from the S.E. corner of Lot 2, Block I2, of the  San Juan Plantation Company's land, as subdivided by Parks and  Card; thence N 8 degrees 29 minutes E 80 feet; thence N 8I degrees 3I   minutes W I53.8 feet; thence S 8 degrees 20 minutes W 80 feet; thence S 8I degrees 3I minutes E I53.8 feet to  the beginning, containing 0,28 acres  in Porcion 7I.

(d) Beginning at  the S.E. corner of Lot I5, Block 5, of  said subdivision thence N 8 ddgrees 29 minutes E 73 feet; thence N 78 degrees 4I minutes W I53.6 feet thence S 8 degrees 29 minutes W 73 feet; thence with the right-of-way of the  St. L. B. & M.R.R. S 78 degrees  4I minutes E I53.6 feet, containing 0.26 acres in Porcion 7I.

(e) Beginning at a point S 8 degrees 29 minutes W 40 feet from the N.E. corner of Lot I5, Block 5, of said Subdivision; thence N 8 degrees 29 minutes E 80 feet; thence  N 8I degrees 3I minutes W I53.6 feet thence S 8 degrees 29 minutes W 80 feet; thence S 8I degrees 3I minutes E I53.6 feet, to the beginning, containing 0.28 acres, in Porcion 7I.

(f) Beginning at a point N 8 degrees 29 minutes E 20 feet  from  the S.E. corner of Lot I3, Block 5, of said Subdivision; thence N 8 degrees 29 minutes E 80 feet; thence N 8I degrees 3I minutes W I53.6 feet; thence S 8 degrees 29 minutes W 80 feet; thence S 8I degrees 3I minutes E. I53.6 feet, to the beginning, containing 0.28 acres in Porcion 7I.

(g) Beginning at a  point in  the E line of Lot 3, Block 5, of said subdivision S 8 deg. 29 min. W 65 feet from the intersection of the  middle of Lat "G" now constructed, with said line; thence N 8 deg. 29 min. E I30 feet; thence N 8I deg. 3I min W I53.6 feet; thence S 8 deg. 29 min. W I30 feet; thence S 8I deg. 3I min. E I53.6 feet, to the beginning, containing 0.46 acres  in Porcion 7I.

(h) Beginning at a point N 8 degrees 29 min. E 20 feet from SE corner of Lot I, Blk. 5, of said subdivision; thence N 8 deg. 29 min. E 80 feet  thence N 8I deg. 3I min W I53.6 feet ; thence S 8 deg. 29 min. W 80 ft. thence S 8I deg. 3I  min. E. I53.6 feet to the beginning, containing 0.28 acres, in Porcion 7I.

37th Tract; All that certain tract, piece or parcel of land containing six and Fifty-three one-hundredths (6.53) acres, in out of and forming part of said Porcion Seventy-two (72), more particularly meted, bounded and described as follows:

Beginning at a point which bears N 8 degrees 29 minutes E I00 feet and S 8I degrees 3I minutes E 20 feet  from  the S.W. corner of Lot 32, Block 8, (Park's and  Card's subdivision of San Juan Tract); thence N 8 degrees 29 minutes  E 3556.2 feet along east edge of road; thence S 8I degrees 3I minutes E 80 feet; thence S 8 degrees 29 minutes W 3556.2 feet; thence N 8I degrees 3I minutes W 80 feet to  place of beginning, containing 6.53 acres  of  land out of Porcion 72.

38th Tract; All those  certain tracts, pieces of parcels of land containing five and  one  one-hundredth (5.0I) acres,  out  of Lots Nos One (I) and eight (8) In Section No. Three  (3) of the Hidalgo Canal Company's subdivision, in out of

C-3626-26-M

DEED 120

570.                    570

and forming part of Porciones sixty-four (64), sixty-five (65) and sixty-six(66) more particularly meted, bounded and described as follows:

Five and one one-hundredth (5.01) acres off the East side of the North Half of Section NO. 3 as is now occupied by the new canal and barrow pit of the Louisiana Rio Grande Canal Company as follows: Beginning at the original S.E. corner of Lot NO. 8, Section 3, of the Hidalgo Canal Company's subdivision of their lands in porciones 64,65 and 66 in Hidalgo County,Texas, for the S.E. corner of this tract; thence North with East line of Lots 8 and I said Section 3, 2640 feet to the N.E. corner of Section 3; thence West with the North line of Section 3 a distance of 75 feet for the N.W. corner of this tract; thence south parallel with East line, of Section 3, 1500 feet; thence West 27 feet; thence south parallel with East line, 1140 feet; thence East 27 feet; thence South 370 feet to the south line of Section 3 for the S.W. corner of this tract; thence East 75 feet to the place of beginning, containing in Lot I, Section 3, 2.27 acres; and in Lot 8 Section 3, 2.74 acres of land.

39th Tract; All that certain tract; piece or parcel of land containing One and six One-hundredths (1.06) acres out of Lot six (6), Block Twenty-Seven (27) in, out of and forming part of said Porciones sixty-six (66) and sixty-seven (67) more particularly meted, bounded and described as follows:

Beginning at a point where the East line of that certain public road running North and South, commonly and generally known as the "Conway Garden Road" intersects the north line of the right of way of said Lateral "A" of said Louisiana Rio Grande Canal Company; thence north 8 deg. 45 minutes E 928 feet to a point the Northwest corner of this Survey; thence along the North line of said Lot six (6), Block Twenty-seven (27) above described south 81 deg. 15 min. E 60 feet to a point the Northeast corner of this Survey ; thence south 8 deg.45 min. W. 925.1 feet to a point on the North line of said right of way of said Lateral "A" of said Canal Company, for the southeast corner of this survey ; thence North 84 deg. 34 min W 50.1 feet to the place of beginning containing 1.06 acres, more or less.

FOURTEENTH.

120/570

SUBSIDIARY AND OTHER CANALS AND LATERALS GENERALLY.

All lands whatsoever, be. the quantity thereof greater or less, as the fact may be, of whatever description and from whatever source acquired, in and out of and forming part of any of said Porci.ners or Grants of Land hereinbefore mentioned, now occupied, held and owned by the Grantor, and which are now occupied by the canals, laterals. flumes, syphons, gates, checks, bridges, barrow pits, or other parts of the general irrigation System of said Louisiana Rio Grande Canal Company as now located and contructed.

And the Grantor does hereby bind and obligate itself to cause to be prepared and to execute in favor of, and to deliver to, said Hidalgo County Water Improvement and to execute in favor of, and to deliver to, said Hidalgo County Water Improvement District No.Two, upon demand or request therefor by said District, such further and other deeds and conveyances or any of said property, and therein to more fully or accurately describe the same, as may be desired or deemed necessary, provided the request therefor is made before the Grantor shall surrender its franchises and disorganize its forces.

FIFTEENTH

PIPE LINES AND STORAGE TANKS.

C-3626-26-M

DEED · 120

TEN (10) miles of Pipe line, more or less, extending from the Railroad, in said County to said Second Lift Pumping Plant, thence to the First Lift Pumping Plant, together with all pumps, appliances, appurtenances, in any manner connected therewith, also the storage tanks for fuel at said Pumping Plants.

SIXTEENTH.

PUMPING PLANTS.

While not at all limiting or restricting the generality of the above descrip‑ tion of the above mentioned mentioned Irrigation System and property now hereby sold conveyed and transferred, the following component parts thereof are especially in‑ tended to be included therein.

Ist. The Complete Pumping Plant, generally known as and called the "First Lift Pumping Plant" of the Louisiana-Rio Grande Canal Company, situated on the North bank of the Rio Grande River, at or near the old Town of Hidalgo, in said Hidalgo County, now consisting of two thirty-six inch pumps and two sixty-inch pumps, fully installed and in full operation, and all engines, boilers pipes, appurtenances, appliances and apparatuses thereof, or connected therewith, and all houses, struct ures, buildings and betterments, over, about or connected with said Pumping Plant and machinery, also all houses, buildings and structures situated at or near said First Lift Pumping Plant, belonging to Grantor, and built and maintained by Grantor for the use of its employees at said Pumping Plant.

