IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, | § § § | CIVIL ACTION NO. 7:26-cv-00368 |
| v. | § § | |
| SPENCER CONSTRUCTION, LLC AND ROYAL CONCRETE PRODUCTS, LLC, | § § | |

**PLAINTIFF'S EMERGENCY MOTION TO CONTINUE AND EXTEND THE STATE COURT'S TEMPORARY RESTRAINING ORDER, FOR PRELIMINARY INJUNCTION, AND FOR EXPEDITED HEARING**

Plaintiff HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 (the "District") respectfully moves under Federal Rule of Civil Procedure 65 for an order (1) recognizing that the temporary restraining order entered by the 476th Judicial District Court of Hidalgo County, Texas remains effective after removal; (1) extending the restraining order entered by the 476th Judicial District Court of Hidalgo County, Texas for the short period authorized by Rule 65(b)(2), through August 27, 2026, to prevent a lapse before this Court can conduct a hearing; and (2) setting an expedited hearing and, after notice and hearing, enter a preliminary injunction preserving the District's possession and protecting its operating irrigation canal and related infrastructure pending final judgment.

The state court case was removed on August 12, 2026, at approximately noon. Emergency relief is required by August 13, 2026, at 5:00 p.m. The state-court restraining order expires at this time. Unless this Court acts before that deadline, Defendants have stated through their pleading that they intend to continue the challenged border-barrier construction, and the District faces renewed entry, excavation, concrete placement, and deposition of soil on and into its active irrigation canal. As an example of dirt washing out

1

that occurred within the past few weeks, see the photographs attached as Exhibit 1 hereto. The requested interim extension is limited to the existing restraints outlined in the existing temporary restraining order and only for the time necessary to hold the preliminary-injunction hearing.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The District is a Texas irrigation district located in San Juan Texas with facilities throughout Hidalgo County that supplies water through a system of canals, laterals, pump stations, and control structures. The disputed[1] property is a 120-foot strip centered on the District's irrigation canal with 60 feet on each side of the canal centerline. The District's recorded instruments, included in the state-court record as Exhibit A to its Original Petition, establish its property interest and right of possession. (See Doc. 1-1, pgs. 18-73)

Beginning on or about July 20, 2026, SPENCER CONSTRUCTION, LLC ("Spencer") entered the disputed property and performed excavation and border-barrier construction. ROYAL CONCRETE PRODUCTS, LLC ("Royal") drove concrete trucks onto the property, delivered and poured concrete, and supported Spencer's construction. During this activity, substantial dirt fell into the operating irrigation canal. The verified state-court petition, photographs, and supporting declaration document these conditions. (See Doc. 1-1, pgs. 6-77).

The District did not consent to Defendants' entry or construction. (See Doc. 1-1, pgs. 8--9).On July 21, 2026, the District demanded that Spencer cease the unauthorized

---

[1] Presumably, it is disputed. Neither the contractor Spencer nor the United States have provided any information to the District as to why they believe they have the right to build where they are building or why they can place heavy equipment and bollards on the lip of the irrigation canal. This might be an instance of the United States trying to force the District to file an inverse claim after the construction is completed in complete violation of federal law. This would not be the first time for the United States to do this as counsel experienced this on other cases. See *United States v. 4.620 Acres of Land, more or less, in Hidalgo Cnty., Texas*, No. 7:20-CV-00154, 2021 WL 973460, at *2-3 (S.D. Tex. Mar. 16, 2021).

activity and remove its personnel, equipment, and materials. *Id.* Despite that demand, the activity continued. *Id* at 9.

On July 30, 2026, the District filed suit in the 476th Judicial District Court of Hidalgo County, asserting trespass and seeking temporary and permanent injunctive relief. (See Doc. 1-1, pgs. 6-16) The state court entered a Temporary Restraining Order on July 30, 2026 after finding imminent and irreparable injury to the District's possession, canal, easements, irrigation infrastructure, and operations. (See Doc. 1-1 at pgs 1-17 and pgs 79-81.) The Temporary Restraining Order expires at 5:00 p.m. on August 13, 2026.

