**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION,<br>*Plaintiff,* | § | |
| v. | § | CASE NO. 7:26-CV-00368 |
| SPENCER CONSTRUCTION, LLC AND<br>ROYAL CONCETE PRODUCTS, LLC<br><br>*Defendants.* | § | |

**<u>THIRD PARTY DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)</u>**

Defendant the United States of America as Third-Party Defendant, moves to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Even if this Court accepts every factual allegation in the Complaint as true, Plaintiff has failed to allege any legally cognizable claim against the United States or its federal contractors pursuant to *United States v. Bennett*, 145 F.4th 618 (5th Cir. 2025), in which the U.S. Court of Appeals for the Fifth Circuit held that (1) Texas state trespass law do not restrict federal eminent domain power, and (2) the United States' construction of border wall on private property, even in the absence of a filed condemnation case, is a proper exercise of federal eminent domain authority. Plaintiff's remedy – should it be entitled to one – is found in the Fifth Amendment's just compensation clause, not in state trespass law.

## I. INTRODUCTION

This motion presents a straightforward legal question: **taking all factual allegations as true and viewing them in the light most favorable to Plaintiff, the Complaint still fails as a matter of law.**

Plaintiff's claims rest on a legally flawed premise—namely, that the federal Government through its contractors performing work on a federal border-security project can be liable under state trespass law even when acting under federal authorization. That premise is squarely foreclosed by controlling Fifth Circuit authority.

Because Plaintiff cannot allege any actionable duty or legally recognized theory of liability, the Complaint must be dismissed.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain enough factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept well-pleaded factual allegations as true, but they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal is **proper where the facts alleged, even if true, do not constitute a violation of law.**

## III. EVEN ACCEPTING ALL FACTS AS TRUE, PLAINTIFF FAILS TO STATE ANY CLAIM

Plaintiff alleges that Spencer and Royal entered onto its property while performing construction work on the federal border-wall project under contract with U.S. Customs and Border Protection. Although Plaintiff labels this conduct "trespass," the Complaint contains no facts showing Defendants acted outside federal direction, outside the worksite identified by federal authorities, or in excess of federal authority.

The United States believes it owns the land more than 50 feet south of the canal's centerline. The plaintiff disputes the United States' ownership and instead alleges that the United

States only owns the land 60 feet south of the canal. The United States can support its ownership claim with at least 2 documents: (1) the 1928 Santa Ana Subdivision plat recorded with Hildago County and (2) a 1987 survey conducted by the U.S. Department of the Interior, both of which show that the Irrigation District's right of way is only 100 feet wide, meaning it only covers the 50 feet from the canal's center line.

However, for the purposes of this action, **none of that matters**. Even if the Plaintiff is correct and the United States is building on or using the Irrigation District's land, the Fifth Circuit specifically ruled last year that Texas trespass laws cannot prevent the United States from constructing border wall on land it does not own.

In *Bennett* the Fifth Circuit ruled that the federal government's constitutional eminent domain power is not limited by state common-law trespass rules. The court affirmed that a landowner cannot recover the value of a border wall built on her property, holding that even if the government exceeded the scope of its easement, the trespass rule cannot subvert constitutional authority.

Opposing counsel's reliance on common-law trespass is misplaced. The alleged entrance, excavation and construction of border-barrier on the disputed property is fundamentally a taking under eminent domain, not a common-law tort, and cannot circumscribe the Government's constitutional prerogative.

Assuming *arguendo* that the Government's actions are as stated by Plaintiff, such conduct constituted an exercise of its constitutional power of eminent domain. Consequently, state-law trespass rules cannot operate to restrict or displace the Government's sovereign authority.

Here, in all material respects, Petitioner's case cannot be distinguished from *Bennett.* While in *Bennett* the landowners argued the government exceeded its original easement limits

during a 2008 construction of border barrier and, under state trespass laws, demanded millions for its value as part of just compensation, here Plaintiff argues that those exact same trespass laws prevent the United States from constructing border barrier on its land without the landowner's consent and authorization.

