UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION NO.2 | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO 7:26-CV-00368 |
| V. | § | |
| | § | |
| SPENCER CONSTRUCTION LLC AND | § | |
| ROYAL CONCRETE PRODUCTS LLC | § | |
| Defendants | § | |

DEFENDANT SPENCER CONSTRUCTION LLC's RESPONSE TO THE PLAINTIFF'S HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 CLAIM OF GOVERNMENTAL IMMUNITY

To the Honorable Judge of Said Court:

Spencer Construction LLC files this its brief in support of its contention that the Plaintiff, Hidalgo County Irrigation District No. 2. (hereinafter referred to as Irrigation District or plaintiff) may be sued and is required to post sufficient security as determined by the Court.

1. Plaintiff contends that as a governmental entity, it is not required to post security under Federal Rule of Civil Procedure 65(c). Plaintiff also asserts governmental immunity as a defense to Spencer Construction's counterclaim.
2. Defendant Spencer Construction LLC concedes that the Irrigation District is a governmental entity. Nevertheless, the Irrigation District is liable for the damages it caused Spencer Construction by filing the temporary restraining order and preventing Spencer Construction from continuing its work on the "border wall" From July 31, 2026 until August 18, 2026 Spencer was forced to cease all work on the "border wall" while at the same time paying for equipment and personnel at a cost of $50,000 per day.

3. Governmental or sovereign immunity is a common-law judicially created doctrine. Its purpose is to protect entities from lawsuits for money damages. Normally, courts have held that sovereign immunity deprives a trial court of subject-matter jurisdiction absent a legislative waiver of immunity.

4. The Texas Supreme Court has held that "…a determination that a governmental entity's immunity from suit does not extend to a situation where the entity has filed suit is consistent with the policy issues involved with immunity. In this situation, we believe it would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it." *Reata Constr. Corp. v City of Dallas 197 S.W. 3d 371, (Tex. 2006)*

5. The Hidalgo County Irrigation District No. 2 is seeking affirmative relief in its claims for trespass against Spencer Construction LLC . "[W]here a state voluntarily files a suit and submits its rights for judicial determination it will be bound there by and the defense will be entitled to plead and prove all matters property defensive. This includes the right to make any defense by answer or cross-complaint germane to the matter in controversy." *Id* @pg.374 citing *Anderson, Clayton & Co. v State ex rel. Allred* 122 Tex. 530, 62 S.W.2d 107, 110 (Tex. 1933).

6. The matter in controversy herein lies with the trespass claims asserted by the Irrigation District. A review of the Plaintiffs original petition reveals the relief that it seeks from Spencer Construction LLC. "Plaintiff seeks recovery of actual damages, costs, attorney's fees as permitted by law…" Likewise in its prayer for relief Plaintiff seeks *inter alia* "Actual damages" See Plaintiff's Original Petition @ paragraph 19 and Prayer (d).

7. The testimony by the Irrigation District at the hearing on August 26, 2026 asserted that Spencer Construction had already build a portion of the "border wall" on its property. Counsel for Plaintiff conceded that that portion of the wall could not be removed or relocated. The testimony and counsel's statements concede that the wall is a **permanent trespass**. "As a general rule, when an injury to real property is temporary, the owner is entitled to damages commensurate with the cost of restoring his property, but when an injury to the same property is permanent, the owner is entitled to damages commensurate with the loss in fair market value to the property as a whole. *Gilbert Wheeler, Inc. v Enbridge Pipelines (E.P.)L.L.P* 449 S.W. 3d 474, 476 (Tex. 2014)

CONCLUSION & PRAYER

The Hidalgo County Irrigation District No. 2 is not entitled to governmental or sovereign immunity as set forth by the Texas Supreme Court because it has asserted affirmative claims against Spencer Construction LLC and seeks monetary damages. Pursuant to Texas Supreme Court precedent this Honorable Court should require sufficient security as testified to by Spencer Construction's representative, Patrick Spencer.

Respectfully submitted,

LAW OFFICES OF RUBEN R. PENA

by: */s/Ruben R. Peña*
Ruben R. Peña
Attorney in Charge
State Bar Number 15740900
Fed. I.D. No.1216
5375 Camino de la Tierra
Brownsville, Texas 78526
(956)778-3930 (Cellular)
ruben@rubenpenalaw.com

CERTIFICATE OF SERVICE

I certify that on the 28th day of August, 2026 the above notice was forwarded to all counsel of record via the court's CM/ECF electronic service system.

*/By/Ruben R. Peña*
Ruben R. Peña