IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, | § | CIVIL ACTION NO. 7:26-cv-00368 |
| | § | |
| v. | § | |
| SPENCER CONSTRUCTION, LLC AND ROYAL CONCRETE PRODUCTS, LLC, | § | |

**PLAINTIFF'S RESPONSE TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS UNDER RULE 12(B)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 and files this Response with shortened time as ordered by the Court responding to the United States of America's Motion to Dismiss under Rule 12(b)(6) and respectfully shows the Court as follows:

## I. INTRODUCTION

1. On July 30, 2026, Plaintiff filed its Original Petition and Application for Temporary Restraining Order in state court against Defendants Spencer Construction LLC and Royal Concrete Products, LLC alleging trespass and seeking injunctive relief. [Dkt. 1-1]. Thereafter, the United States of America ("U.S."), *without being a party to the lawsuit* and while identifying itself a "third-party defendant" removed the action to this Court in contravention of 28 U.S.C. §§ 1441, 1442, and 1446, which requires removal by a defendant to the litigation. The U.S. then filed its Motion to Dismiss under Rule 12(b)(6). [Dkt. 9] again asserting its status as "third-party defendant." The U.S. has not been sued in this lawsuit and has not filed an Answer. [Dkt. 1; Dkt. 1-1].

2. The motion to dismiss is procedurally defective and should be denied on that basis alone. However, it should also be denied because Plaintiff's Original Petition provides fair notice of the claims and alleges facts sufficient to show a plausible right to relief against the parties to this action—Defendants Spencer Construction LLC and Royal Concrete Products, LLC. The U.S.'s motion does not challenge those allegations, and neither Spencer Construction nor Royal Concrete Products has moved to dismiss the claims against them.

3. If the Court nevertheless treats the U.S. to be a party with authority to seek dismissal, the motion should still be denied because Plaintiff has alleged sufficient factual support related to its injunctive relief request related to its trespass claim. In addition, the Uniform Relocation Assistance and Real Property Acquisition Policies Act requires federal agencies to follow specific procedures when acquiring real property, including that they "not intentionally make it necessary for the owner to institute legal proceedings to prove the fact of the taking of the real property." 42 U.S.C. §4651. Although the statute does not create a private right of action and Plaintiff has not asserted a claim under this statute, Congress recognized through the statute and its implementing regulations that federal agencies should follow proper procedures when exercising eminent domain authority. Those procedures should be followed here if the U.S. remains intent on taking Plaintiff's property even though a simple solution exists of moving any proposed structure 10-15 feet south without taking Plaintiff's property and effectively destroying Plaintiff's irrigation lateral.

## II. ARGUMENT

4. "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *IberiaBank Corp v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020)

(internal quotations omitted). When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cnty. Off. of Educ*., 584 F.3d 821, 824 (9th Cir. 2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56.

**A. This case should not be dismissed because the U.S. is not a party to this lawsuit and has no right to seek dismissal**

5. The motion to dismiss is procedurally defective because the U.S. has no right to seek dismissal of claims to which it is not a party. The U.S. has not been sued, has not filed an Answer, and is not a named defendant, despite referring to itself as a "third party defendant." [Dkt. 1; Dkt. 1-1]. Federal courts recognize that "motions to dismiss filed by non-parties should be denied as moot." *Purnell v. Denton Police Dep*'t, No. 4:21-CV-811-SDJ-KPJ, 2022 WL 19298334, at *2 (E.D. Tex. Dec. 20, 2022), report and recommendation adopted as modified, No. 4:21-CV-811-SDJ-KPJ, 2023 WL 2666068 (E.D. Tex. Mar. 28, 2023); *Warner v. Lear Corp*., No. 3:15-CV-1878-D, 2016 WL 2594465 (N.D. Tex. May 5, 2016); *Kase v. Columbia Cnty. Court*, No. 4:19-CV-01569, 2020 WL 5506005 (M.D. Pa. July 30, 2020), report and recommendation adopted, No. 4:19-CV-01569, 2020 WL 5501370 (M.D. Pa. Sept. 11, 2020), *Lumumba v. Marquis*, No. 2:13 CV 69, 2013 WL 5429429, at *6 (D. Vt. Sept. 30, 2013); *Amburgey v. Doe*, No. 3:22-CV-632-CRS, 2023 WL 3025367, at *3 (W.D. Ky. Apr. 20, 2023).

