United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION NO. 2 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIV. NO. 7:26-CV-00368 |
| | § | |
| SPENCER CONSTRUCTION, LLC, | § | |
| ROYAL CONCRETE PRODUCTS, LLC, | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court for consideration is the Defendant United States of America's Emergency Motion for Clarification (Dkt. No. 15), filed as of August 28, 2026, contesting the Order issued by the assigned magistrate judge extending the temporary restraining order in this matter to September 10, 2026. (Dkt. No. 13). Based on review of the order, and relevant law, as outlined with this Order, the Court grants this motion to clarify, and further grants Plaintiff's Second Emergency Motion to Continue and Extend the Temporary Restraining Order (Dkt. No. 12) to September 10, 2026.

I.

The Government essentially argues that the magistrate judge exceeded his authority by granting the request for a TRO in an Order issued on August 26, 2026. (Dkt. No. 15 at 1). Therefore, even though the United States did not voice any objection to the order at the time it was issued or at the hearing on this matter directly preceding its issuance, they now seek clarification of said Order. The United States further states that if such clarification is not provided, the Government be allowed to continue build the border wall with interruption. (*Id.*).

II.

Pursuant to 18 U.S.C. § 636(b)(1)(A), a district court may designate a magistrate judge to hear and determine any pretrial matter except for a motion for injunction relief. However, per 18 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct a hearing as to motion for injunction relief and submit a report and recommendation as to that matter.

A request for a TRO is essentially the same a request for an injunction: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if injunction is not granted; (3) threat of injury outweighs harm to the Defendant; and (4) injunction will not disservice the public interest. *Texas v. U.S. Dep't of Homeland Security*, 700 F. Supp.3d 539, 544 (W.D. Tex. Oct. 30, 2023) (Moses, J.); *see also Texas v. United States*, 524 F.Supp.3d 598, 651 (S.D. Tex. Feb. 23, 2021)(Tipton, J.) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue temporary restraining order." (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)).

Thus, while not explicitly stated with the statute, it appears that motion for TRO falls within a category of dispositive motions that a magistrate judge may issue a report and recommendation to the district court but not make a final decision, and this Court will apply that interpretation in the instant case. 28 U.S.C. § 636(b)(1)(A), (B); *see also Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1160 (S.D. Tex. 1994) (noting that Fed. R. Civ. P. 72(a) allows a magistrate judge to hear and decide nondispositve motions); *see also Ramirez v. Davis*, No. 7:18-CV-386, 2019 WL 4454399, at *1 (S.D. Tex. July 22, 2019) (noting that in general, "a magistrate judge may rule directly on non-dispositive motions but may make only recommendation as to dispositive matters."), *report and recommendation adopted*, No. CV M-18-386, 2019 WL 4451372 (S.D. Tex. Sept. 17, 2019).

III.

Noting that TRO is essentially in nature as an injunction; the District Court now considers Government's Emergency Motion. The issue of extension of a TRO pending the final determination of injunctive relief has been addressed by other courts. As noted in *Nat'l Ass'n for Gun Rts., Inc. v. Garland*:

> Normally, a TRO remains in place for a maximum of fourteen days. Fed. R. Civ. P. 65(b). The Federal Rules of Civil Procedure provide the option to extend a TRO an additional fourteen days for good cause shown. *Id.* at 65(b)(2). The wording of Rule 65 does not foreclose the Court extending the TRO prior to receiving a subsequent renewal request from the party seeking the TRO. *See id.* ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time *the court, for good cause, extends it* for a like period or the adverse party consents to a longer extension.") (emphasis added)). Other courts have done the same in similar circumstances. *See, e.g.*, *State of Maine v. Fri*, 483 F.2d 439, 441 (1st Cir. 1973) ("[A]s long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision."); *Fernandez-Roque v. Smith*, 671 F.2d 426, 431 (11th Cir. 1982) ("A district court possesses inherent powers of equity sufficient to enable it to preserve the status quo until [other pending legal questions] can be resolved.").

No. 4:23-CV-00830-O, 2023 WL 5610293, at *12–13 (N.D. Tex. Aug. 30, 2023) (Reed, J.) (collecting cases noting extensions of TRO).

This matter was removed from state district court to federal court after a state court judge issued a TRO at request of Plaintiff. (Dkt. No. 1 at 1-2; Dkt. No. 1-1 at 81). The undersigned granted an extension of that order to August 27, 2026. (Dkt. No. 4). With that Order, the undersigned set out that "[t]he temporary restraining order entered by the 476th Judicial District Court of Hidalgo County, Texas on July 30, 2026, remains in force according to its terms and is extended, without enlargement of its substantive restraints, through April 27, 2026." (*Id*.).

The assigned magistrate judge conducted a hearing on August 26, 2026. At that hearing, Plaintiff requested an extension of TRO. Said magistrate judge advised Plaintiff to file a motion and that it would most likely be continued. This was set out in light of the fact that parties were provided additional time to file responses to the request for injunction and a motion to dismiss filed by Government. Said motion was granted and is the dispute of this emergency motion. This Court, consistent with the above interpretation of the magistrate judge's authority to extend the TRO, now considers the magistrate judge's order extending the TRO to be a report and recommendation to this Court to so act. Given that interpretation, this Court adopts and approves the magistrate judge's report and recommendation to extend the TRO.

In addition, this Court has also conducted a *de novo* review of the issues regarding the TRO from a review of the pleadings and last week's hearing. Whether by treating the magistrate judge's findings and order as a report and recommendation or conducting a *de novo* review, under either approach this Court finds good cause to grant the Plaintiff's request for a TRO (Dkt. No. 12). The Court finds granting this TRO is essential to allow the parties time to file their responses, and to allow the magistrate judge time to file his report and recommendation regarding plaintiff's requested injunction, and to ultimately allow this Court to issue an order on the cause as a whole.

IV.

It is hereby **ORDERED** that pursuant to Rule 65 of the Fed. R. Civ. P., there is good cause to extend the TRO issued by the state district judge; therefore, the temporary restraining order entered by the 476th Judicial District Court of Hidalgo County, Texas on July 30, 2026, remains in force according to its term and is extended, without enlargement of its substantive restraints, through September 10, 2026.

V.

Signed on August 28, 2026, at Houston, Texas.

ARTHUR R. JONES
UNITED STATES DISTRICT JUDGE