**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION,<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CASE NO. 7:26-CV-00368 |
| SPENCER CONSTRUCTION, LLC AND<br>ROYAL CONCETE PRODUCTS, LLC<br><br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

The United States moves to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responds that dismissal is inappropriate for four reasons (1) the United States is not a proper defendant, (2) federal case law allows an injunction to stop a federal taking, (3) the United States' alleged actions here are prohibited by The Uniform Relocation Assistance and Real Property Acquisitions Policies Act, 42 U.S.C.A. §4651, and (4) it should be given permission to cure the defects in its complaint. However, each of Plaintiff's four points fails as a matter of law.

First, despite Plaintiff's claims to the contrary, Dkt. No. 16 at 3-4, the United States is a proper party pursuant to 28 U.S.C. § 1442 and FED. R. CIV. P. 24(a)(2). It became a proper party at the time it removed this case and explained why in the removal. *See* Dkt. No. 1 at 1-2. However, to the extent that Plaintiff disputes that, the proper factors for intervention under Rule 24(a)(2) are: "(1) timeliness, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest is not adequately represented by existing parties." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). The United States satisfies each

of these criteria. (1) It removed the case itself and did so quickly after Plaintiff filed the lawsuit in state court. (2) It is uncontested by the Plaintiff that the project at the heart of its Complaint is a major federal project directed by the United States Government. (3) The result of Plaintiff's requested relief would be to stop the United States Government from completing a project authorized by Congress. And (4), the original Defendants' primary defense is that that their actions comply with the terms of their federal contract, directives issued by federal officers, and either wholly or primarily took place on federal property; meaning that the United States Government is the both the proper and practical party to mount the actual defense and respond to the Complaint. That Plaintiff chose to sue local federal contractors rather than the Government itself as a means to avoid federal court does not preclude the actual party in interest, the United States, from properly intervening and removing the case.

Second, Plaintiff relies on *Texas v. United States Dep't of Homeland Sec.*, 123 F.4th 186 (5th Cir. 2024), for the proposition that it may obtain injunctive relief here. Dkt. No. 16 at 4-6. But there are two fundamental differences between the case *sub judice* and *Texas.* The first difference is that in *Texas* the Fifth Circuit ruled that what the United States was doing there was not authorized by statute. *See Texas,* 123 F.4th at 213. The second is that *Texas* did not involve a taking but instead an alleged interference with Texas's own border infrastructure project, again without proper statutory authorization. *Id.* at 211-12.

Here, however, there is no question that the United States has the statutory authority to construct the border infrastructure at issue. Congress authorized the construction in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, OMNIBUS CONSOLIDATED APPROPRIATIONS ACT, 1997, PL 104–208, September 30, 1996, 110 Stat 3009. And Congress funded the construction in the ONE BIG BEAUTIFUL BILL ACT, PL 119-21, July 4, 2025, 139

Stat 72 at 357-58. Unlike in *Texas*, there is no dispute that the United States is statutorily authorized to proceed with the conduct at the center of the dispute; the United States can legally build border infrastructure. Accordingly, *Texas* does not apply here.

Next, the United States contends that it owns the land on which it is building the border infrastructure at issue. But for the purpose of this motion, it does not matter whether the United States or Plaintiff owns the land in question. If the United States has mistakenly built beyond its own property line, then it has acquired the land at issue via inverse condemnation. And the Fifth Circuit has repeatedly ruled that the United States may validly and constitutionally acquire land via inverse condemnation, either for border fence, *see United States v. Bennett,* 145 F.4th 618, 623 (5th Cir. 2025), or for any other public purpose. *See United States v. 101.88 Acres of Land, More or Less, Situated in St. Mary Par.*, State of La., 616 F.2d 762, 769-772 (5th Cir. 1980). As the Fifth Circuit explained:

> The sovereign need not, of course, first proceed by formal condemnation. It may use land and leave the landowner to ask the courts to award just compensation under a theory of inverse condemnation. . . . The 5th Amendment, while it guarantees that compensation be just, does not guarantee that it be meted out in a way more convenient to the landowner than to the sovereign.

*101.88 Acres,* 616 F.2d at 772. And Plaintiff's reliance on Texas trespass law to prevent that inverse condemnation fails. *See Bennett*, 145 F.4th at 623 ("The government was therefore acting under its power of eminent domain. Thus, no state trespass rule can apply.") (citations omitted).

Third, Plaintiff alleges that the Government cannot inversely condemn the property at issue because to do so would violate the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("the Act"). *See* Dkt. No. 16 at 6-7. In support of its argument, Plaintiff quotes extensively from one portion of the Act that sets out certain policy goals codified at 42 U.S.C. § 4651. *See id.* However, Plaintiff ignores the Act's very first substantive section, which states, "The

provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation." 42 U.S.C. § 4602. Pursuant to the express terms of the Act, Plaintiff's arguments are without merit.

Plaintiff also contends that pursuant to a regulation, 49 C.F.R. § 24.102(l), the United States may not intentionally acquire land via inverse condemnation. *See* Dkt. No. 16 at 7. Again, however, while the United States contends that it has constructed the border infrastructure at issue on its own property, and that any inverse condemnation was unintentional, for the purposes of this motion it does not matter; failure to comply with 49 C.F.R. § 24.102 is not a defense to a taking. *See United States v. 14.421 Acres of Land, More or Less, No.* 7:25-cv-00404, 2025 WL 3146045, at *1 (S.D. Tex. Oct. 30, 2025) (citing *United States v. 23.311 Acres of Land*, No. 7:19-cv-00407, 2020 WL 4724332, at *3 (S.D. Tex. Mar. 4, 2020)).

Fourth, Plaintiff should not be given a chance to cure, particularly with a Temporary Restraining Order in effect. No such cure exists. At most, this case boils down to a property line dispute, and if the United States mistakenly crossed that property line, Plaintiff has several legal avenues available to it to receive just compensation. But it has no claim for injunctive relief under federal law to stop or undo the construction that the United States has already begun. And there is no amendment that it can make to its Complaint that would change that fact. This litigation has already delayed duly authorized border security improvements by nearly a month, and there is no basis for even more delay.

Because Plaintiff's Complaint fails to state any legally cognizable claim—even assuming every factual allegation is true—the Court should dismiss the Complaint with prejudice pursuant to Rule 12(b)(6).

Dated: August 31, 2026.

Respectfully submitted,

**AARON F. REITZ**
United States Attorney,
Southern District of Texas

By: /s/ Lance Duke
LANCE DUKE
Assistant United States Attorney
Southern District of Texas No. 21949
Texas State Bar No. 00798157
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
Telephone: (361) 903-7911
Facsimile: (361) 888-3200
Email: lance.duke@usdoj.gov

Attorney in charge for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply in Support of Motion to Dismiss was served pursuant to the Court's ECF system, and was emailed on or within one business day of this 31ST day of August, 2026, to the following:

Lance A. Kirby
lakirby@jgkl.com
Jose A. Villarreal
jvillarreal@jgkl.com
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Blvd., Suite 300
Weslaco, TX 78596
Attorney for Plaintiff

Ruben R. Peña
ruben@rubenpenalaw.com
LAW OFFICES RUBEN R. PENA
5375 Camino de la Tierra
Brownsville, TX 78526
Attorney for Defendant Spencer Construction, L.L.C.

/s/ Lance Duke
LANCE DUKE
Assistant United States Attorney