**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, *Plaintiff,* | § | |
| v. | § | CASE NO. 7:26-CV-00368 |
| SPENCER CONSTRUCTION, LLC AND ROYAL CONCETE PRODUCTS, LLC *Defendants.* | § | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND APPLICATION TO PRELIMINARY INJUNCTION</u>**

Defendant, the United States of America, by and through its counsel, hereby answers Plaintiff's Complaint as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. To the extent any allegation is not specifically admitted herein, it is denied.

**ANSWER TO NUMBERED PARAGRAPHS**

**PARTIES**

1. Admit.
2. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 2 of the Complaint, therefore it is denied.
3. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 3 of the Complaint, therefore it is denied.
4. Defendant, the United States, has filed a motion to intervene contemporaneously to this response.

## JURISDICTION

5. Admit.

## VENUE

6. Admit.

## FACTS

7. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 7 of the Complaint, therefore it is denied.
8. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 8 of the Complaint, therefore it is denied.
9. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 9 of the Complaint, therefore it is denied.
10. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 10 of the Complaint, therefore it is denied.
11. Defendant denies the allegation in the first and last sentence of Paragraph 11. Defendant has insufficient knowledge and information to admit or deny the remaining allegations contained therein, therefore they are denied.
12. The allegations contained in Paragraph 12 contain conclusions of law to which no answer is required. To the extent that an answer is required, the Defendant admits in part that Royal Concrete Products, LLC provided concrete for border wall construction in this area, and denies the remaining allegations contained therein.
13. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 13 of the Complaint, therefore it is denied.

14. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 14 of the Complaint, therefore it is denied.

15. Defendant has insufficient knowledge and information to admit or deny the allegation contained in Paragraph 15 of the Complaint, therefore it is denied.

16. Defendant admits that it possesses statutory authority to construct the border wall, and that it has not initiated condemnation proceedings in this area. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 16.

CLAIMS FOR RELIEF

17. The allegations contained in Paragraph 17 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.

18. The allegations contained in Paragraph 18 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.

19. Defendant admits that Royal Concrete Products, LLC was delivering concrete materials to this area. Except as expressly admitted, Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 19 of the Complaint, therefore they are denied.

20. The allegations contained in Paragraph 20 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.

21. The allegations contained in Paragraph 21 contains Plaintiff's requested relief to which, Defendant denies that Plaintiff is entitled to the requested relief.

**COUNT TWO-REQUEST FOR INJUNCTIVE RELIEF**

22. The allegations contained in Paragraph 22 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.
23. The allegations contained in Paragraph 23 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.
24. The Defendant admits there was no attempt to acquire the Property, and denies the remaining allegations in Paragraph 24.
25. The allegations contained in Paragraph 25 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.
26. Defendant avers that the quoted Act speaks for itself and is the best evidence.
27. The allegations contained in Paragraph 27 contain conclusions of law to which no answer is required. To the extent that an answer is required, Defendant denies the remaining allegations contained therein.
28. The allegations contained in the first sentence of Paragraph 28 contain conclusions of law to which no answer is required. Defendant lacks sufficient information or knowledge to respond to the allegations contained in paragraph 28. To the extent a response is required, Defendant denies the allegations.
29. The allegations contained in Paragraph 29 contain conclusions of law to which no answer is required. To the extent a response is required, Defendant denies the allegations.

30. The allegations contained in Paragraph 30 contain conclusions of law to which no answer is required. To the extent a response is required, Defendant denies the allegations.
31. The allegations contained in the first sentence of Paragraph 31 contain conclusions of law to which no answer is required. Defendant denies the remaining allegations.
32. The allegations contained in Paragraph 32 contain conclusions of law to which no answer is required. To the extent a response is required, Defendant denies the allegations.
33. The allegations contained in Paragraph 33 contain conclusions of law to which no answer is required. To the extent a response is required, Defendant denies the allegations.
34. Defendant lacks sufficient information or knowledge to respond to the allegations contained in paragraph 34. To the extent a response is required, Defendant denies the allegations.
35. Defendant lacks sufficient information or knowledge to respond to the allegations contained in paragraph 35. To the extent a response is required, Defendant denies the allegations.
36. The allegations contained in Paragraph 36 contain conclusions of law to which no answer is required. To the extent a response is required, Defendant denies the allegations.
37. The allegations contained in the first sentence of Paragraph 37 contain conclusions of law to which no answer is required. Defendant lacks sufficient information or knowledge to respond to the remaining allegations contained in paragraph 37. To the extent a response is required, Defendant denies the allegations.
38. The allegations contained in the first sentence of Paragraph 38 contain conclusions of law to which no answer is required. Defendant lacks sufficient information or knowledge to

respond to the remaining allegations contained in paragraph 38. To the extent a response is required, Defendant denies the allegations.

39. The allegations contained in Paragraph 39 contain conclusions of law to which no answer is required, and Defendant lacks sufficient information or knowledge to respond to the remaining allegations contained in paragraph 39. To the extent a response is required, Defendant denies the allegations.

**TEMPORARY RESTRAINING ORDER**

40. The remainder of the Complaint constitutes Plaintiff's request for relief to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the prayer for relief in its entirety.

**DEFENSES AND AFFIRMATIVE DEFENSES**

FIRST DEFENSE: The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE: This Court lacks subject-matter jurisdiction because Plaintiff's claim exceeds $10,000, exclusive of interest, and exclusive jurisdiction resides in the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491.

THIRD DEFENSE: Plaintiff's claim is barred by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a).

FOURTH DEFENSE: Plaintiff's claim is barred because the alleged government action does not constitute a compensable taking under the Fifth Amendment, but rather represents a lawful exercise of the Government's regulatory or police powers.

FIFTH DEFENSE: Plaintiff lacks standing to bring this action because Plaintiff did not hold a compensable property interest in the subject property at the time of the alleged taking.

SIXTH DEFENSE: The alleged injuries or damages were caused by factors independent of any government action, including but not limited to natural weather events or acts of third parties.

SEVENTH DEFENSE: The Government's actions, if any, constitute at most a temporary tort rather than a permanent or recurring physical invasion or regulatory taking.

EIGHTH DEFENSE: Plaintiff's claim is barred because the United States has not waived its sovereign immunity for tort claims brought under the guise of an inverse condemnation action.

NINTH DEFENSE: The Fifth Amendment only guarantees a right to just compensation, not a right to prevent government action. Because a plaintiff can recover full monetary damages via the Tucker Act, they cannot demonstrate the "irreparable harm" required for an injunction.

TENTH DEFENSE: Enjoining public infrastructure projects, military operations, or environmental regulations would cause severe harm to the public interest that far outweighs the owner's temporary disruption.

ELEVENTH DEFENSE: Lack of probability of success on the merits. Plaintiff is unlikely to win the final lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant United States of America respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;
2. Enter judgment in favor of Defendant; and
3. Grant Defendant such other and further relief as the Court deems just and proper.

Dated: August 28, 2026.

Respectfully submitted,

**AARON F. REITZ**
United States Attorney,
Southern District of Texas

By: /s/ Lance Duke
LANCE DUKE
Assistant United States Attorney
Southern District of Texas No. 21949
Texas State Bar No. 00798157
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
Telephone: (361) 903-7911
Facsimile: (361) 888-3200
Email: lance.duke@usdoj.gov

Attorney in charge for
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served pursuant to the Court's ECF system on all counsel of record.

By: /s/ Lance Duke
LANCE DUKE