2nd: The Complete Pumping Plant generally known as the "Second Lift Pumping Plant" of the Louisiana-Rio Grande Canal Company, situated on Lot three (3) Block Seventeen (I7) of said Steele and Pershing Subdivision of Porciones Sixty-six (66) and Sixty-seven (67), about two miles south of the St. Louis Brownsville and Mexico Railroad, in said Hidalgo County, now consisting of two thirty-six inch pumps, one sixty inch pump two forty-eight inch pumps, fully installed and in operation and all engines boilers, pipes, appurtenances, appliances and apparatuses thereof or connected therewith, and all houses, structures, buildings and betterments over, about or conn ected with said Pumping Plant and machinery, or used in the operation thereof, also all houses, buildings and structures situated at or near said Second Lift Pumping Plant now belonging to Grantor, and built and maintained by Grantor for the use of its employees at said Second Lift Pumping Plant.

SEVENTEENTH.

CANALS AND LATERALS.

Three hundred(300) miles, more or less, of canals laterals, syphones, flumes and conduits now constructed, situated on said lands in Hidalgo County, Texas, and being in operation thereon..It being intended that all canals, laterals, syphons, flumes and conduits whatsoever owned by Grantor or to which the Grantor may have any right or interest, shall be transferred and conveyed hereby, be tthe quantity thereof greater or less as the fact may be, and of whatever description or character.

EIGHTEEN:

GATES, CHECKS, BRIDGES, SYPHONS:

Two thousand (2,000) more or less, checks, gates bridges and syphons and approaches constructed and installed in or connected with said Irrigation System of the Grantor, or said lands in said County. It being intended to hereby transfer and convey all of the checks, gates, bridges, syphons and approaches now owned by Grantor be the quantity greater or less as the fact may be, and of whatsoever character and description.

C-3626-26-M

{ DEED 120 }

572                    120/ 572                              ⅄

### NINETEENTH.

### TELEPHONE LINES AND SYSTEM.

About Seventy-five (75) miles of telephone lines situated on said lands in said County, and all wires, poles, receivers and other apparatus whatsoever, connected therewith or appurtenant thereto. It being intended to hereby convey and transfer all telephone lines and all things connected therewith or appurtenant thereto, now owned by Grantor, be the quantity greater or less as the case may be, and of whatever character or description.

### TWENTIETH.

### Houses AND BUILDINGS.

All houses and buildings whatsoever, situated on said lands in said County, now belonging to Grantor, of whatever character or description, and without limiting or r restricting the generality of the foregoing, especially including the houses and structures at said Pumping Sites, all Dwelling Houses for employees and all Out- houses, improvements and betterments connected therewith, all Workshops, the stable in the said Town of Pharr, Texas, and all other houses, improvements or betterments whatsoever, now owned by Grantor.

### TWENTY FIRST

### WATER RIGHTS.

All of the rights, privileges and powers whatsoever acquired by, or which may exist by virtue of the making and filing by the said Louisiana-Rio Grande Canal Company of its declaration and intention to appropriate water from the Rio Grande Canal Company of its declaration and intention to appropriate water from the Rio Grande River under Chapter 2, Title 60 of the Revised Civil Statutes of the State of Texas, of 1895, and all subsequent Acts of the Legislature of the State of Texas amendatory or supplementary thereto, which declaration and filing is duly recorded in the Record of Water Appropriations of Hidalgo County, Texas, and also on file with the Board of Water Engineers in the City of Austin, Texas, to which reference is here made, and the same, and each of them, is made a part hereof; and all such rights and privileges acquired by the construction and operation of its canals and irrigation system under said filings or otherwise.

2nd. All riparian rights, water rights and the title thereto, and all such other rights and privileges whatsoever and however acquired, to use and take water from the Rio Grande River and convey the same to said lands under the said Irrigation System of said Louisiana-Rio Grande Canal Company hereby conveyed, for irrigation System of said Louisiana-Rio Grande Canal Company hereby conveyed, for irrigation purposes or otherwise, now owned possessed and enjoyed by the Grantor.

### TWENTY SECOND.

### PERSONAL PROPERTY.

1st.: All livestock, automobiles, wagons, farming implements, tools, machinery, engines, boilers, dynamos, meters, generators whatsoever, now owned by Grantor, of to which it may be in any manner entitled, especially including, but not exclusive of any other, all such property as may be situated or located on said land in said Hidalgo County.

2nd. All office furniture, maps, typewriters, papers, records, books, deeds, contracts documents, inventories and records now owned by Grantor, or to which it may in any manner entitled, and especially all such as may in any manner, refer or release to any property and rights hereby conveyed or transferred.

**C-3626-26-M**

[ DEED · 120 ]

120/ 573                                    573

But it is understood however, that the Grantor shall have the use of such records, books and files until the Grantor concludes its business and surrenders its character, or so long as same may be necessary.

3rd. All rents, issues, revenues and profits and earnings whatsoever, derived by or accruing to the Grantor, from all sources whatsoever.

4th: All bills and accounts receivably, notes receivable, claims, demands, credits, funds, monies, dues, assessments, refunds of whatsoever character and however acquired, now owned by the Grantor, or to which it may be in any manner entitled.

5th: All wood, fuel and lubricating oil on hand or on any part of said premises in said County, and which is being transported, and all contracts and rights with reference to any of such wood or fuel or lubricating oil

It is however now here expressly stipulated, understood and agreed by the parties hereto, that said properties are sold and now hereby conveyed and herewith delivered upon the following express covenants, agreements and undertakings on the part of said Hidalgo County Water Improvement District No. Two, which shall everybe fully, well and truly kept and performed and shall be covenants and easements running with said Irrigation System and Water Rights hereby conveyed.

Ist. Whereas, heretofore, under special contract or suitable arrangement therefor, the Louisiana-Rio Grande Canal Company has been furnishing, supplying and delivering water from its said irrigation system into reservoirs of the Water Works Systems of said towns, which water works systems are operated by said Towns or by certain persons, firms or associations or corporations, and the fact may be.

Now, therefore, the said Hidalgo County, Water Improvement District No. Two shall continue to furnish, supply and deliver water to said Towns, firms, associations or corporations, or their assignees, for the Water Works Systems of said Towns of Pharr San Juan and Alamo, at reasonable rates and upon reasonable terms and conditions; and

2nd. Whereas, heretofore, under special contract or suitable arrangement therefor the Louisiana-Rio Grande Canal Company has been furnishing and supplying water for irrigation purposes, from its irrigation system to the owners of outlying acreage, tracts or lots in, out of and forming part of the townsites of Pharr, San Juan and Alamo, which are respectively described as follows:

. I. TOWNSITE OF PHARR.

All that certain tract of land, containing five hundred Seventy-eight and five-tenths (578.) acres, more or less, embraced in what is known as the Pharr Townsite and which is more particularly described as follows:

Beginning at the Northeast corner of Lot No. one Hundred and seventy-five (175) of the Kelly and Pharr subdivision of Porciones sixty-nine (69) and Seventy-(70), and running south 8I degrees 35 minutes East five thousand two Hundred and eighty (5,280) feet to the Northwest corner of Lot One hundred and Seventy-four (174) of the said Kelly and Pharr subdivision; thence south 8 degrees 25 minutes West four thousand seven hundred and seventy-one (4,77I) feet to the south West corner of Lot one hundred and eighty-two (182) of said Kelly and Pharr Subdivision Thence North 8I degrees 35 minutes West five thousand two hundred and eighty (5,280) feet to the Northeast corner of Lot One hundred and eighty-six (186), which is also the southeast corner of Lot one hundred and eighty-five (185) of said Kelly and Pharr subdivision; Thence North 8 degrees 25 minutes East four thousand seven Hundred and seventy-one (4,77I) feet to the place of beginning.