## II.    THE COURT SHOULD CONTINUE AND BRIEFLY EXTEND THE TRO

Section 1450 provides that "[a]ll injunctions, orders, and other proceedings" entered before removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Thus, the state restraining order remained effective upon removal, subject to its existing expiration and Rule 65.

A removed state temporary restraining order remains effective no longer than state law would allow and in no event longer than Rule 65(b)'s limit measured from removal. Before expiration, however, this Court may extend it for good cause for a like period. *Fed. R. Civ. P.* 65(b)(2); Good cause exists here because removal displaced the previously contemplated state-court temporary-injunction hearing the day before it was to be had, and the canal and public water operations remain exposed to immediate physical alteration. The District requests only enough time for a preliminary injunction hearing where the District can present its evidence to stop the intrusion.

The District does not seek to enlarge the state order. It merely asks the Court to preserve the same status quo (that no unauthorized entry or construction on the defined 120-foot strip be performed until the Court can hear the preliminary-injunction request.)

3

The United States filed the removal on behalf of Defendant Spencer which has appeared, has notice of this motion, both of which may be heard at the expedited hearing seeking a preliminary injunction.

### III.    THE DISTRICT SATISFIES THE PRELIMINARY-INJUNCTION STANDARD

A preliminary injunction requires: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent relief; (3) that the threatened injury outweighs the harm caused by the injunction; and (4) that the injunction will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis*., L.L.C., 710 F.3d 579, 582 (5th Cir. 2013). Each factor supports limited relief protecting the District's property and operating canal.

### A.    The District is substantially likely to prevail on its trespass claim.

Texas trespass requires proof of an entry onto another's property without consent or authorization. *Envtl. Processing Sys., L.C. v. FPL Farming Ltd.,* 457 S.W.3d 414, 419 (Tex. 2015). The District's recorded instruments establish its ownership or possessory interest in the defined strip. The photographs and declaration establish Defendants' intentional physical entry and construction on Plaintiff's property. The District commissioned a survey which shows that the recently construction bollard walls are 45.7 feet from the canal centerline in one point and 53.2 feet from the centerline at another point (see Exhibit 2). The previous construction in 2020-2021 timeframe shows the bollards are just barely outside the strip at 61 feet.

Spencer's identification of a federal construction contract does not itself convey a property interest in the District's land. To the date of this filing, Defendant has produced no federal deed, easement, right of entry, declaration of taking, condemnation order, or route document authorizing occupation of this particular strip. Nor does federal contractor

status trump state property law. At minimum, the present evidence establishes a substantial likelihood that Defendants entered beyond any demonstrated authority because it is highly doubtful that the United States would order the contractor to trespass onto the District's property.

**B.      Unrestrained construction threatens imminent, irreparable injury.**

The threatened harm is physical and operational, not merely economic. Defendants' construction has altered the District's real property and caused large amounts of dirt to enter an active canal. If the ongoing construction is completed, the District will not be able to maintain its irrigation canal and would lose it requiring construction of an entirely new canal along with acquisition of property to place it. The numerous customers would lose access to water during this entire time period which cannot happen.

Spencer is driving equipment and storing bollards within a few feet of the District's canal on the District's property (see Doc. 1 pg. 75). Renewed excavation, concrete placement, driving heavy equipment near the canal, and installation of permanent barrier components threaten further obstruction and damage to the irrigation canal. The District stands to lose access for maintenance and disruption of water delivery if construction is not stopped. Once permanent components are installed or the canal is impaired, later money damages will not restore uninterrupted operations or prevent harm to the District's customers located downstream of this canal which serves roughly 8000 acres of land. Continuing trespass and invasion of possession and interference with unique real property and public infrastructure constitute irreparable injury for which damages are inadequate.

5

**C.      The balance of equities favors preserving the existing status quo.**

The requested restraining order and injunction is narrow. It does not prohibit the border wall construction. It protects only the District's defined 120-foot strip and irrigation facilities unless and until Defendants establish lawful authority or obtain the District's written permission. Defendants may perform work elsewhere and may seek prompt modification upon producing a valid property right. To date, nothing has been provided by Spencer or the United States as to why it believes it can build where it is building. By contrast, denying relief permits permanent construction and potential canal obstruction before the ownership and authority questions can be determined.