The *Bennett* court ruled in relevant part:

> In *United States v. Dow*, the Supreme Court explained that one manner in which the United States may take property pursuant to its power of eminent domain is by entering "into physical possession of property without authority of a court order." The construction of the wall would certainly constitute a taking. Thus, if the government was acting pursuant to its power of eminent domain, then state law would not apply because it would be an unconstitutional limitation on the federal government's power of eminent domain. *See PennEast Pipeline Co.* ("The federal eminent domain power ... 'can neither be enlarged nor diminished by a State. Nor can any State prescribe the manner in which it must be exercised.' ").
>
> Here, the government constructed the wall for a public purpose. The parties dispute whether the government's purpose was solely border security or both border security and flood control. Even if the government were acting for both purposes, the taking's purposes are public. Exercise of the eminent-domain power need only be rationally related to a conceivable public purpose. Border control achieves the public purposes of preventing illegal entry into the United States, human trafficking, and the importation of illegal narcotics. Preventing crime and harm to the public is a quintessential public purpose . . . .
>
> The government was therefore acting under its power of eminent domain. Thus, no state trespass rule can apply. A state law giving ownership over improvements made as part of the federal government's power of eminent domain and treating the government as a naked trespasser would unconstitutionally limit the federal government's power of eminent domain.

*United States v. Bennett*, 145 F.4th 618, 623 (5th Cir. 2025) (some internal citations omitted).

Accordingly, if the United States uses private land as part of the Border Wall project, then it acquires that land during construction through the power of eminent domain as an inverse condemnation, and Texas state law cannot limit the United States' condemnation power. Pursuant

to *Bennett,* Texas state trespass law **does not apply**, and no legal authority exists that would allow plaintiff to stop ongoing Border Wall construction.

If the United States has already taken, or in the future takes, land owned by the Irrigation District, Plaintiff will be entitled to just compensation under the Fifth Amendment. The Fifth Amendment of the United States Constitution prohibits the taking of private property without just compensation. If the United States has taken Plaintiff's land, Plaintiff can recover its constitutionally guaranteed just compensation in one of two ways:

**Option 1**: if the Court allows it, Plaintiff can amend this case to instead seek a remedy under 28 U.S.C. § 2409a, a Quiet Title Action. If in those proceedings the Court finds that the United States has occupied property it does not own, the case can then be converted to a condemnation matter in which the Court determines the proper just compensation to award; or

**Option 2**: Plaintiff can seek a remedy under the Tucker Act, 28 U.S.C. § 1491, in the Court of Federal Claims if it alleges damages in excess of $10,000, or under the "Little" Tucker Act, 28 U.S.C. § 1346, in the District Court if it alleges damages of $10,000 or below. An example of an inverse condemnation claim brought against the federal government is found in *Ruiz v. United States*, 5:26-cv-1403. In *Ruiz*, the plaintiffs assert an inverse condemnation claim, seeking just compensation for the federal government's physical taking of real property without formal condemnation proceedings or payment and the suit is brought pursuant to the "Little Tucker Act" for inverse condemnation under 28 U.S.C. 1346)a)(2).

Here, even assuming all facts as alleged are correct, Plaintiff, at most, is only entitled to compensation through an inverse condemnation action and not a restraining order or injunction halting construction. Because Plaintiff has not pleaded a cognizable claim, the injunctive requests fail.

## IV. CONCLUSION

Because Plaintiff's Complaint fails to state any legally cognizable claim—even assuming every factual allegation is true—the Court should dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

**AARON F. REITZ**
United States Attorney
Southern District of Texas

By: */s/ Lance Duke*
**LANCE DUKE**
Assistant United States Attorney
Southern District of Texas No. 21949
Texas Bar No. 00798157
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel: (361) 888-3111
Fax: (361) 888-3200
Email: lance.duke@usdoj.gov
***Attorney For Third-Party Defendant***

## CERTIFICATE OF SERVICE

I certify that on August 14, 2026, the foregoing notice was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

By: */s/ Lance Duke*
**LANCE DUKE**
Assistant United States Attorney