6. Accordingly, federal courts recognize that "the Federal Rules of Civil Procedure do not allow for a non-party to file a motion to dismiss." *Purnell,* 2022 WL

19298334 at*2 (citing federal cases supporting proposition). For that reason, the U.S.'s motion to dismiss should be denied.

**B. Even if this Court declines to deny the motion as moot, this case should not be dismissed because Plaintiff has alleged sufficient factual support on its injunctive relief request related to its trespass claim.**

7. If this Court considers the non-party motion, it should nevertheless deny the motion because Plaintiff has alleged sufficient factual support on its request for injunctive relief for the trespass. The U.S.'s motion states that the petition contains no facts showing that Spencer and Royal acted outside federal direction. Dkt. 9 at 2. That reverses the Rule 12 standard and disregards the pleading. The petition repeatedly alleges that the contractors Spencer and Royal entered and acted "without legal right," "without legal authority," and without authorization. Dkt. 1-1 at 8, 10, 11, 13. The petition further alleges discrete conduct beyond the mere placement of a wall: equipment and material storage, truck access, excavation, alteration of the canal corridor, and allowing dirt to enter an operating irrigation canal. Dkt. 1-1 at 8, 9. Nothing on the face of the petition establishes that the U.S. selected the disputed staging area, directed equipment to be stored near the canal, or ordered Royal's trucks to cross the District's property. The petition does not allege that the U.S. authorized spoil to enter the canal, or instructed either contractor to interfere with the District's maintenance access. The U.S. asks the Court to presume all of those disputed facts in its favor, but FRCP 12(b)(6) requires the opposite inference.

8. The Fifth Circuit has expressly held that the federal government may be enjoined from committing a trespass against another governmental entity. See *Tex. v. United States Dep't of Homeland Sec.*, 123 F.4th 186, 214 (5th Cir. 2024). The relief sought in Plaintiff's Original Petition is the same type of relief granted by the Fifth Circuit in *Texas v. United States Department of Homeland Security*, where the State of Texas

sued federal agencies for trespass after they cut its border fence. The Court unequivocally stated:

> When a trespass is continuous such that stopping it would require a multiplicity of suits, an injunction is justified because monetary relief is inadequate. In other words, where a tort claim seeks to stop a 'continuing trespass to land,' as Texas's does, irreparable injury exists, and injunctive relief is appropriate.

*Id*. at 212 (internal citations omitted). Further, the Court used a hypothetical to point out the absurdity of a rule which would prevent a homeowner from enjoining the federal government from invading their home when it directly violates the law. *Id* at 208. Although this case did not involve an asserted federal real property taking and instead involved chattel, it defeats the U.S. broad assertion that compensation is the sole remedy whenever federal personnel or contractors interfere with property.

9. The U.S. relies on *United States v. Bennett*, 145 F.4th 618 (5th Cir. 2025), to argue that injunctive relief is unavailable. But *Bennett* is readily distinguishable. Most importantly, *Bennett* is not an injunction case; it concerned the compensation owed to a landowner under the trespass rule in a condemnation action filed by the U.S. twelve years after the U.S. built a border wall on Bennett's private property. *Id*. at 620. Bennett argued that she was entitled to the value of the improvement under the trespass[1] rule, but the Court disagreed. *Id*. at 625. That is not the situation here. Plaintiff is not seeking the value of any improvements constructed on its property nor is Plaintiff seeking to have any constructed improvements moved. Accordingly, *Bennett* does not apply here.

10. Plaintiff's property has been possessed and taken where border wall has been built with additional possession being threatened, and the U.S. has given no

[1] The parties in *Bennett* focused on the general common-law rule recognized in *Searl v. School-Dist. No. 2*, 133 U.S. 553, 10 S.Ct. 374, 33 L.Ed. 740 (1890), that fixtures upon land built by a trespasser become part of the estate—the trespass rule. The trespass claim and injunctive relief asserted by Plaintiff is to prevent Spencer from taking possession of its property.

indication that it intends to follow the proper condemnation procedures to acquire the land. Further, neither Spencer nor the U.S. has provided any plans or given any indication of the route they intend to utilize to install additional border wall near Plaintiff's property. Plaintiff merely seeks to prevent possession of its property by Spencer unless and until proper condemnation procedures are followed. It is unclear, though there is a threat, that Spencer will take possession of Plaintiff's property going forward. Neither Spencer nor the U.S. have taken possession of Plaintiff's property (other than the area where Spencer has already built) that Plaintiff seeks to protect herein. Plaintiff seeks to stop any such trespass before it occurs.