C-3626-26-M

DEED 120

574                      120/574

II.  TOWNSITE OF SAN JUAN:

All that certain tract, piece or parcel of land containing three hundred and sixty (360) acres, more or less embraced in what is known as the San Juan Townsite, and which is more particularly meted, bounded and described as follows:

Beginning at the southwest corner of Lot No; Twenty-nine (29), Block eight (8) San Juan Subdivision, in Porciones Nos. Seventy-one (71) and Seventy-two (72) in Hidalgo County, Texas; Thence with the south line of Lots Nos. Twenty-nine (29) Thirty (30) Thirty-one (31) Thirty-two (32), Thirty-three (33) and Thirty-four (34) of said Block Eight (8) south eighty (80) degrees thirty (30) minutes East two thousand seven hundred seventy-one and two-tenths (2,771.2) feet to the southeast corner of said Lot No. Thirty-four (34) in said Block eight (8); thence South nine (9) degrees thirty (30) minutes West five thousand six hundred and fifty (5,650) feet to the northeast corner of Lot Two (2), Block nine (9) of said subdivision; Thence with the North line of Lot Nos Two (2) and One (1) of said Block Nine (9), North eighty (80) degrees thirty (30) minutes West two thousand seven hundred seventy-one and two -tenths (2,771.2) feet to a point on the West line of Lot four (4) Block Ten (10) of said subdivision; Thence North nine (9) degrees thirty (30) minutes East five thousand six hundred and fifty (5,650) feet to the place of beginning.

III.  TOWNSITE OF ALAMO.

ALL that certain tract, piece or parcel of land, containing six hundred thirty-four and twenty-three hundredths (634.23) acres, more or less, embraced within what is known as the Alamo Townsite, which is meted, bounded and described as follows:

Beginning at the Northwest corner of Lot Eleven (11) Block Thirtysix (36) Alamo Subdivision; Thence South eighty-one (81) degrees fifteen minutes East along the North line of lots Eleven (11) and Twelve (12) Block Thirty-six (36), and Lots Nine (9) and Ten (10) Block Thirty-seven (37), five thousand two hundred and eighty (5,280) feet to the Northeast corner of Lots Ten (10) Block Thirtyseven (37); Thence South eight (8) degrees forty-five (45) minutes West along the East line of Lots Ten (10) and Fifteen (15), Block Thirty-seven (37), and Lot Two (2) Block Thirty-three (33) four thousand eight hundred forty-two and thirty-five hundredths (4,842.35) feet to the Southeast corner of Lot Two (2), Block Thirty-three (33); Thence North eighty one (81) degrees fifteen (15) minutes West along the south Line of Lots Two (2) and One (1) Block Thirty-three (33), and Lot Four (4) Block Thirty-two (32) three thousand nine hundred and sixty (3960) feet to the Southwest corner of Lot four (4), Block Thirty-two (32),; Thence North eight (8) degrees forty-five (45) minutes East along the West line of Lot Four (4), Block Thirty-two (32) one thousand three hundred and twenty (1320) feet to the Southeast corner of Lot Fourteen (14) Block Thirty-six (36); thence North eighty-one (81) degrees fifteen (15) minutes West along the South line of Lots Fourteen (14) Fifteen (15) and Sixteen (16), Block Thirty-six (36), three thousand Nine hundred and sixty (3,960) feet to the Southwest corner of Lot Sixteen (16), Block Thirty-six (36); Thence North eight (8) degrees forty-five (45) minutes East one thousand eight hundred and four and forty-seven hundredths (1,804.47) feet to the Northwest corner of Lot Sixteen (16) Block Thirty-six (36); Thence South seventy-eight (78) degrees thirty (30) minutes East along the South boundary line of the St. Louis, Brownsville & Mexico Railroad two thousand six hundred forty three and four hundredths (2,643.04) feet to the Northwest corner of Lot Fourteen (14) Block Thirty-six (36); thence North eight (8) degrees forty-five (45) minutes East two thousand eight hundred forty-four and seventy-six hundredths (2,844.76)

## C-3626-26-M

{ DEED 120 }

120/ 5-7 5-                                    575

feet along the West line of Lot Eleven (II), Block Thirty-six (36) to the place of beginning.

And whereas said outlying acreage, tracts or lots in said Townsite of Pharr, San Juan and Alamo are not includdd in said Hidalgo County, Water Improvement District No Two, which is now hereby acquiring said established irrigation system of said Louisiana-Rio Grande Canal Company]

Now, therefore, it is stipulated and in all things made part of the consideration hereof, that said Hidalgo County Water Improvement District No.Two shall continue to supply and furnish water to the then owners of said outlying acreage tracts or lots, in said Townsites of Pharr, San Juan and Alamo, as herein before described, for the purpose of irrigating same, so long as such water service may be required or desired by said respective owners thereof, upon the same terms and conditions and subject to the same rules, regulations and limitations, as water, for irrigation purposes, is furnished and supplied by said Hidalgo County Water Improvement District No.Two, its successors or assigns, the owner for the time being of said irrigation system, to the owners of lands in said District, and at a price or rate per acre or other unit, which will be in all things equal, but not greater, than the aggregate amount of taxes and rates for maintenance and for water service paid by or assessed against owners of lands, of approximately equal value, in said District. It being understood that said price, rate or charge to be fixed and charged by said District, for said Water service, for said acreage lots in said Townsites shall be such a price, rate or charge as will be equivalent to the aggregate amount (including the ad volorem taxes assessed to pay the principal and interest of all outstanding Bonds legally issued by the District, and the assessments made by said District for operating and maintaining its Irrigation System, including both the flat rate and the charge made for actual water service) charged to. and assessed against the owners of lands, of equal value as nearly as may be, in said District and it is hereby agreed that such rate is a reasonable rate for such water service. It being intended, that said acreage lots in said Townsite shall be supplied and furnished Water, for irrigation purposes, upon the same terms and conditions and at the same aggregate cost as if said lands were in and a part of said District and the owners of said lands shall be in no manner discriminated against by reason of said lands being without said District.

It is further stipulated that any of the owners of said lands may, at any time surrender said water right for any of such lands, and thereby be relieved from all liability for such service, by giving said District reasonable notice thereof.

TO HAVE AND TO HOLD the above described premises, property, rights and interests, together with all and singular the rights and appurtenances thereto and in any wise belonging, unto the said Hidalgo County Water Improvement District No.Two, its successors or assigns against every person whatsoever, lawfully claiming or to claim the same, or any part thereof.

WITNESS the signature of said LOUISIANA-RIO GRANDE CANAL COMPANY acting herein by and through its President, duly authorized hereto, attested by its Secretary, and its Corporate Seal hereto impressed this the 3Ist day of December A.D.1920.

                              LOUISIANA-RIO GRANDE CANAL COMPANY

                                  By R.B.Creager
                                           Its President.

(SEAL)

ATTEST:
E. L. Greene Secretary.

**C-3626-26-M**

( DEED   120 )

576.

120 / 576.

STATE OF TEXAS:

COUNTY OF CAMERON:  BEFORE ME, the undersigned authority, a Notary Public duly comm-
issioned and qualified in and for the County of Cameron, State of Texas, on this
day personally appeared R.B.Creager, known to me to be the person whose name  is
subscribed to the foregoing instrument, as President of the Louisiana-Rio Grande
CanalCompany, and acknowledged to  me that he executed the same for the purposes
and consideration therein expressed, and in the  capacity therein stated, and  as the
act and deed of said Louisiana-RioGrande CanalCompany, a Corporation.

Given under my hand and  official seal of office  this the 31st day of December
A.D.1920/

(SEAL)

R.E.Green
Notary Public in and  for Cameron County,
Texas.

1.-$I000.00 2-$I00.00 I-$30.00 and 2-$$I0.00
Doc.Rev. stamps, Hid.Water Imp. Dist. No.Two
Dec. 3I-I920 cancelled.

Filed for record this the 26th day of  May I92I at 2.36 o'clock P.M.