**D.      The requested injunction serves the public interest.**

The public has important interests in both lawful federal border construction and reliable irrigation-water service. The requested order accommodates both. It does not adjudicate federal policy or enjoin construction outside the disputed[2] property. It requires contractors to refrain temporarily from occupying and damaging an operating public canal until lawful access is demonstrated. Protecting public infrastructure, avoiding interruption of water delivery, respecting recorded property rights, and allowing a prompt merits hearing serve the public interest.

**IV.      SECURITY SHOULD BE SET AT ZERO OR A NOMINAL AMOUNT**

Rule 65(c) commits the amount of security to the Court's discretion, including discretion to require no security when the circumstances warrant. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Texas law separately provides that an irrigation district "shall not be required to give bond for . . . injunction . . . in any suit to which it is a party." *Tex. Water Code* § 49.066(f). Although Rule 65 governs after removal, the

---

[2] See footnote 1 above.

statutory exemption confirms the Legislature's judgment that public water districts should not have to divert public funds to secure orders protecting public property and infrastructure. The existing restraint preserves the status quo, Spencer's claimed daily losses are unsupported by competent evidence, and the District is a public political subdivision. The Court should set security at $0 or, alternatively, a nominal amount the Court finds appropriate.

## V.    REQUEST FOR EXPEDITED HEARING

Under Rule 65(b)(3), a preliminary-injunction motion following an ex parte temporary restraining order must be set for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character. The Southern District's emergency-motion procedures likewise require the movant to identify the emergency and the date relief is needed. The emergency is that the restraining order expires on August 13, 2026, at 5:00 p.m. The United States could have removed the case immediately which would have granted time to have the preliminary injunction hearing before the restraining order expired. The choice to remove the case only a day before the restraining order expired appears to be intentional so that Spencer can resume work on Friday August 14, 2026, and thereby try to complete the improvements before the matter can be heard. The District therefore requests an expedited hearing on or before August 14, 2026, if the restraining order is not extended, or at the earliest time the Court can hear the preliminary injunction without waiver of its request for an extension for good cause of the temporary restraining order.

## VI.    PRAYER

The District respectfully requests that the Court extend the temporary restraining order for good cause without enlarging its substantive terms through August 27, 2026, a period no longer than Rule 65(b)(2) permits; set an expedited preliminary-injunction hearing at the earliest available time; after notice and hearing, enter a preliminary injunction restraining Defendants, their officers, agents, employees, subcontractors, and persons acting in active concert with them who receive actual notice from entering or constructing on the District's 120 foot strip without lawful authorization, restrain Defendants from depositing material into or damaging the canal, or interfering with the District's possession, maintenance, and operation of its irrigation facilities; set security at $0 or a nominal amount; and grant all other relief to which the District may be entitled.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Boulevard, Suite 300
Weslaco, Texas 78596
(956) 968-5402
(956) 969-9402 – Fax

By: _____
LANCE A. KIRBY
State Bar No. 00794096
lakirby@jgkl.com; lrodriguez@jgkl.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

On August 12, 2026, counsel for Plaintiff conferred by telephone with Ruben R. Peña, counsel for Spencer Construction, LLC, regarding the relief requested. Counsel for Spencer stated that they are opposed. On August 12, 2026, counsel attempted to confer with Lance Duke, attorney for the United States and was unable to reach Mr. Duke who is presumably opposed to this motion.

_____
LANCE A. KIRBY

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026, a true and correct copy of this motion and all attachments was served on all counsel of record through the Court's CM/ECF system and, because emergency relief is requested, by email to counsel for Defendants.

Lance Duke
Assistant United States Attorney
SOUTHERN DISTRICT OF TEXAS
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
Lance.duke@usdoj.gov

Ruben R. Pena
LAW OFFICE OF RUEN R. PENA
5375 Camino de la Tierra
Brownsville, Texas 78526
ruben@rubenpenalaw.com

_____
LANCE A. KIRBY

9