**C. The Uniform Policy on Real Property Acquisition Practices mandates that the U.S. follow proper procedures when acquiring real property**

11. Plaintiff's case should also not be dismissed because if the U.S. is exercising eminent domain authority, federal rules and regulations governing real-property acquisitions apply and should be followed by the U.S. here prospectively. The Uniform Relocation Assistance and Real Property Acquisition Policies Act states that its purpose is to "encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts." 42 U.S.C.A. §4651. The statute further provides that "heads of Federal agencies *shall*, to the greatest extent practicable, be guided" by those policies. *Id*. Amongst those policies are the following:

- "The head of a Federal agency shall make every reasonable effort to acquire expeditiously real property by negotiation"; that
- "No owner shall be required to surrender possession of real property before the head of the Federal agency concerned pays the agreed purchase price, or deposits with the court" in accordance with the law, the fair market value of the property or the condemnation award; that

- "If an interest in real property is to be acquired by exercise of eminent domain, the head of the Federal agency concerned shall institute formal condemnation proceedings;" and importantly that

- "No Federal agency head shall intentionally make it necessary for an owner to institute legal proceedings to prove the fact of the taking of his real property."

See 42 U.S.C.A. §4651(1), (4), and (8). Section 49 C.F.R. §24.102(l), specifically references inverse condemnation and requires that a federal agency intending to acquire an interest in real property "*shall* institute formal condemnation proceedings" rather than intentionally making it necessary for the owner to initiate legal action. 49 C.R.R. §24.102(l).

12. If the U.S. is intending to exercise eminent domain authority over Plaintiff's property, then these laws apply and should guide the court on the injunctive relief sought by Plaintiff. Through these statutes and regulations, Congress recognized that federal agencies should follow proper procedures when exercising eminent domain authority. While Plaintiff has not asserted a cause of action under this section as no private cause of action is provided, the Court should enjoin Spencer from taking possession of Plaintiff's property for the purpose of constructing border wall unless and until the U.S. considers these requirements. The U.S. should follow the law and comply with these rules and regulations by instituting formal condemnation proceedings for property it wishes to acquire rather than forcing Plaintiff to prove the taking of its real property under the Tucker Act especially when the U.S. is not in possession of the property.

**D. Plaintiff should be allowed to replead if the Court finds the petition fails to state a claim.**

13. FRCP 15(a)(2) directs courts to "freely give leave when justice so requires." The Fifth Circuit's established practice is to permit at least one opportunity to amend before dismissing a potentially curable claim with prejudice. *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) (district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing unless amendment would be futile); *Hart v. Bayer Corp*., 199 F.3d 239, 248 n.6 (5th Cir. 2000) (plaintiff should ordinarily be given an opportunity to amend after the court identifies deficiencies).

## III. CONCLUSION

14. The U.S.'s motion to dismiss should be denied procedurally because the U.S. is not a party to this lawsuit and the Federal Rules of Civil Procedure do not authorize a non-party to seek dismissal. Plaintiff's Original Petition provides fair notice of the claims and alleges a plausible right to relief against the Defendants, who have not challenged the claims or sought dismissal. Even if the Court considers the non-party motion, Plaintiff has established a right to injunctive relief under Fifth Circuit law. Alternatively, if the U.S. is exercising its eminent domain authority, the Court should require it to comply with federal rules and regulations requiring proper condemnation procedures for any area that the U.S. has not taken possession of and which belongs to Plaintiff.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff HIDALGO COUNTY IRRIGATION DISTRICT NO. 2 respectfully requests that the Court deny the United States of America's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant Plaintiff all further relief, whether legal or equitable, general or special, to which it may be justly entitled.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Boulevard, Suite 300
Weslaco, Texas 78596
(956) 968-5402
(956) 969-9402 – Fax

By: ______________________________
LANCE A. KIRBY
State Bar No. 00794096
lakirby@jgkl.com; lrodriguez@jgkl.com

*Attorneys for Plaintiff, Hidalgo County Irrigation District No. 2*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, a true and correct copy of this response was served on all counsel of record through the Court's CM/ECF system.

Lance Duke
Assistant United States Attorney
SOUTHERN DISTRICT OF TEXAS
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
Lance.duke@usdoj.gov

Ruben R. Pena
LAW OFFICE OF RUBEN R. PENA
5375 Camino de la Tierra
Brownsville, Texas 78526
ruben@rubenpenalaw.com

______________________________
LANCE A. KIRBY