R.J. Kerwin Clerk County Court

Hidalgo Co.Texas.

By A.E.Chavez,Deputy

Recorded this the  9th day of June I92I at I2.00 o'clock M.

_____County Clerk

(SEAL)

WARRANTY DEED WITH SINGLE JOINT AND WIFE'S SEPARATE ACKNOWLEDGMENTS FROM MANUELA A.

BRAVO ET AL    TO HIDALGO COUNTY WATER IMPROVEMENT DIST. # 2

THE STATE OF TEXAS    |

COUNTY OF HIDALGO    |        KNOW ALL MEN BY THESE PRESENTS:

That we, Gavino Bravo and Clemensia Cavazos, husband and wife, Estevan Bravo and Hilaria Olibarez, husband and wife, Florencio Bravo and Maroela W. de Bravo, husband and wife, Ramon Montalvo and Adela M. Montalvo, husband and wife, Enrique Bravo and Mamie Champion, husband and wife, and Manuela A. Bravo, a widow, of the County of Hidalgo State of Texas for and in consideration of the sum of Ten and no/100 ($10.00) Dollars and other good and valuable consideration to us in hand paid by Hidalgo County Water Improvement District #2 a municipal corporation, the receipt of which is hereby acknowledged and confessed, have Granted, Sold and by these presents do Grant, Sell and Convey, unto the said Hidalgo County, Water Improvement District No. 2, a municipal corporation, of the County of Hidalgo State of Texas, all that certain lot, tract, or parcel of land, described as follows, to-wit:

Beginning at a stake in the line between Bravo and Wm. Brewster, which stake is S 8-44 1/2" Eight Hundred Fifty-seven (857) feet and N 81-14 1/2 " Five Hundred Twenty-six and four tenths (526.4) feet from a mesquite stob, the NE corner of Wm. Brewster's land,

Thence N 81-14 1/2 W. Four Hundred Twelve and three tenths (412.3) feet to the S.W corner of this survey,  Thence N 8-44 1/2 E. One Hundred Six and no tenths (106.0) feet to the NW corner of this survey; Thence S 81-14 ½ E. Four Hundred Twelve and Three tenths (412.3) feet to the line between Bravo and Brewster,  Thence with said line S 8-44 ½ W. One Hundred Six and no tenths (106.0) feet to the point of beginning.

Containing 1.00 acres, more or less.

TO HAVE AND TO HOLD THE above described premises, together with all and
singular, the rights and appurtenances thereto in anywise belonging unto the said Hidalgo
County Water Improvement District No. 2, a municipal corporation, its successors and assigns
forever; and  we do hereby bind ourselves, our heirs, executors and administrators, to
Warrant, and Forever Defend all and singular the said premises unto the said Hidalgo County
Water Improvement District No. 2, a municipal corporation, its successors and assigns,
against every person whomsoever lawfully claiming , or to claim the same, or any part thereof

Witness our hands at _____this 4th day of October A. D. 1929.

Witness at Request of Grantor:

Manuela B. Serna

Amada Rocas

Witnesses to mark of
Manuela A. Bravo

Federico Longoria
Mrs. J. E. Wilkins

Witnesses to Marks of
Esteban Bravo & Hilaria Olivares

her
Manuela X A. Bravo
mark
Gavino Bravo
Clemensia Cavazos
his
Estevan X Bravo
mark
her
Hilaria X Olibarez
mark
Florencio Bravo
Marcela W. de Bravo
Ramon Montalvo
Adela M. Montalvo
Mamie Champion
Enrique Bravo

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo
County, Texas, on this day personally appeared Manuela A. Bravo, a widow, known to me to
be the person whose name is subscribed to the foregoing instrument, and acknowledged to
me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, This 4th day of October, A. D. 1929.

(SEAL)

J. E. Wilkins
Notary Public, Hidalgo County, Texas

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo
County, Texas, on this day personally appeared Gavino Bravo and Clemensia Cavazos, his
wife, both known to me to be the persons whose names are subscribed to the foregoing
instrument and acknowledged to me that they each executed the same for the purposes and
consideration therein expressed, and the said Clemensia Cavazos, wife of the said Gavino
Bravo, having been examined by me privily and apart from her husband, and having the same
fully explained to her, she, the said Clemensia Cavazos acknowledged such instrument to
be her act and deed, and she declared that she had willingly signed the same for the pur-
poses and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, This 4th day of October, A. D. 1929.

(SEAL)

J. E. Wilkins
Notary Public, Hidalgo County, Texas

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo,
County, Texas, on this day personally appeared Estevan Bravo and Hilaria Olibarez, his
wife, both known to me to be the persons whose names are subscribed to the foregoing
instrument and acknowledged to me that they each executed the same for the purposes and
consideration therein expressed, and the said Hilaria Olibarez, wife of the said Estevan

Bravo, having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Hill C-3626-26-M knowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, This 4th day of October, A. D. 1929.

(SEAL)

J. E. Wilkins

Notary Public, Hidalgo County, Texas

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo County, Texas, on this day personally appeared Florencio Bravo and Marcela W. de Bravo, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Marcela W. de Bravo, wife of the said Florencio Bravo having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Marcela W. de Bravo acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, This 4th day of October, A. D. 1929.

(SEAL)

J. E. Wilkins

Notary Public, Hidalgo County, Texas

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo County, Texas, on this day personally appeared Ramon Montalvo and Adela M. Montalvo, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Adela M. Montalvo, wife of the said Ramon Montalvo having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Adela M. Montalvo acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, This 4th day of October, A. D. 1929.

(SEAL)

J. E. Wilkins

Notary Public, Hidalgo County, Texas

STATE OF TEXAS
COUNTY OF HIDALGO

BEFORE ME, the undersigned authority, a Notary Public in and for Hidalgo County, Texas, on this day personally appeared Enrique Bravo and Mamie Champion, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Mamie Champion, wife of the said Enrique Bravo, having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Mamie Champion acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Given under my hand and seal of office, this 4th day of October, A. D. 1929.

C-3626-26-M

(SEAL)

J. E. Wilkins

Notary Public, Hidalgo County, Texas

Filed for record this day October 10, 1929 at 8.11 o'clock A M

Cam E. Hill County Clerk

By  Scott O. Donkers, Deputy

Recorded this the 11th day of October A. D. 1929 at 8.00 o'clock A M

SEAL

Cam E. Hill County Clerk

By _____ Deputy

Deed Jno. T. Beamer C-3626-26-M and Rio Grande Canal Co.
Conveying 31.632 acres of land out of Porcions No 72. Los
Torritos Santa Ana & El Gato in Hidalgo County, Texas

The State Of Texas {
County Of Hidalgo } Know all Men By These Presents:
That I, John T. Beamer hereinafter sometimes styled
First Party, or grantor, for and in consideration
of the sum of One ($1.00) Dollar, in cash, to First Party
paid by the Louisiana-Rio Grande Canal Company
a private corporation organized and existing
under and by virtue of the laws of the State of Texas,
hereinafter sometimes styled Second Party, or grantee;
And the further consideration of the conveyance here-
after this day to be made, to First Party by Second
Party, of the land hereinafter described, and the transfer
and assignment therein, of one share of the capital
stock of said Louisiana-Rio Grande Canal Company
for each and every acre of said land thereby con-
veyed, as will more fully appear by reference to
said deed of conveyance thereto, when made, to
which said deed and its record in the Deed Re-
cords of Hidalgo County, when recorded, special refer-
ence is now made, and they are each in all
things made a part hereof.
And upon and for and in consideration of the
conditions, covenants, agreements, stipulations
reservations and undertakings in said deed of
conveyance contained, and to be contained, all
to be faithfully, well and truly kept and performed
by the parties thereto respectively, their respective

C-3626-26-M

D/R Vel 15

272

15

272-15

successors, assigns, heirs, legal representatives and all persons whomsoever claiming or holding any right, title, interest, claim, demand or privilege under this conveyance, or under said conveyance from Second Party to First Party, to be hereafter executed as aforesaid, and all of which said agreements, covenants, undertakings, terms, conditions and stipulations therein contained and provided are the prime, moving and true considerations hereof, and of said conveyance from Second Party to First Party to be hereafter executed as aforesaid.

Have Granted, Sold, Conveyed, Transferred and Assigned, and by these presents do Grant Sell Convey, Transfer and Assign unto Second Party all and singular the following described property to wit

First:

Being parts of Porcion Seventy-two (72), and Los Toritos, all of Santa Ana, and the upper or westernmost two (2) leagues of the El Gato grant, with the following three exceptions.

Except about two hundred (200) acres out of the El Gato upper league, the property of William Handy, and except about one hundred (100) acres out of Los Toritos the property of B. G. Stegman; and except about one hundred thirty-seven (137) acres being the right of way and station grounds of the St. Louis, Brownsville and Mexico railroad where the same crosses the above described land.

The entire tract being bounded on the south by the Rio Grande River; on the west by the lands of Stewart, Chapin, Lewis, Hammond & Fernandez and Closner; on the North by the sectionized school lands; and on the east by the league of land owned by Fifield & Hall containing in all about 31,632 acres, without the exceptions. It being the same land bought by me of P. E. Blalock and G. L. Hawkins and the land syndicate of the St. Louis Union Trust Company.

Reference to the deeds to which is hereby specifically made for a greater certainty of description

C-3626-26-M

DR Vol 15.

273

15

15 : 273.

Said deeds being of record in deed records of Hidalgo County, Texas in deed record books numbered ____ on page ____, ____ on page ____, and ____ on page ____ and all the land being in Hidalgo County State of Texas

Second.

All of the capital stock of the Louisiana-Rio Grande Canal Company now owned or held by First Party or to which First Party is, or may be now in any manner entitled, as stockholder of said corporation.

Third.

All and singular the water rights, appropriations, riparian rights, titles, privileges, uses and easements relating to, connected with, or in any manner affecting or pertaining to the taking, use or enjoyment of water in and from the Rio Grande River whatsoever, which pertain, are incident to, or in any manner connected with or affect the said land hereby conveyed, or any part thereof, or any other land under or covered by said Louisiana-Rio Grande Canal Company's canal system, as the same is now constructed or located, as the same is contemplated to be hereafter constructed, which the grantor herein has, owns or possesses, or to which said grantor is in any manner entitled, as owner of said above described land riparian to the Rio Grande River, or otherwise, or which First Party may hereafter, in any manner, become entitled to or acquire as incident or appurtenant to the ownership of said land riparian to the Rio Grande River, or by appropriation, or otherwise, it being the intention of the grantor herein to convey to grantee here any and all water rights and appropriations whatsoever now owned or hereafter acquired by the grantor herein, which are incident, appurtenant to, or in any manner connected with, or affect the tract of land herein and hereby conveyed, or to any other land under or covered by said Louisiana-Rio Grande Canal Company's said irrigation system, as

C-3626-26-M

8/2 Vol. 15

274.

274-15

5

constructed or as the same is contemplated to
be constructed, whether acquired by prescription,
appropriation or otherwise.
It being the express intention of the parties
hereto, and each of them, that the Second Party
herein, its successors or assigns shall have
the full dominion, use control, enjoyment, ownership
and disposition of all water rights, appropriation
uses privileges and easements relating to,
connected with, pertaining to or in any manner
affecting the taking, use and enjoyment of water
in and from the Rio Grande River, whatsoever,
which pertain to, are incident or appurtenant,
to, or in any manner connected with, or affect
the lands hereby conveyed, and all the lands
under or covered by Second Party's irrigation
system as the same is now, or as the same is
contemplated to be hereafter, constructed, so long
as Second Party, its successors or assigns shall
faithfully keep carry out, discharge and perform
its agreements and undertakings set forth in
said conveyance to be hereafter executed by
Second Party to First Party, as aforesaid, relative
to the supplying and furnishing water for irrigation
purposes, and operate and maintain all its
said canal system for such purposes.
And any and all such rights as First Party
herein has, or may at any time have had
or acquired, shall vest in, and hereafter be the
property of Second Party herein, its successors
or assigns, subject only to the condition and
limitation that a permanent failure of said
Second Party to supply and furnish water
to First Party, heirs, successors, assigns, or
legal representatives, under the terms, conditions
and stipulations in said conveyance to be
made by Second Party to First Party, as afore-
said, or a permanent abandonment of Second
Party of the operation and maintenance of said
canal system, and the consequent failure to
keep and perform its covenants, agreements

C-3626-26-M

Qk Vol 15

275

and undertakings set forth and provided in said conveyance from Second Party to First Party as aforesaid, to furnish and supply water as therein contained and provided, shall operate as a forfeiture of its right and title hereby conveyed to said water rights, riparian rights appropriations, uses, privileges and easements relating to a and connected with, pertaining to, in in any manner affecting the use, taking and enjoyment of water in and from the Rio Grande River, as hereinbefore described, and the right and title thereto, insofar as the same is connected with, or related to the land hereby conveyed, shall thereupon and therewith, revert to and become the property of First Party, heirs, successors, assigns or legal representatives, the then owners of said land

To Have and To Hold the above described premises, land, property, rights, and easements, together with, all and singular the rights, privileges, apurtenances, and improvements thereunto incident appurtenant or belonging unto the said Louisiana Rio Grande Canal Company, its successors or assigns forever. and the grantor herein does hereby bind himself his heirs, executors, administrators, successors and legal representatives to warrant and forever defend all and singular the said premises and property unto the said Louisiana Rio Grande Canal Company, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through or under First Party and no further.

Witness the signature of the grantor herein on this the 1st day of March A.D. 1911

Signed & delivered in the presence of:    John T. Beamer

1 John T Moffit

2.

The State Of Iowa {
County Of Cedar { Before me, the undersigned authority on this day personally appeared John T Beamer known to me to be the person whose name is

C-3626-26-M

D/R Vol. 15

276

276-15                                    15

subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this the 1st, day of March A. D. 1911

John T. Moffit

SEAL

Notary Public in & for Cedar County

Filed for Record in the office of the County Clerk of Hidalgo County, Texas, at 4¹⁰ Oclock P. M. this 9th day of May A. D. 1911

A. E. Chavez County Clerk of Hidalgo County

Recorded May 12th A. D. 1911 at 2²⁰ Oclock P. M.

SEAL

County Clerk.

C-3626-26-M



11:12 AM | Jul 21, 2026

Tues

Doffin Canal Rd, Alamo TX 78516

Company: Hidalgo County Irrigation District 2

Name: Fred

**PLAINTIFF'S EXHIBIT**

**B**

Photo by

**Timemark**

**C-3626-26-M**



**C-3626-26-M**

CAUSE NO. _____

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 | § § § | IN THE DISTRICT COURT |
| vs. | § § | _____ JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC | § § | HIDALGO COUNTY, TEXAS |

---

## VERIFICATION OF ANTHONY STAMBAUGH

---

STATE OF TEXAS               §

HIDALGO COUNTY               §


Before me, the undersigned notary, on this day personally appeared ANTHONY STAMBAUGH, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is ANTHONY STAMBAUGH. I am the general manager for Hidalgo County Irrigation District Number 2 hereinafter "District". I am capable of making this verification. I have read Plaintiff's Original Petition and Application for Temporary Restraining Order, for a Temporary and Permanent Injunction. The facts stated in it are within my personal knowledge and are true and correct. The documents attached as Exhibit 1 are recorded deeds showing the District's ownership interest and Exhibit 2 are photographs the District has taken during the month of July 2026 showing recent construction activity on and near the District's property."



PLAINTIFF'S EXHIBIT

C

**C-3626-26-M**

_____
ANTHONY STAMBAUGH

Sworn to and subscribed before me by ANTHONY STAMBAUGH on July 29, 2026.

_____
Notary Public in and for
the State of Texas
My commission expires:
12/29/2029



**Order Setting Hearing for Temporary Injunction**

Electronically Filed
7/30/2026 11:57 AM
Hidalgo County District Clerks
Reviewed By: Austin McClelland

CAUSE NO. C-3626-M

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 | § § § | IN THE DISTRICT COURT |
| vs. | § § | 476TH JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC AND ROYAL CONCRETE PRODUCTS, LLC | § § § | HIDALGO COUNTY, TEXAS |

**ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER**
**& ORDER SETTING HEARING FOR TEMPORARY INJUNCTION**

After considering Plaintiff Hidalgo County Irrigation District No. 2's Application for Temporary Restraining Order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff, and if the Court does not issue the Temporary Restraining Order, Plaintiff will be irreparably injured because Defendants' continued entry upon Plaintiff's Property and continued construction, excavation, concrete placement, concrete pouring, and related activities take away Plaintiff's possession of its Property and threaten to damage Plaintiff's irrigation canals, easements, irrigation infrastructure, and interfere with Plaintiff's operation of its irrigation systems. The Court further finds that such injury is imminent and irreparable because interference with Plaintiff's property rights and damage to its irrigation facilities cannot be adequately remedied by monetary damages alone, and because such ongoing interference threatens the integrity of Plaintiff's irrigation system pending a hearing on Plaintiff's Application for Temporary Injunction.

An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, Defendants Spencer Construction LLC and Royal Concrete Products, LLC are actively engaged in

Page **1** of **3**

AM

Electronically Filed
7/30/2026 11:57 AM
Hidalgo County District Clerks
Reviewed By: Austin McClelland

construction activities on Plaintiff's Property and affecting Plaintiff's Property. Spencer Construction LLC is performing construction and excavation activities, and Royal Concrete Products, LLC is entering upon Plaintiff's Property to perform concrete delivery, placement, pouring, and related work. Absent the immediate issuance of this Temporary Restraining Order, Defendants will likely continue entering upon Plaintiff's Property and performing work that threatens to damage Plaintiff's irrigation canals, easements, and irrigation infrastructure. Such continuing trespass and construction-related activities would result in immediate and irreparable injury for which there is no adequate remedy at law.

IT IS THEREFORE ADJUDGED, ORDERED, AND DECREED that Defendants Spencer Construction LLC and Royal Concrete Products, LLC, together with their respective officers, agents, servants, employees, subcontractors, representatives, and all persons acting in concert or participation with them who receive actual notice of this Order, are temporarily restrained and enjoined from:

a. Entering upon Plaintiff's "Property" (defined as 60 feet on either side of the centerline of its irrigation canal) without Plaintiff's prior written authorization;

b. Performing any construction, excavation, grading, concrete delivery, concrete placement, concrete pouring, alteration, modification, or any other activities on Plaintiff's Property, or outside of Plaintiff's Property that cause damage to Plaintiff's Property, canals, ditches, irrigation facilities, easements, or infrastructure;

c. Interfering with Plaintiff's ownership, possession, control, management, maintenance, use, and operation of its Property and irrigation facilities, including its irrigation canal;

Page **2** of **3**

AM

Electronically Filed
7/30/2026 11:57 AM
Hidalgo County District Clerks
Reviewed By: Austin McClelland

d.    Taking any other action that would further impair Plaintiff's property rights or interfere with Plaintiff's use and operation of its irrigation system.

The Court further orders the Clerk to issue notice to Defendants Spencer Construction LLC and Royal Concrete Products, LLC that the hearing on Plaintiff's Application for Temporary Injunction is set for ___August 13___, 2026, at ___11___ a.m./p.m. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be continued as a Temporary Injunction pending a final trial on the merits.

The Court sets bond at $___400.00___.

This order expires at 5:00 p.m. on the date of the temporary injunction hearing.

SIGNED this _____ day of ___7/30/2026___

_____
JUDGE PRESIDING

7/31/2026

Copies to:
Lance Kirby – lakirby@jgkl.com; lrodriguez@jgkl.com
Jose A. Villarreal – jvillarreal@jgkl.com

CERT. THREE PAGES

AM

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Letty Rodriguez on behalf of Lance Kirby
Bar No. 00794096
lrodriguez@jgkl.com
Envelope ID: 118012736
Filing Code Description: Proposed Order
Filing Description: ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION
Status as of 7/30/2026 1:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lance A.Kirby | | lakirby@jgkl.com | 7/30/2026 11:57:04 AM | SENT |
| Jose A.Villarreal | | jvillarreal@jgkl.com | 7/30/2026 11:57:04 AM | SENT |

**Citation as to Spencer Construction, L.L.C.**

## CAUSE NO. C-3626-26-M
## 476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued, you may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.


**SPENCER CONSTRUCTION, LLC**
**REGISTERED AGENT: NORTHWEST REGISTERED AGENT, LLC**
**5900 BALCONES DRIVE, SUITE 100**
**AUSTIN TX  78731**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**, on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 30th day of July, 2026, and a copy of same accompanies this citation.  The file number and style of said suit being **C-3626-26-M** and styled **HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 VS. SPENCER CONSTRUCTION, LLC, ROYAL CONCRETE PRODUCTS, LLC**.

Said Petition was filed in said court by **ATTORNEY LANCE A. KIRBY WHOSE ADDRESS IS 2300 WEST PIKE BOULEVARD, SUITE 300, WESLACO TX 78596**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas 07/31/26.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**

C-3626-26-M
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ....................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of _____, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**C-3626-26-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

### NOTICE TO SHOW CAUSE

---

**HIDALGO COUNTY IRRIGATION DISTRICT NO. 2**
**VS.**
**SPENCER CONSTRUCTION, LLC, ROYAL CONCRETE PRODUCTS, LLC**

---

### THE STATE OF TEXAS

**TO: SPENCER CONSTRUCTION, LLC**

YOU ARE HEREBY COMMANDED TO APPEAR before the **Honorable Nereida Lopez-Singleterry**, 476th District Court of Hidalgo County, Texas at the Court House in Edinburg, Texas **08/13/26** at **11:00:00** then and there to show cause if any why:

### ***SEE ATTACHED CERTIFIED COPIES ***

as prayed for in the **ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION** and as ordered in Judge's fiat, true and correct copies of which are attached hereto and made part hereof for all purposes.

**HEREIN FAIL NOT,** but of this writ, and how you have executed the same, make due return.

**GIVEN UNDER MY HAND AND SEAL** of office at Edinburg, Texas 07/31/26.

**LAURA HINJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**



_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**

---

### OFFICER'S RETURN

Came to hand on the this _____ day of _____, 202____ at _____ o'clock ___ M. and executed on the ____ day of _____, 202___, by delivering to _____, the within named, in person, a true copy of this notice.

| | | |
|---|---|---|
| Fees: Serving .............copies | $_____ | HIDALGO COUNTY, TEXAS |
| Miles .......................... | $_____ | |
| TOTAL......................... | $_____ | By: _____ |
| | | DEPUTY |

**TEMPORARY RESTRAINING ORDER**

**THE STATE OF TEXAS**

**CAUSE NO. C-3626-26-M**

TO:    SPENCER CONSTRUCTION, LLC

GREETINGS:

WHEREAS, **HIDALGO COUNTY IRRIGATION DISTRICT NO. 2,** filed a petition in the 476th District Court of Hidalgo County, Texas on this the 30th day of July, 2026 in a suit number C-3626-26-M on the docket of said Court, wherein HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 is Plaintiff(s) and SPENCER CONSTRUCTION, LLC; ROYAL CONCRETE PRODUCTS, LLC is Defendant(s), alleging a cause of action and the action of the Judge's fiat thereon, all of which is attached hereto; and

WHEREAS, the said Plaintiff has executed and filed with the Clerk a BOND in the sum of **$400.00**, payable and conditioned as required by law and the order of the Judge.

**YOU ARE THEREFORE COMMANDED** to take notice of such petition, and to desist and refrain from the acts restrained and prohibited, as set out in the Court's fiat, a copy of which, together with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION   FOR TEMPORARY RESTRAINING ORDER AND ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER  & ORDER SETTING HEARING FOR TEMPORARY INJUCTION** as the same is with the Court filed, is hereto attached and made a part hereof to all intent and purposes, and obey and execute the order of the Judge until pending the hearing of such petition in the Courthouse of this Court in Edinburg, Texas **08/13/26 at 11:00:00***SEE ATTACHED COPIES*** when and where you will appear to show cause why an injunction should not be granted upon such petition effective until final decree in such suit.

**GIVEN AND ISSUED UNDER MY HAND AND SEAL** of office at Edinburg, Texas 07/31/26.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**

**OFFICER'S RETURN**

Came to hand the _____ day of _____, 202___ at _____ o'clock ____.m. and executed on the ____ day of _____, 202___ at _____ o'clock ____.m. by delivering the within named Defendant, _____ at _____ in _____ County, Texas, in person, a true copy of this Writ of Temporary Restraining Order and Notice and the accompanying copy of Plaintiff's petition.
Fees: $_____
      $_____

                                          **BY: _____**
                                                **DEPUTY**

**Citation as to Royal Concrete, L.L.P.**

CAUSE NO. C-3626-26-M
476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION
THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued, you may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**ROYAL CONCRETE PRODUCTS, LLC**
**REGISTERED AGENT: CESAR PEREZ**
**5361 N. ABRAM RD.**
**MISSION TX  78574**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**, on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 30th day of July, 2026, and a copy of same accompanies this citation.  The file number and style of said suit being **C-3626-26-M** and styled **HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 VS. SPENCER CONSTRUCTION, LLC, ROYAL CONCRETE PRODUCTS, LLC**.

Said Petition was filed in said court by **ATTORNEY LANCE A. KIRBY WHOSE ADDRESS IS 2300 WEST PIKE BOULEVARD, SUITE 300, WESLACO TX 78596**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas 07/31/26.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**

C-3626-26-M
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____


_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of _____, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**C-3626-26-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

## NOTICE TO SHOW CAUSE

**HIDALGO COUNTY IRRIGATION DISTRICT NO. 2**
**VS.**
**SPENCER CONSTRUCTION, LLC, ROYAL CONCRETE PRODUCTS, LLC**

### THE STATE OF TEXAS

**TO: ROYAL CONCRETE PRODUCTS, LLC**

YOU ARE HEREBY COMMANDED TO APPEAR before the **Honorable Nereida Lopez-Singleterry**, 476th District Court of Hidalgo County, Texas at the Court House in Edinburg, Texas **08/13/26** at **11:00:00** then and there to show cause if any why:

### ***SEE ATTACHED CERTIFIED COPIES ***

as prayed for in the **ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUCTION** and as ordered in Judge's fiat, true and correct copies of which are attached hereto and made part hereof for all purposes.

**HEREIN FAIL NOT,** but of this writ, and how you have executed the same, make due return.

**GIVEN UNDER MY HAND AND SEAL** of office at Edinburg, Texas 07/31/26.

**LAURA HINJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**



### OFFICER'S RETURN

Came to hand on the this \_\_\_\_\_ day of _____, 202\_\_\_\_ at _____ o'clock \_\_\_ M. and executed on the \_\_\_\_ day of _____, 202\_\_\_, by delivering to _____, the within named, in person, a true copy of this notice.

Fees: Serving .............copies  $_____       HIDALGO COUNTY, TEXAS
     Miles ...........................  $_____
     TOTAL..........................  $_____       By: _____
                               DEPUTY

---

**TEMPORARY RESTRAINING ORDER**

---

**THE STATE OF TEXAS**

**CAUSE NO. C-3626-26-M**

**TO:    ROYAL CONCRETE PRODUCTS, LLC**

**GREETINGS:**

**WHEREAS, HIDALGO COUNTY IRRIGATION DISTRICT NO. 2,** filed a petition in the 476th District Court of Hidalgo County, Texas on this the 30th day of July, 2026 in a suit number C-3626-26-M on the docket of said Court, wherein HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 is Plaintiff(s) and SPENCER CONSTRUCTION, LLC; ROYAL CONCRETE PRODUCTS, LLC is Defendant(s), alleging a cause of action and the action of the Judge's fiat thereon, all of which is attached hereto; and

**WHEREAS,** the said Plaintiff has executed and filed with the Clerk a BOND in the sum of **$400.00**, payable and conditioned as required by law and the order of the Judge.

**YOU ARE THEREFORE COMMANDED** to take notice of such petition, and to desist and refrain from the acts restrained and prohibited, as set out in the Court's fiat, a copy of which, together with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION   FOR TEMPORARY RESTRAINING ORDER AND ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER  & ORDER SETTING HEARING FOR TEMPORARY INJUCTION** as the same is with the Court filed, is hereto attached and made a part hereof to all intent and purposes, and obey and execute the order of the Judge until pending the hearing of such petition in the Courthouse of this Court in Edinburg, Texas **08/13/26 at 11:00:00***SEE ATTACHED COPIES**** when and where you will appear to show cause why an injunction should not be granted upon such petition effective until final decree in such suit.

**GIVEN AND ISSUED UNDER MY HAND AND SEAL** of office at Edinburg, Texas 07/31/26.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**AUSTIN MCCLELLAND, DEPUTY CLERK**

**OFFICER'S RETURN**

Came to hand the _____ day of _____, 202___ at _____ o'clock ____.m. and executed on the _____ day of _____, 202___ at _____ o'clock ____.m. by delivering the within named Defendant, _____ at _____ in _____ County, Texas, in person, a true copy of this Writ of Temporary Restraining Order and Notice and the accompanying copy of Plaintiff's petition.
Fees: $_____
       $_____

                                            **BY:** _____
                                                        **DEPUTY**

# Spencer Construction, L.L.C.'s Plea to the Jurisdiction, Improper Party Named, Original Answer, and Counter Claim

Electronically Filed
8/5/2026 6:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

CAUSE NO. C-3626-26-M

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION | § | IN THE DISTRICT COURT |
| DISTRICT NO. 2 | § | |
| VS. | § | 476TH JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC AND | § | |
| ROYAL CONCRETE PRODUCTS, LLC | § | HIDALGO COUNTY, TEXAS |

**SPENCER CONSTRUCTION, LLC  PLEA TO THE JURIDSICTION,  IMPROPER PARTY NAMED,  ORIGINAL ANSWER AND COUNTER CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SPENCER CONSTRUCTION, LLC and files this its Plea to the Jurisdiction,

that it is not a proper party, its Original Answer and Affirmative Defenses and Counter-Claim

and would show as follows:

JURISDICTION/IMPROPER PARTY

This Honorable Court has no jurisdiction over the Plaintiff's claims against these Defendants

because the work being performed as it is pursuant to contract with the United States Federal

Government to build the "border wall".   Plaintiff Spencer Construction under contract number

70B01C26D00000013 and order number 70B01C26F000000261with the Department of

Homeland Security and Customs Border Protection began construction on or about July 13,

2026.  Prior to that date a portion of the wall had already been constructed along the same canal

bank that is the subject of the Plaintiff's complaint.  Plaintiff never logged a complaint when the

former contractor was building the prior portion of the "boarder wall" The United States of

America,  Department of Homeland Security is the proper party in this case and not the named

Defendants. Plaintiffs have sued the wrong party.

Electronically Filed
8/5/2026 6:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

As such this Court has no authority to order a cessation of the work by the named Defendants. Defendant SPENCER CONSTRUCTION, LLC and ROYAL CONCRETE PRODUCTS, LLC are under a contract to construct the "border wall" and as such invokes federal jurisdiction. This Court must dismiss the Plaintiff's action and dissolve the Temporary Restraining Order.

## GENERAL DENIAL

Subject to the plea to the Jurisdiction, Defendant, SPENCER CONSTRUCTION, LLC denies each and every allegation contained in the Plaintiff's Original Petition and demands strict proof thereof.

The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff. At any trial of this cause, Defendant will exercise his legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon it, to prove each and every material allegation contained in their pleadings by the preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

Defendant Spencer Construction, L.L. C pleads the appliable statute of limitations.

Defendant Spencer Construction L.LC. pleads as an affirmative defense waiver

Electronically Filed
8/5/2026 6:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

## COUNTER CLAIM

Defendant, SPENCER CONSTRUCTION LLC brings a counter claim against the Plaintiff,

Hidalgo County Irrigation District No. 2 for damages it has caused as a result of unlawfully

obtaining a Temporary Restraining Order against Defendants Spencer Construction LLC and

Royal Concrete Products LLC.

Due to the court ordered Defendant-Counter-Plaintiff is sustaining losses in the amount of

$50,000 per day since the service of the Temporary Restraining Order.

Defendant, Counter-Plaintiff Spencer Construction, LLC seeks damages in an amount to be

determined by the number of days that the Temporary Restraining Order and if Plaintiff-

Counter-Defendant Hidalgo Irrigation District No. 2 is successful in obtaining a Temporary

Injunction and $50,000.

RESPECTFULLY SUBMITTED

LAW OFFICES RUBEN R. PENA
5375 Camino de la Tierra
Brownsville, Texas 78526
(956-)778-3930 (Cellular)
ruben@rubenpenalaw.com

by: /s/Ruben R. Peña
Ruben R. Peña
S.B.N. 15740900

**CERTIFICATE OF SERVICE**

I certify that on this the 5th day of August, 2026 a true and correct copy of the above pleading
was served on all counsel of record via the court's electronic service system.

By: /s/Ruben R. Peña
Ruben R. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ruben Pena on behalf of Ruben Pena
Bar No. 15740900
ruben@rubenpenalaw.com
Envelope ID: 118280580
Filing Code Description: Cross Action
Filing Description: Answer and Counterclaim
Status as of 8/6/2026 8:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lance A.Kirby | | lakirby@jgkl.com | 8/5/2026 6:49:38 PM | SENT |
| Jose A.Villarreal | | jvillarreal@jgkl.com | 8/5/2026 6:49:38 PM | SENT |
| L Rodriguez | | lrodriguez@jgkl.com | 8/5/2026 6:49:38 PM | SENT |

**Spencer Construction, L.L.C.'s Emergency Motion to Dissolve Temporary Restraining Order**

Electronically Filed
8/6/2026 11:43 AM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

CAUSE NO. C-3626-M

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION | § | IN THE DISTRICT COURT |
| DISTRICT NO. 2 | § | |
| VS. | § | 476TH JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC AND | § | |
| ROYAL CONCRETE PRODUCTS, LLC | § | HIDALGO COUNTY, TEXAS |

## SPENCER CONSTRUCTION, LLC  EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SPENCER CONSTRUCTION, LLC and files this its Emergency Motion to Dissolve the Temporary Restraining Order issued by this Court on July 30, 2026 and for cause would show as follows:

## JURISDICTION/IMPROPER PARTY

This Honorable Court has no jurisdiction over the Plaintiff's claims against these Defendants because the work being performed as it is pursuant to contract with the United States Federal Government to build the "border wall".   Plaintiff Spencer Construction under contract number 70B01C26D00000013 and order number 70B01C26F000000261with the Department of Homeland Security and Customs Border Protection began construction on or about July 13, 2026.  Prior to that date a portion of the wall had already been constructed along the same canal bank that is the subject of the Plaintiff's complaint.  The United States of America,  Department of Homeland Security is the proper party in this case and not the named Defendants.

Electronically Filed
8/6/2026 11:43 AM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

## NO IRREPARABLE INJURY

Defendant will show that it is a responsible contractor, had taken measures to prevent any spoilage entering the Plaintiff's canal and without warning Plaintiff's employees destroyed the wattles it has put into place to prevent any spoilage to effect the Plaintiffs canal. Additionally, Defendant will show that the canal which the Plaintiff claims is subject to being blocked due to the Defendant's actions is already filled with dirt and other sediment that prevents the flow of water.

## DAMAGES

Defendant is sustaining damages in the amount of $50,000 per day as a result of the restraining order. As such the bond set by the court is totally inadequate and Defendant seeks to increase the bond to $1,000,000.00

## CONCLUSION

As such this Court has no authority to order a cessation of the work by the named Defendants. Defendant SPENCER CONSTRUCTION, LLC and ROYAL CONCRETE PRODUCTS, LLC are under a contract to construct the "border wall" with the United States Federal Government and as such invokes federal jurisdiction. This Court must dissolve the Temporary Restraining Order.

RESPECTFULLY SUBMITTED

LAW OFFICES RUBEN R. PENA
5375 Camino de la Tierra
Brownsville, Texas 78526
(956-)778-3930 (Cellular)
ruben@rubenpenalaw.com

Electronically Filed
8/6/2026 11:43 AM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

*by: /s/Ruben R. Peña*
Ruben R. Peña
\\         S.B.N. 15740900

## CERTIFICATE OF SERVICE

I certify that on this the 5th day of August, 2026 a true and correct copy of the above pleading was served on all counsel of record via the court's electronic service system.

*By: /s/Ruben R. Peña*
Ruben R. Peña

## CERTIFICATE OF CONFERENCE

On this the 6th day of August, 2026 I attempted to resolve this matter with opposing counsel but could not reach and agreement.

*/s/Ruben R Peña*

Ruben R. Peña

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ruben Pena on behalf of Ruben Pena
Bar No. 15740900
ruben@rubenpenalaw.com
Envelope ID: 118302168
Filing Code Description: Motion (No Fee)
Filing Description: Emergency Motion to Dissovle TRO
Status as of 8/6/2026 11:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lance A.Kirby | | lakirby@jgkl.com | 8/6/2026 11:43:26 AM | SENT |
| Jose A.Villarreal | | jvillarreal@jgkl.com | 8/6/2026 11:43:26 AM | SENT |
| L Rodriguez | | lrodriguez@jgkl.com | 8/6/2026 11:43:26 AM | SENT |

# Order Setting Hearing on Spencer Construction's Emergency Motion

Electronically Filed
8/6/2026 11:43 AM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

CAUSE NO. C-3626-M

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION | § | IN THE DISTRICT COURT |
| DISTRICT NO. 2 | § | |
| VS. | § | 476TH JUDICIAL DISTRICT |
| SPENCER CONSTRUCTION, LLC AND | § | |
| ROYAL CONCRETE PRODUCTS, LLC | § | HIDALGO COUNTY, TEXAS |

## ORDER SETTING HEARING ON

## SPENCER CONSTRUCTION, LLC  EMERGENCY MOTION TO DISSOLVE

## TEMPORARY RESTRAINING ORDER

Came to be presented the Defendant's Emergency Motion to Dissolve the Court's Temporary Restraining Order the Court sets the hearing for the ___ day of Auguist, 2026 at ___ o'clock __ m.

**August 13, 2026 @ 11 AM**

In the courtroom of the 476th District Court, Hidalgo County, Texas.

Signed on this the ___ day of August, 2026.

_____

Judge Presiding

cc: ruben@rubenpenalaw.com

   lakirby@jgkl.com

   jvillarreal@jgkl.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ruben Pena on behalf of Ruben Pena
Bar No. 15740900
ruben@rubenpenalaw.com
Envelope ID: 118302168
Filing Code Description: Motion (No Fee)
Filing Description: Emergency Motion to Dissovle TRO
Status as of 8/6/2026 11:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lance A.Kirby | | lakirby@jgkl.com | 8/6/2026 11:43:26 AM | SENT |
| Jose A.Villarreal | | jvillarreal@jgkl.com | 8/6/2026 11:43:26 AM | SENT |
| L Rodriguez | | lrodriguez@jgkl.com | 8/6/2026 11:43:26 AM | SENT |